IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | CRIMINAL CASE NO. |
| | § | |
| v. | § | 1:16-cr-00237-AT-JSA |
| | § | |
| JAMES G. MALONEY, | § | |
| | § | |
| Defendant. | § | |

**MOTION FOR A BILL OF PARTICULARS
PURSUANT TO FED.R.CRIM.P. 7(f)**

COMES NOW, James G. Maloney, Defendant herein, by and through the undersigned counsel, and files this, his Motion for a Bill of Particulars Pursuant to Fed.R.Crim.P. 7(f) (hereinafter "Motion"), and respectfully moves this honorable Court, pursuant to Federal Rule of Criminal Procedure 7(f), to provide Defendant with certain particulars in relation to the allegations in its Indictment as set forth herein, and shows as follows:

### I. INTRODUCTION

On June 28, 2016, the Government obtained an Indictment against Dr. Maloney, charging him with one count of conspiracy to commit mail fraud, in violation of 18 U.S.C. § 1341, and wire fraud, in violation of 18 U.S.C. § 1343, as

1

well as eleven (11) substantive counts of mail fraud and three counts of wire fraud. *See* Docket # 1.

In several places however, the Government's allegations are generalized or vague. These generalized allegations are plainly insufficient to provide adequate notice to Dr. Maloney of the particular conduct with which he is charged, and which he must prepare to defend against at trial, in contravention of his Fifth Amendment due process rights and his Sixth Amendment right to adequately prepare a defense. Accordingly, this Court should grant Dr. Maloney's Motion, and direct the Government to provide the limited particulars requested herein.

## II. ARGUMENT AND CITATION OF AUTHORITIES

Federal Rule of Criminal Procedure 7 provides that "[t]he court may direct the filing of a bill of particulars. A motion for a bill of particulars may be made before arraignment or within ten days after arraignment or at such later time as the court may permit." Fed.R.Crim.P. 7(f). A bill of particulars serves to "[1] inform the defendant of the charge against him with sufficient precision to allow him to prepare his defense… [2] minimize surprise at trial… and [3] to enable him to plead double jeopardy in the event of a later prosecution for the same offense." *United States v. Anderson*, 799 F.2d 1438, 1441 (11th Cir. 1986) (quoting *United States v. Cole,* 755 F.2d 748, 760 (11th Cir.1985)); *see also United States v. Horton*, 526 F.2d 884, 887

(5th Cir. 1976) (citing *United States v. Bearden*, 423 F.2d 805 (5th Cir. 1970)). A bill of particulars "supplements an indictment by providing the defendant with information necessary for trial preparation." *Id*. A bill of particulars is further "designed to define and limit the government's case." *United States v. Mariani*, 90 F.Supp.2d 574, 591 n. 18 (M.D.Pa. 2000). The grant of a bill of particulars "is addressed to the sound discretion of the trial court." *United States v. Thevis*, 474 F.Supp. 117, 123 (N.D.Ga. 1979) (citing *Wong Tai v. United States*, 273 U.S. 77, 47 S.Ct. 300 (1927)).

A defendant "must know enough to be able to produce in season whatever evidence he may have in answer..." *United States v. Ganim*, 225 F.Supp.2d 145, 156 (D.Conn. 2002) (quoting *United States v. Russo*, 260 F.2d 849, 850 (2d Cir.1958)). Accordingly, a bill of particulars may be granted on a showing "that without the requested particular his own investigation could not glean the facts or theory which would preclude prejudicial surprise or allow meaningful opportunities for defense preparation to meet the government's evidence and theories." *Thevis*, 474 F.Supp. at 124.

A bill of particulars "may not be used to obtain a detailed disclosure of the government's evidence prior to trial." *United States v. Perez*, 489 F.2d 51, 71 (5th Cir. 1973) (citing *Bearden*, 423 F.2d 805; *Downing v. United States*, 348 F.2d 594,

599 (5th Cir. 1965)). However, "if necessary to give the defendant enough information about the charge to prepare his defense, a bill of particulars will be required even if the effect is disclosure of the Government's evidence or theories" *United States v. Barnes*, 158 F.3d 662, 665 (2d Cir.1998); *see also Thevis*, 474 F.Supp. at 123 (holding that it is not "a legitimate objection to a motion for Bill of particulars that it calls for an evidentiary response or a legal theory of the government, when the furnishing of this information is necessary to prepare a defense and to avoid prejudicial surprise at trial") (citing *United States v. Smith*, 16 F.R.D. 372, 375 (W.D.Mo.1954)); *Ganim*, 225 F.Supp.2d at 156 (quoting Wright, *Federal Practice and Procedure: Criminal 3d* § 129 at 659-660).

"To the extent that the government is able to do so, the precise date and place of each event alleged in the indictment should be provided." *United States v. Vastola*, 670 F.Supp. 1244, 1269-1270 (D.N.J. 1987) (citing *United States v. Holman*, 490 F.Supp. 755, 762 (E.D.Pa. 1980)); *see also Thevis*, 474 F.Supp. at 127 (N.D.Ga. 1979) (holding that a defendant to an "alleged conspiracy is entitled to know where the government contends the illegal agreement was made") (citing *United States v. Tanner*, 279 F.Supp. 457, 476 (N.D.Ill.1967)); *United States v. Warner*, 2004 WL 1794476, *29 (N.D.Ill., Aug. 11, 2004) (directing government to provide particulars to support its allegation that defendant falsified lobbyist registration statements);

4

*United States v. Hsia*, 24 F.Supp.2d 14, 32 (D.D.C. 1998) (ordering bill of particulars for government to disclose to defendant how she "caused" alleged false statements to be made). The Government should further be required to provide specific times and locations for the unlawful acts alleged in the indictment. *See Vastola* at 1269-1270. Dr. Maloney is further entitled to particulars regarding identities of any individuals and entities involved in the alleged transactions or offenses.

The Government further cannot avoid providing the requested particulars on the ground that it has provided discovery to Dr. Maloney. A "voluminous production of documents by itself does not preclude an order requiring more specifics." *Warner*, 2004 WL 1794476 at *29 (citing *United States v. Vasquez-Ruiz*, 136 F.Supp.2d 941, 943 (N.D.Ill.2001)). "[T]he Government does 'not fulfill its obligations merely by providing mountains of documents to defense counsel who were left unguided' as to the nature of the charges pending." *Lino*, 2001 WL 8356 at *4 (holding that, "because of the multi-faceted and wide-ranging nature of the RICO violation alleged in the indictment as well as the vast amount of discovery material produced to defense counsel… [there was] no reason why the Government cannot designate preliminarily the portions of the indictment that will be the subject of proof at trial") (quoting *United States v. Bortnovsky*, 820 F.2d 572, 575 (2d Cir. 1987); citing *United States v. Bin Laden*, 92 F.Supp.2d 225, 234 (S.D.N.Y. 2000)).

### III. REQUESTS FOR PARTICULARS

1. Paragraph 1 of the Indictment references "co-conspirators" of Dr. Maloney. *See* Doc. # 1, ¶ 1. Dr. Maloney requests that the Government identify the persons whom the Government will maintain were alleged co-conspirators of Dr. Maloney.

2. Paragraph 6 of the Indictment alleges that "[t]he object of the conspiracy was for defendant MALONEY and his co-conspirators to unjustly and unlawfully enrich themselves at the expense of the United States and Georgia Tech." *See* Doc. # 1, ¶ 6. Dr. Maloney requests that the Government identify any departments, agencies, or other subdivisions of the government of the United States which the Government will maintain were alleged victims of the charged conspiracy.

3. Paragraph 11 of the Indictment alleges that "Defendant MALONEY and his co-conspirators charged more than $250,000 worth of personal expenses to [James D. Fraley, III's] Georgia Tech PCard…" Doc. # 1, ¶ 11. Dr. Maloney requests that the Government identify which particular, alleged personal expenses were allegedly for Dr. Maloney and which expenses were for Dr. Fraley.

4. Paragraph 13 of the Indictment alleges that "Defendant MALONEY and Fraley used Fraley's Georgia Tech PCard to pay for remodeling and maintenance expenses related to six rental properties owned by J's Services." Doc. # 1, ¶ 13. Dr. Maloney requests that the Government identify the particular, alleged expenses

which Dr. Maloney charged to Dr. Fraley's PCard to pay for remodeling and maintenance expenses, as well as the properties which the alleged expenses related to.

5. Paragraph 14 of the Indictment alleges that "Defendant MALONEY caused payments for the benefit of J's Services to be charged to the United States on contract D6308, even though defendant MALONEY knew and had reason to know that such payments were not related to D6308." Doc. # 1, ¶ 14. Dr. Maloney requests that the Government identify the particular, alleged payments for the benefit of J's Services which Dr. Maloney caused to be charged to the United States on Contract D6308.

6. Paragraph 16 of the Indictment alleges that, "[t]o make their personal PCard charges look like legitimate Georgia Tech business expenses, defendant MALONEY and his co-conspirators provided and caused others to provide false information and fraudulent documents to Georgia Tech and the United States." Doc. # 1, ¶ 16. Dr. Maloney requests that the Government identify the particular false information or fraudulent documents which were allegedly provided to Georgia Tech or the United States.

7. Paragraph 17 of the Indictment alleges that, "[i]n or about June 2013-after defendant MALONEY and his co-conspirators learned that they were being investigated by Georgia Tech's Internal Auditing Department-defendant

MALONEY attempted to delete from Fraley's cell phone incriminating text messages concerning the PCard fraud." Doc. # 1, ¶ 17. Dr. Maloney requests that the Government identify the particular text messages which Dr. Maloney allegedly attempted to delete from Dr. Fraley's cell phone.

8.  Paragraph 24 of the Indictment alleges that "[b]eginning in or about December 2007, and continuing through at least in or about March 2013, defendant MALONEY and his co-conspirators moonlighted as consultants for Picatinny Arsenal, SRA International, and the U.S. Air Force, while they were employed by Georgia Tech." Doc. # 1, ¶ 24. Dr. Maloney requests that the Government identify the particular contracts or agreements which set forth Dr. Maloney's relationship with Picatinny Arsenal, SRA International, and the U.S. Air Force.

9.  Paragraph 25 of the Indictment alleges that "Defendant MALONEY and his co-conspirators were paid a combined total of approximately $500,000 for the consulting work they did for Picatinny Arsenal, SRA International, and the U.S. Air Force." Doc. # 1, ¶ 25. Dr. Maloney requests that the Government identify the particular contracts or agreements which set forth Dr. Maloney's relationship with Picatinny Arsenal, SRA International, and the U.S. Air Force.

10. Paragraph 30 of the Indictment alleges that "Defendant MALONEY and Fraley caused and directed Georgia Tech employees and students who were under

8

their supervision at GTRI to help perform this consulting work for [Spectra Research, Inc.]" Doc. # 1, ¶ 30. Dr. Maloney requests that the Government identify the Georgia Tech employees and students who were under Dr. Maloney's or Dr. Fraley's supervision and who helped perform consulting work for Spectra, the particular work which the employees and students performed, and the dates on which any work was performed.

11.  Paragraph 30 of the Indictment alleges that "Defendant MALONEY and Fraley also caused and directed those Georgia Tech employees and students to bill their time for the Spectra work to the United States on contract D6308, even though defendant MALONEY and Fraley knew and had reason to know that the Spectra work was not related to D6308." Doc. # 1, ¶ 31. Dr. Maloney requests that the Government identify the Georgia Tech employees and students who were under Dr. Maloney's or Dr. Fraley's supervision and who helped perform consulting work for Spectra, the particular work which the employees and students performed, and the dates on which any work was performed.

12.  Counts 7 through 12 of the Indictment allege various charges for the allege "personal use and benefit of James G. Maloney." Doc. # 1, p. 11. Dr. Maloney requests that the Government identify, particularly, what was charged for Dr. Maloney's benefit.

13. Paragraph 35 of the Indictment alleges that "[t]he object of the scheme was for defendant MALONEY to unjustly and unlawfully enrich himself, at the expense of the United States and Georgia Tech, by engaging in PCard fraud and by engaging in fraudulent consulting activity." Doc. # 1, ¶ 35. Dr. Maloney requests that the Government identify any departments, agencies, or other subdivisions of the government of the United States which the Government will maintain were alleged victims of the charged conspiracy.

14. Paragraph 39 of the Indictment alleges that "[t]he object of the scheme was for defendant MALONEY to unjustly and unlawfully enrich himself, at the expense of the United States and Georgia Tech, by engaging in fraudulent consulting activity." Doc. # 1, ¶ 39. Dr. Maloney requests that the Government identify any departments, agencies, or other subdivisions of the government of the United States which the Government will maintain were alleged victims of the charged conspiracy.

15. Paragraphs 41 through 42 of the Indictment contain the Government's forfeiture allegations. *See* Doc. # 1, ¶¶ 41, 42. Dr. Maloney requests that the Government identify the particular amounts which the Government contends the United States was defrauded of as to each count of the Indictment to support any alleged forfeiture or money judgment.

### III. CONCLUSION

WHEREFORE, Defendant James G. Maloney respectfully requests that this honorable Court grant his Motion for a Bill of Particulars Pursuant to Fed.R.Crim.P. 7(f) and order the Government to provide Defendant with particulars as set forth herein in relation to the allegations in its Indictment.

Respectfully submitted, this 12th day of September, 2016.

                GILLEN WITHERS & LAKE, LLC

                /s/Craig A. Gillen_____
                Craig A. Gillen, Esq.
`               Georgia Bar No. 294838
                One Securities Centre, Suite 1050
                3490 Piedmont Road, N.E.
                Atlanta, Georgia 30305
                Telephone:  (404) 842-9700
                Facsimile:  (404) 842-9750
                E-mail:    cgillen@gwllawfirm.com
                              aclake@gwllawfirm.com

                Counsel for Dr. James G. Maloney

## CERTIFICATION

The undersigned hereby certifies that, over the past few months, he has conferred with opposing counsel for the United States of America in a good faith effort to resolve the subject-matter of this Motion by agreement, but was unable to reach agreement on the resolution of the issue therein, pursuant to N.D.Ga.L.Crim.R. 12.1D. The undersigned further certifies, pursuant to N.D.Ga.L.Civ.R. 7.1D, that the foregoing document has been prepared with one of the font and point selections (Times New Roman, 14 point) approved by the Court in N.D.Ga.L.Civ.R. 5.1B.

GILLEN WITHERS & LAKE, LLC

/s/Craig A. Gillen_____
Craig A. Gillen, Esq.
Georgia Bar No. 294838
One Securities Centre, Suite 1050
3490 Piedmont Road, N.E.
Atlanta, Georgia 30305
Telephone:   (404) 842-9700
Facsimile:   (404) 842-9750
E-mail:       cgillen@gwllawfirm.com
                   aclake@gwllawfirm.com

Counsel for Dr. James G. Maloney

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that, on this 12th day of September, 2016., the undersigned served the foregoing document by filing the document via the Court's Case Management/Electronic Case Filing (CM/ECF) system, which will automatically serve notice of such filing on the following attorneys of record:

**John Russell Phillips, Esq.**
**Assistant United States Attorney**
**Stephen H. McClain, Esq.**
**Assistant United States Attorney**
**United States Attorney's Office for the Northern District of Georgia**
600 Richard Russell Building
75 Ted Turner Drive, S.W.
Atlanta, Georgia 30303
stephen.mcclain@usdoj.gov
russell.phillips@usdoj.gov

                              GILLEN WITHERS & LAKE, LLC

`

                              /s/Craig A. Gillen_____
                              Craig A. Gillen, Esq.
                              Georgia Bar No. 294838
                              One Securities Centre, Suite 1050
                              3490 Piedmont Road, N.E.
                              Atlanta, Georgia 30305
                              Telephone:   (404) 842-9700
                              Facsimile:    (404) 842-9750
                              E-mail:       cgillen@gwllawfirm.com
                                                        aclake@gwllawfirm.com

                              Counsel for Dr. James G. Maloney