IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | CRIMINAL CASE NO. |
| | § | |
| v. | § | 1:16-cr-00237-AT-JSA |
| | § | |
| JAMES G. MALONEY, | § | |
| | § | |
| Defendant. | § | |

**MOTION FOR IDENTIFICATION OF DOCUMENTS
WHICH THE GOVERNMENT EXPECTS TO
RELY UPON IN ITS CASE-IN-CHIEF AT TRIAL**

COMES NOW, James G. Maloney, Defendant herein, by and through the undersigned counsel, and files this, his Motion for Identification of Documents Which the Government Expects to Rely Upon In Its Case-In-Chief at Trial (hereinafter "Motion"), and respectfully moves this honorable Court, pursuant to Federal Rule of Criminal Procedure 16(a)(1)(E), to direct the Government to identify the documents which it expects to rely upon in its case-in-chief in any trial of this matter, and shows as follows:

1

# I. <u>INTRODUCTION</u>

On June 28, 2016, the Government obtained an Indictment against Dr. Maloney, charging him with one count of conspiracy to commit mail fraud, in violation of 18 U.S.C. § 1341, and wire fraud, in violation of 18 U.S.C. § 1343, as well as eleven (11) substantive counts of mail fraud and three counts of wire fraud. *See* Docket # 1.

On June 30, 2016, the Court arraigned Dr. Maloney and the Government provided the defense with seven compact discs (CDs) containing a large volume of documents. Dr. Maloney and his counsel have reviewed the CDs, which contain several thousand pages of invoices and other documents.

At arraignment, counsel for the Government informed counsel for Dr. Maloney that the Government possessed contents from multiple computers seized in this matter. The defense has provided the Government with a hard drive for copying of the contents of the seized computers. The defense has also sent requests to counsel for the Government pursuant to the Order of the Court issued July 6, 2016, Doc. # 9; Federal Rule of Criminal Procedure 16; Northern District of Georgia Local Criminal Rule 16.1; as well as *Brady v. Maryland*, 373 U.S. 83 (1963) and its progeny, requesting additional evidence.

2

The defense expects the documents and evidence in this case, once it is fully produced by the Government, to amount to tens of thousands of pages. Accordingly, Dr. Maloney requests that the Government be directed to identify the documents and evidence which it expects to introduce in a trial in this matter, to enable Dr. Maloney and his counsel to effectively prepare for trial in this matter.

Federal Rule of Criminal Procedure 16, governing discovery in criminal cases, is designed to protect a criminal defendant's right to a fair trial. The Rule requires the Government to produce to the defendant books, papers, documents, data, etc., which the Government "intends to use in its case-in-chief at trial…" Fed.R.Crim.P. 16(a)(1)(E)(ii). A number of courts have held that, in addition to the Government being required to produce documents and evidence which it intends to use in its case-in-chief at trial, where discovery is particularly voluminous, the Government may also be required to *identify* the documents and evidence which it intends to use in its case-in-chief at trial, out of principles of fairness. Dr. Maloney submits that the large volume of documents and evidence produced by the Government in this case, and Dr. Maloney's right to fair trial under the Sixth Amendment, dictate that the Government should, out of fairness, be directed to

3

identify the documents which it expects to rely upon in its case-in-chief in any trial of this matter from within the documents and evidence which it has produced. Dr. Maloney prays that the Court grant his Motion and direct the Government to identify the documents which it expects to rely upon in its case-in-chief in any trial of this matter.

## II. ARGUMENT AND CITATION OF AUTHORITIES

Federal Rule of Criminal Procedure 16 entitles a defendant, upon request, to cause the Government to produce:

> [B]ooks, papers, documents, data, photographs, tangible objects, buildings or places, or copies or portions of any of these items, if the item is within the government's possession, custody, or control and:
> (i) *the item is material to preparing the defense*; [or]
> (ii) *the government intends to use the item in its case-in-chief at trial…*

Fed.R.Crim.P. 16(a)(1)(E) (emphasis added). "[T]he purpose of Rule 16 is to protect a defendant's right to a fair trial…" *United States v. Zamor*, 233 Fed.Appx. 976, 979 (11th Cir. 2007) (*per curiam*; unpublished) (quoting *United States v. Camargo-Vergara,* 57 F.3d 993, 999 (11th Cir. 1995)). As the Advisory Committee observed in its notes regarding the 1974 Amendments to Rule 16, "the fact that the government intends to use… evidence at the trial is probably sufficient proof of 'materiality.'"

4

Fed.R.Crim.P. 16 Notes (1974 Amends.) (citing C. Wright, *Federal Practice and Procedure: Criminal* § 254, especially n. 70 at p. 513 (1969, Supp.1971)).

Pursuant to Rule 16(a)(1)(E), in cases with voluminous documents or evidence, courts in this Circuit and others have held that it is proper to require the Government to identify the documents or evidence which it intends to use in its case-in-chief at trial. "[B]ased on the policy concerns of [Federal Rule of Criminal Procedure] 16 and principles of fairness, it is within a district court's authority to direct the Government to identify the documents it intends to rely on in its case in chief." *United States v. Giffen*, 379 F.Supp.2d 337, 344 (S.D.N.Y. 2004) (Memorandum and Order) (citing *United States v. Upton,* 856 F.Supp. 727, 748 (E.D.N.Y. 1994); *United States v. Turkish,* 458 F.Supp. 874, 882 (S.D.N.Y.1978)).

In *United States v. Carranza*, No. Crim.1:05CR197-4TWT, 2007 WL 2422033 (N.D.Ga., August 21, 2007) (Opinion and Order), one defendant had filed a "motion for particularized discovery," requesting that the government be required to "'refine its identification and classification of the discovery either by providing a useable index, by indicating what the government plans to use in its case in chief and/or identifying which materials are not being used,'" *id*. at *2. A second defendant adopted the motion, but the first defendant withdrew the motion, and the

5

government never responded to it. *See id*. The discovery at issue "exceed[ed] several thousand pages of documents…" *Id*. at *3.

The magistrate judge, in a report and recommendation adopted by the district court, correctly held that Rule 16(a)(1)(E) does not "*require* the government to make specific identification of its case-in-chief documents…" *Id*. (emphasis in original). The report and recommendation further noted that decisions which had imposed an obligation on the government to identify its case-in-chief document were not supported by Rule 16, "but instead rel[ied] primarily upon notions of fairness to the defendant in the circumstances of the particular case." *Id*. (citing *United States v. McDade,* 1992 U.S. Dist. LEXIS 19254 (E.D.Pa.1992); *United States v. Poindexter,* 727 F.Supp. 1470, 1484 (D.D.C. 1989); *Turkish,* 458 F.Supp.at 882. Nevertheless, the magistrate judge granted the motion in part and directed that the government provide the defendant with an index or other searchable format to recorded phone calls and with documents relevant to his defense, acknowledging that it had reached this result as a result of "balancing the effect of premature disclosure of the government's work product against any unfairness inherent in the voluminousness of the production..." *Id*. at *4.

6

Similarly, in *United States v. Turkish*, the government charged five individuals with conspiring to defraud the United States by impeding the lawful functioning of the Department of Treasury in the collection of taxes. 458 F.Supp. at 876. The government made available approximately 25,000 documents in discovery, thereby prompting one of the defendants to move to cause the government to identify which documents it intended to rely upon at trial. *Id*., at 881. In granting the motion, the district court stated:

> Pursuant to Rule 16… the government must afford the defendants an opportunity to inspect and copy all documents under the control of the government which "are intended for use by the government as evidence in chief at the trial." This phrase has been sensibly interpreted to include not only, "documents which will be marked and offered in evidence by the government," but also documents "which will be relied on or referred to in any way by the witness called by the government during its case in chief."

*Id*., at 882 (citing *United States v. Countryside Farms, Inc*. 428 F.Supp. 1150, 1154 (D.Utah 1977)). It proceeded to order the government to identify with specificity those documents it intended to offer, use, or refer to in connection with any of its witnesses. *Id*. It further imposed a continuing obligation on the government to supplement this list when and if it decided to use additional documents. *Id*.

7

Likewise, in *United States v. Poindexter*, the district court rejected the government's "broad brush approach" of simply making "available" thousands of pages of documents which the government "may" rely upon at trial. 727 F.Supp. at 1484. In so doing, the Court stated:

> While the government's case or strategy may change in advance of trial or even during the trial, there is no reason why it cannot be more specific as to which documents it currently intends to use, and there are many reasons, grounded in fairness to the defendant, the protection of his rights, and not least Rule 16(a)(1)(C), why it should.

*Id.* Citing *Turkish*, the Court proceeded to order the government to identify with specificity its case-in-chief documents.[1]

Finally, in *United States v. Upton*, the district court granted a similar motion and forced the government to fulfill its discovery obligations, rather than engaging in a hide-the-ball pretense. 856 F. Supp. 727. In that case, the defendants were charged with falsifying airplane records and with providing false testimony to the Federal Aviation Administration. *Id.*, at 733. The government had "produced thousands of pieces of paper and of those thousands of documents the [] Indictment puts the defendants on notice of only a handful of items while the government

---

[1] The court stated that, "[t]his duty to produce does not encompass all documents that a particular witness might have reviewed, or any document that the government may use at trial to refresh a witness' recollection, as long as the use of that document was not planned in advance of the witness' testimony." *Id.* (citation omitted).

8

contends is fraudulent." *Id.*, at 747. In granting the defendant's motion for greater specificity, the court, relying upon *Turkish* and *Poindexter*, ordered the government to provide the defendants with a list of documents it intended on relying upon during its case-in-chief, stating that the defendants should not be "kept in the dark until trial" as to which documents the government would use. *Id.*, at 748. The court also recognized that "[t]he *purpose* of requiring the government to identify which documents it will rely upon at trial in a situation such as this – where there are thousands of documents – is to allow the defendant to adequately prepare his or her defense." *Id.* (emphasis in original).

The foregoing authorities demonstrate that the Government is required to produce the documents upon which it intends to rely in its case-in-chief in any trial of this matter under Rule 16. The amount of discovery produced by the Government thus far is extensive, and it is anticipated that the Government will produce a large amount of additional discovery, including the contents of seized computers. Dr. Maloney and his counsel are unable to determine from this large volume of documents which of the documents Dr. Maloney should be prepared to meet and defend against at trial. Accordingly, pursuant to the purpose of Rule 16 to ensure a criminal defendant's right to a fair trial and principles of fairness, as well as the

authorities set forth above, the Government may be directed to identify the documents which it intends to rely upon in its case-in-chief in any trial of this matter.

Dr. Maloney shows that he is not intentionally seeking to discover any "trial strategy" by the Government. Dr. Maloney further shows that the prosecution has had to consider which evidence it intends to use during its case-in-chief at trial in order to comply with its obligations under Rule 16, and therefore a direction to identify such documents and evidence should not impose any undue burden upon the Government.

### III. <u>CONCLUSION</u>

WHEREFORE, for the reasons set forth herein, Defendant James G. Maloney prays that this honorable Court grant his Motion for Identification of Documents Which the Government Expects to Rely Upon In Its Case-In-Chief at Trial, and direct the Government to identify the documents which it expects to rely upon in its case-in-chief in any trial of this matter.

Respectfully submitted, this 12th day of September, 2016.

GILLEN WITHERS & LAKE, LLC

/s/Craig A. Gillen
Craig A. Gillen, Esq.
`                                Georgia Bar No. 294838
One Securities Centre, Suite 1050
3490 Piedmont Road, N.E.
Atlanta, Georgia 30305
Telephone:   (404) 842-9700
Facsimile:   (404) 842-9750
E-mail:      cgillen@gwllawfirm.com
             aclake@gwllawfirm.com

Counsel for Dr. James G. Maloney

11

## **CERTIFICATION**

The undersigned hereby certifies that, over the past few months, he has conferred with opposing counsel for the United States of America in a good faith effort to resolve the subject-matter of this Motion by agreement, but was unable to reach agreement on the resolution of the issue therein, pursuant to N.D.Ga.L.Crim.R. 12.1D. The undersigned further certifies, pursuant to N.D.Ga.L.Civ.R. 7.1D, that the foregoing document has been prepared with one of the font and point selections (Times New Roman, 14 point) approved by the Court in N.D.Ga.L.Civ.R. 5.1B.

GILLEN WITHERS & LAKE, LLC

/s/Craig A. Gillen_____
Craig A. Gillen, Esq.
Georgia Bar No. 294838
One Securities Centre, Suite 1050
3490 Piedmont Road, N.E.
Atlanta, Georgia 30305
Telephone:   (404) 842-9700
Facsimile:   (404) 842-9750
E-mail:       cgillen@gwllawfirm.com
              aclake@gwllawfirm.com

Counsel for Dr. James G. Maloney

12

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that, on this 12th day of September, 2016., the undersigned served the foregoing document by filing the document via the Court's Case Management/Electronic Case Filing (CM/ECF) system, which will automatically serve notice of such filing on the following attorneys of record:

**John Russell Phillips, Esq.**
**Assistant United States Attorney**
**Stephen H. McClain, Esq.**
**Assistant United States Attorney**
**United States Attorney's Office for the Northern District of Georgia**
600 Richard Russell Building
75 Ted Turner Drive, S.W.
Atlanta, Georgia 30303
stephen.mcclain@usdoj.gov
russell.phillips@usdoj.gov

                                        GILLEN WITHERS & LAKE, LLC

                                        /s/Craig A. Gillen _____
                                        Craig A. Gillen, Esq.
        `                               Georgia Bar No. 294838
                                        One Securities Centre, Suite 1050
                                        3490 Piedmont Road, N.E.
                                        Atlanta, Georgia 30305
                                        Telephone:   (404) 842-9700
                                        Facsimile:   (404) 842-9750
                                        E-mail:       cgillen@gwllawfirm.com
                                                      aclake@gwllawfirm.com

                                        Counsel for Dr. James G. Maloney