IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | CRIMINAL CASE NO. |
| | § | |
| v. | § | 1:16-cr-00237-AT-JSA |
| | § | |
| JAMES G. MALONEY, | § | |
| | § | |
| Defendant. | § | |

**MOTION FOR ACCESS TO WITNESSES**

COMES NOW, James G. Maloney, Defendant herein, by and through the undersigned counsel, and files this, his Motion for Access to Witnesses, and respectfully moves this honorable Court for a direction to the Government and its officers, agents, attorneys, or representatives to inform Georgia Institute of Technology (Georgia Tech), the Georgia Tech Research Institute (GTRI), or any officers, employees, attorneys, or representatives thereof, or any prospective witnesses in this matter, that defense counsel may contact the witnesses and that the witnesses may agree or not agree to be interviewed by defense counsel, and shows the following:

Dr. Maloney, a former employee of Georgia Tech and a member of the faculty of GTRI, has been indicted for allegedly conspiring to engage in, and engaging in,

1

alleged mail fraud and wire fraud against Georgia Tech. See Doc. # 1, ¶¶ 1, 2. Dr. Maloney and his counsel have learned, upon information and belief, that employees or faculty of Georgia Tech or GTRI have been instructed not to communicate with Dr. Maloney or his counsel.

Dr. Maloney states that neither he nor his counsel in any way believe that the United States or any of its officers, agents, attorneys, or representatives have directed employees or faculty of Georgia Tech or GTRI not to communicate with the defense. However, Georgia Tech and its administration have been possessed of considerable antipathy towards Dr. Maloney during the criminal investigation and prosecution of this matter. Upon information and belief, Dr. Maloney and his counsel believe that individuals within Georgia Tech have told witnesses that they should not talk to Dr. Maloney and his counsel.

"[A] defendant has a due process right to have access to prospective witnesses." *United States v. Dickerson*, 403 Fed.Appx. 354, 356 (11th Cir. 2010) (citing *United States v. Brown*, 555 F.2d 407, 425 (5th Cir. 1977)). "If a defendant wishes to speak with a Government witness prior to trial he is free to do so providing the Government witness agrees to the meeting." *United States v. Manor*, 936 F.2d 1238, 1242 (11th Cir. 1991) (citing *United States v. Troutman*, 814 F.2d 1428, 1453 (10th Cir. 1987)).

A defendant's right of access to prospective witnesses may only be limited by the witness himself or herself—"'a witness may refuse to be interviewed or dictate the circumstances under which he will submit to an interview.'" *United States v. Brown*, 555 F.2d 407, 425 (5th Cir. 1977) (quoting *United States v. Dryden*, 423 F.2d 1175, 1177 n. 6 (5th Cir. 1970)). The government possesses a duty not to deny access to witnesses. *United States v. Pepe*, 747 F.2d 632, 655 (11th Cir. 1984) (citing *Weatherford v. Bursey*, 429 U.S. 545, 549, 97 S.Ct. 837 (1977)). Suppression of access to witnesses by the government violates due process. *See id.*, at 654 (citing *Freeman v. Georgia*, 599 F.2d 65 (5th Cir. 1979)).

Dr. Maloney and his counsel acknowledge that neither Georgia Tech nor GTRI are parties to this proceeding. *See State ex rel. Upham v. Bonebrake*, 303 Or. 361, 364, 736 P.2d 1020 (1987) (holding that the the trial court lacked the authority directly to order a non-party to produce her child for a pretrial interview by the defense). However, the defense possesses reason to believe that officers, agents, attorneys, or representatives of the Government will have contact with Georgia Tech, GTRI, and their officers, employees, attorneys, or representatives, and with prospective witnesses in this matter. Dr. Maloney requests that the Government be directed to inform Georgia Tech, GTRI, and their officers, employees, attorneys, or representatives that counsel for Dr. Maloney may attempt to contact officers or

3

employees of Georgia Tech or GTRI, and that any officers or employees contacted may decide whether or not to be interviewed by defense counsel. In the event that counsel for Dr. Maloney learns of additional actions or attempts by Georgia Tech or GTRI or any of their officers, employees, attorneys, or representatives to limit Dr. Maloney's access to witnesses, Dr. Maloney shall promptly inform the Court and the Government.

WHEREFORE, Defendant James G. Maloney prays that this honorable Court grant his Motion for Access to Witnesses, and direct the Government and its officers, agents, attorneys, or representatives to inform Georgia Institute of Technology (Georgia Tech), the Georgia Tech Research Institute (GTRI), or any officers, employees, attorneys, or representatives thereof, or any prospective witnesses in this matter, that defense counsel may contact the witnesses and that the witnesses may agree or not agree to be interviewed by defense counsel.

Respectfully submitted, this 12th day of September, 2016.

                GILLEN WITHERS & LAKE, LLC

                /s/Craig A. Gillen_____
`              Craig A. Gillen, Esq.
                Georgia Bar No. 294838
                One Securities Centre, Suite 1050
                3490 Piedmont Road, N.E.
                Atlanta, Georgia 30305
                Telephone:   (404) 842-9700
                Facsimile:    (404) 842-9750
                E-mail:      cgillen@gwllawfirm.com
                              aclake@gwllawfirm.com

                Counsel for Dr. James G. Maloney

## **CERTIFICATION**

The undersigned hereby certifies that, over the past few months, he has conferred with opposing counsel for the United States of America in a good faith effort to resolve the subject-matter of this Motion by agreement, but was unable to reach agreement on the resolution of the issue therein, pursuant to N.D.Ga.L.Crim.R. 12.1D. The undersigned further certifies, pursuant to N.D.Ga.L.Civ.R. 7.1D, that the foregoing document has been prepared with one of the font and point selections (Times New Roman, 14 point) approved by the Court in N.D.Ga.L.Civ.R. 5.1B.

GILLEN WITHERS & LAKE, LLC

/s/Craig A. Gillen_____
Craig A. Gillen, Esq.
Georgia Bar No. 294838
One Securities Centre, Suite 1050
3490 Piedmont Road, N.E.
Atlanta, Georgia 30305
Telephone:   (404) 842-9700
Facsimile:   (404) 842-9750
E-mail:        cgillen@gwllawfirm.com
                   aclake@gwllawfirm.com

Counsel for Dr. James G. Maloney

# **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that, on this 12th day of September, 2016., the undersigned served the foregoing document by filing the document via the Court's Case Management/Electronic Case Filing (CM/ECF) system, which will automatically serve notice of such filing on the following attorneys of record:

**John Russell Phillips, Esq.**
**Assistant United States Attorney**
**Stephen H. McClain, Esq.**
**Assistant United States Attorney**
**United States Attorney's Office for the Northern District of Georgia**
600 Richard Russell Building
75 Ted Turner Drive, S.W.
Atlanta, Georgia 30303
stephen.mcclain@usdoj.gov
russell.phillips@usdoj.gov

`

        GILLEN WITHERS & LAKE, LLC

        /s/Craig A. Gillen _____
        Craig A. Gillen, Esq.
        Georgia Bar No. 294838
        One Securities Centre, Suite 1050
        3490 Piedmont Road, N.E.
        Atlanta, Georgia 30305
        Telephone:  (404) 842-9700
        Facsimile:  (404) 842-9750
        E-mail:   cgillen@gwllawfirm.com
            aclake@gwllawfirm.com

        Counsel for Dr. James G. Maloney