IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | Criminal No. |
| v. | |
| JAMES G. MALONEY | 1:16-cr-00237-AT-JSA |

**GOVERNMENT'S RESPONSE IN OPPOSITION TO
DEFENDANT'S MOTION FOR BILL OF PARTICULARS**

The United States hereby responds to Defendant James G. Maloney's Motion for Bill of Particulars (Doc. 17), respectfully showing the Court as follows.

## I.   Introduction

Maloney's Motion for Bill of Particulars should be denied. The 17-page Indictment describes Maloney's alleged crimes and states the legal elements thereof sufficient to notify Maloney of the nature of the charges against him, which is all that the law requires. A bill of particulars is warranted only when an indictment fails to disclose the nature of the charges brought against a defendant. But here, Maloney's motion fails to identify any defect in the charges or any confusion or other legal justification for the relief that he seeks. Instead, his motion appears to be nothing more than an attempt to require the Government to provide a detailed exposition of the documents and testimony upon which it intends to rely at trial, through a set of civil-style interrogatories, based on the conclusory argument that the allegations in the Indictment are "generalized or

vague" (Doc. 17, at 2), an argument that Maloney makes no effort to support or explain. Discovery has been and will be provided through the Government's Rule 16 and Jencks Act disclosures. A bill of particulars is unwarranted.

## II. Argument

Rule 7 of the Federal Rules of Criminal Procedure provides that an indictment "must be a plain, concise, and definite written statement of the essential facts constituting the offense charged." Fed. R. Crim. P. 7(c)(1). It must "set forth the elements of the offense in a manner which fairly informs the defendant of the charges against him and enables him to enter a plea which will bar prosecution for the same offense." *United States v. Elkins*, 885 F.2d 775, 782 (11th Cir. 1989). "If an indictment specifically refers to the statute on which the charge was based, the reference to the statutory language adequately informs the defendant of the charge." *United States v. Fern*, 155 F.3d 1318, 1325 (11th Cir. 1998). The constitutional standard is met "by an indictment that tracks the wording of the statute, as long as the language sets forth the essential elements of the crime." *United States v. Critzer*, 951 F.2d 306, 308 (11th Cir. 1992) (citation omitted). The Indictment in this case meets those criteria. (*See* Doc. 1, at ¶¶ 1, 34, 36, 38, 40).

Under Rule 7(f), a court may direct the government to file a bill of particulars if the indictment itself does not "inform the defendant of the charge against him with sufficient precision to allow him to prepare his defense, to minimize surprise at trial, and to enable him to plead double jeopardy in the event of a later prosecution for the same offense." *United States v. Cole*, 755 F.2d 748, 760 (11th Cir. 1985). "A bill of particulars should be required only where the charges

of the indictment are so general that they do not advise the defendant of the specific acts of which he is accused." *United States v. Torres*, 901 F.2d 205, 234 (2d Cir. 1990). "A bill of particulars, properly viewed, supplements an indictment by providing the defendant with information *necessary* for trial preparation." *United States v. Anderson*, 799 F.2d 1438, 1441 (11th Cir. 1986). An indictment setting forth the elements of each offense charged, the time and place of the defendant's conduct, and a citation to the statute the defendant violated is "sufficient to apprise the defendant of the charges against him and enable him to prepare for trial." *United States v. Roya*, 574 F.2d 386, 391 (7th Cir. 1978); *see also United States v. Henry*, 861 F. Supp. 1190, 1197 (S.D.N.Y. 1994) ("It is simply insufficient that the requested information would be *useful* to the defendant rather than *necessary* to [his] defense; if the defendant has been given adequate notice of the charges against [him] and can prepare fully for trial with reasonably diligent efforts, the Government cannot be required to disclose additional details about its case.").

"A defendant is not entitled to know all the evidence the government intends to produce, but only the theory of the government's case." *Yeargain v. United States*, 314 F.2d 881, 882 (9th Cir. 1963). Bills of particulars are not intended "to give the defense a road map to the government's case." *United States v. Leiva-Portillo*, No. 1:06-CR-350-WSD-LTW, 2007 WL 1706351, at *14 (N.D. Ga. June 12, 2007) (citation omitted). Nor are they "'designed to compel the government to [provide a] detailed exposition of its evidence or to explain the legal theories upon which it intends to rely at trial.'" *United States v. Roberts*, 174 F. App'x 475, 477 (11th Cir. 2006) (quoting *United States v. Burgin*, 621 F.2d 1352, 1359 (5th Cir.

Page **3** of **19**

1980)). "A bill of particulars is not designed to allow a defendant to better cross-examine or impeach a government witness." *United States v. Jones*, No. 1:05-CR-617-WSD-AJB, 2007 WL 2071267, at *14 (N.D. Ga. July 19, 2007).

Moreover, a defendant is not entitled to obtain by way of a bill of particulars "information which is already available through other sources such as the indictment or discovery and inspection." *United States v. Rosenthal*, 793 F.2d 1214, 1227 (11th Cir.), *modified*, 801 F.2d 378 (11th Cir. 1986) (citing *United States v. Colson*, 662 F.2d 1389, 1391 (11th Cir. 1981)). "Generalized discovery . . . is not an appropriate function of a bill of particulars and is not a proper purpose in seeking the bill." *Anderson*, 799 F.2d at 1441 (citing *Colson*, 662 F.2d at 1391). "A bill of particulars, unlike discovery, is not intended to provide the defendant with the fruits of the government's investigation. Rather, it is intended to give the defendant only that minimum amount of information necessary to permit the defendant to conduct his *own* investigation." *United States v. Smith*, 776 F.2d 1104, 1111 (3d Cir. 1985) (internal citations omitted). A defendant's "request for the 'when, where, and how' of every act in furtherance of the conspiracy [is] equivalent to a request for complete discovery of the government's evidence, which is not a purpose of the bill of particulars." *United States v. Giese*, 597 F.2d 1170, 1181 (9th Cir. 1979) (quoting *United States v. Armocida*, 515 F.2d 49, 54 (3d Cir. 1975).

"A defendant possesses no right to a bill of particulars." *Burgin*, 621 F.2d at 1358. And "[b]ills of particulars are not routinely granted." *Leiva-Portillo*, 2007 WL 1706351, at *14. The decision to grant or deny a bill of particulars "lies within the sound discretion of the trial court and may be challenged only for abuse of that discretion." *Colson*, 662 F.2d at 1391. A court abuses its discretion in denying a bill of particulars only when the denial results in actual surprise at trial or prejudice to a defendant's substantial rights. *United States v. Bearden,* 423 F.2d 805, 809 n.2 (5th Cir. 1970). This means surprise as to the charge, not surprise as to the testimony and documents to be presented at trial:

> [T]here is a difference between being surprised by the charge and being surprised by the evidence supporting a charge. The function of the bill of particulars is to reduce surprise at the charge, that is, to enable the defendant to identify what he is alleged to have done in violation of law. It is not to eliminate surprise with respect to evidence offered in support of a charge that is clearly understood by the defendant. Rule 7 does not give a defendant the right to insist that he be made aware of all of the evidence the Government may use against him so that he literally is not "surprised" by anything at trial.

*United States v. Scrushy*, No. CR-03-BE-530-S, 2004 WL 483264, at *9 n.5 (N.D. Ala. March 3, 2004).

Here, beyond a mere recitation of the statutes that Maloney is charged with violating, each count of the Indictment also includes a description of the specific conduct that violated the statute, thus meeting the Eleventh Circuit's requirement that indictment fairly inform the defendant of the exact charges against him. *Elkins*, 885 F.2d at 782. Moreover, the United States has given

Page **5** of **19**

Maloney virtually every document related to the investigation, including all reports of witness interviews (FBI 302s). This early Jencks production is beyond what is required by law. *See United States v. Mitrovic*, 286 F.R.D. 683, 686 (N.D. Ga. 2012) (Anand, Mag.) (noting "that investigative interview summaries are excluded from Rule 16 production," and that "the production of witness statements is governed by the Jencks Act, 18 U.S.C. § 3500, and Rule 26.2, Fed. R. Crim. P, which together provide that the Court may order production of a witness's statement only 'after [the] witness . . . . has testified on direct examination'").

The Government recognizes that "[v]oluminous production, on its own, is not enough to preclude the need for a bill of particulars in all circumstances." *United States v. Skelos*, No. 15 CR 317 KMW, 2015 WL 6159326, at *13 (S.D.N.Y. Oct. 20, 2015). Here, however, the combination of a detailed indictment and the generous and early discovery provided by the Government furnish Maloney with a sufficient roadmap of the charges against him to enable him to prepare for trial and avoid prejudicial surprise; this obviates the need for a bill of particulars. *E.g.*, *United States v. Swiatek*, 632 F. Supp. 985, 988 (N.D. Ill. 1986) (noting that "courts have held that a motion for a bill of particulars should be denied when the indictment, combined with the discovery provided by the government, adequately informs Defendant of the charges"). "The Indictment [in this case] fairly specifies the allegedly unlawful conduct, and the Government has not dissembled by means of its discovery." *United States v. Mahaffy*, 446 F. Supp. 2d 115, 120 (E.D.N.Y. 2006).

Maloney argues that discovery provided by the Government is not a substitute for a bill of particulars, because a bill of particulars is "designed to define and limit the government's case." (Doc. 17, at 3). But a defendant who seeks a bill of particulars "must demonstrate that he will be prejudiced if he does not receive the information sought." *United States v. Gott*, No. CRIM.A. 11-190-08, 2012 WL 653435, at *3 (W.D. La. Feb. 28, 2012). Maloney has not done that. His "mere desire to limit the government to its proof does not establish [that] he would be prejudiced without the bill, and it is insufficient justification for granting his motion." *United States v. Torrance*, No. CR. 306CR77(CFD), 2006 WL 3259116, at *2 (D. Conn. Nov. 9, 2006).

Maloney's motion goes far beyond simply seeking enough information to allow him to understand the offenses with which he is charged so that he can prepare for trial. Rather, his motion seeks detailed information regarding the Government's evidence against him; it is, in essence, "a set of detailed interrogatories in the guise of a bill of particulars." *United States v. Kenny*, 462 F.2d 1205, 1212 (3d Cir. 1972). "The Federal Rules of Criminal Procedure make no provision for answers to interrogatories." *United States v. Linen Supply Inst. of Greater New York*, 18 F.R.D. 452, 453 (S.D.N.Y. 1955).

### Request 1

Maloney is not entitled to a bill of particulars as to Request 1, which asks that the Government be required to identify all unindicted co-conspirators. There are no *unindicted* co-conspirators. The Indictment identifies all of Maloney's co-conspirators by name. (Doc. 1 at ¶¶ 1, 34, 38). Each of those individuals waived

indictment and pled guilty to a criminal information; they await sentencing by this Court. (*See United States v. James D. Fraley, III*, Criminal No. 1:16-CR-231-AT-JSA; and *United States v. James J. Acree*, Criminal No. 1:16-CR-232-AT-JSA).

### Requests 2, 13, and 14

Maloney is not entitled to a bill of particulars as to Requests 2, 13, and 14, which ask that the Government be required to identify all victims of the mail and wire fraud conspiracy. There is no requirement in a fraud case such as this that the Government identify or prove a particular victim; hence, a request to identify the victim is "beyond the proper scope of a bill of particulars." *United States v. Melvin*, 143 F. Supp. 3d 1354, 1383 (N.D. Ga. 2015) (Batten, J.) (where defendant was charged with securities fraud in violation of 18 U.S.C. §§ 1348 and 2); *see also United States v. Faulkner*, No. 3:09-CR-249-D(02), 2011 WL 2880919, at *2 (N.D. Tex. July 15, 2011) (holding that "the identity of the alleged victims is not an essential element of conspiracy to commit wire or mail fraud"); *United States v. Ingram*, 62 F. App'x 32, 33 (3d Cir. 2003) (noting that the identity of the victim is "not an essential element" in a wire fraud case); *United States v. Mizyed*, 927 F.2d 979, 981 (7th Cir. 1991) (holding that an indictment sufficiently alleged mail fraud despite not specifically identifying the victims by name).

### Request 3

Maloney is not entitled to a bill of particulars as to Request 3, which asks that the Government be required to state which personal expenses charged to James Fraley's Georgia Tech PCard were for Maloney and which were for Fraley.

Maloney has first-hand knowledge of the information he seeks in Request 3 because he participated in the PCard fraud. The Eleventh Circuit has held that the Government need not furnish in a bill of particulars "information about events in which one or more of the defendants participated, or which occurred in one or more of the defendants' presence." *United States v. Williams*, 113 F.R.D. 177, 179 (M.D. Fla. 1986) (citing *Cole*, 755 F.2d at 760-61). Furthermore, Request 3 is "nothing more than a thinly veiled attempt to have the government make a detailed disclosure of the evidence that it plan[s] to present at trial. That is not an appropriate basis for seeking a bill of particulars." *United States v. Holzendorf*, 576 F. App'x 932, 935-36 (11th Cir. 2014) (citation omitted). "Defendant may want additional details beyond those provided in the indictment or through discovery. But a bill of particulars is not a tool that allows defendants to obtain every fact that the government may possess regarding a conspiracy." *United States v. Vaughn*, No. 2:14-CR-135-FTM-38CM, 2015 WL 2157478, at *2 (M.D. Fla. May 7, 2015) (citing *Rosenthal*, 793 F.2d at 1227).

### Requests 4 and 5

Maloney is not entitled to a bill of particulars as to Requests 4 and 5, which ask that the Government be required to state which PCard charges were for remodeling and maintenance expenses on rental properties owned by J's Services, the name of the property to which each expense relates; and which of these expenses Maloney caused to be charged to D6308. This information is contained in the discovery already provided by the Government, thereby rendering a bill of particulars on Requests 4 and 5 unnecessary. *Rosenthal*, 793

F.2d at 1227. For example, the Government produced an FBI-302 for the proffer of James Fraley on March 20, 2014, which includes a chart that identifies fraudulent PCard charges billed to D6308. The chart includes the following details for each of those charges: the vendor's name, the amount of the charge, the date of the charge, and a description of the item purchased or paid for. One such charge is described as a PayPal payment to BCC for $3,744.00 on January 5, 2012, and it is further described as a "Fictitious payment request submitted by Fraley for the purpose of paying maintenance charges related to J's Services rental homes." The Indictment alleges that J's Services, Inc. is a Georgia corporation owned by Maloney and Fraley. (Doc. 1, at ¶ 12). The Articles of Incorporation for J's Services are available on the Georgia Secretary of State's website and show that J's Services is owned by Maloney and Fraley. The discovery already provided by the Government also includes an FBI-302 for a proffer session with James Fraley on November 20, 2013. Pages 4 and 5 of that 20-page document provide detailed information concerning J's Services, including the following:

> J'S is split 50/50 between MALONEY and FRALEY and the bank account is at WELLS FARGO. FRALEY and his grandmother—MARYLAND DRAIN—are signatories on the account. For tax purposes, MALONEY has FRALEY put all the profit on FRALEY'S K-1 and then figure the amount MALONEY owes him, taking into account the tax implications. MALONEY pays FRALEY this amount via check, writing something on the memo line so that MALONEY can include the check in his tax deductions for the following year.

Page **10** of **19**

While the documents described above are by no means the only documents in the discovery that pertain to Requests 4 and 5, there is no requirement that the Government "weave [all of the] the information at its command into the warp of a fully integrated trial theory for the benefit of the defendants." *United States v. Addonizio*, 451 F.2d 49, 64 (3d Cir. 1971). A defendant is not entitled to a bill of particulars to help him "investigate the charges in the indictment" or "to preview the government's evidence or trial strategy, or to require the government to specify the minutiae of how it will prove the charges." *United States v. Sindone*, No. 01 CR. 517 MBM, 2002 WL 48604, at *1 (S.D.N.Y. Jan. 14, 2002) (internal citations omitted). The Indictment is not deficient. The discovery produced enables Maloney to mount an adequate defense; his demand for additional details is essentially an attempt to compel the production of the very type of evidentiary minutiae that is not appropriate in a bill of particulars.

**Request 6**

Maloney is not entitled to a bill of particulars as to Request 6, which asks that the Government be required to identify all false information and fraudulent documents that Maloney and his co-conspirators provided to Georgia Tech or the United States to make their personal PCard charges look like legitimate Georgia Tech business expenses. Courts typically deny motions "for bills of particulars concerning the specific acts or words which defendants or a particular defendant are alleged to have done or said." *United States v. Needham*, No. 04 CR.196 DAB, 2004 WL 1903061, at *5 (S.D.N.Y. Aug. 26, 2004) (citation omitted). Request 6 falls into that category. "What [Maloney] seeks is in the

nature of the 'wheres, whens and with whoms' that Courts have held to be beyond the scope of a bill of particulars." *United States v. Mitlof*, 165 F. Supp. 2d 558, 569 (S.D.N.Y. 2001). Where, as here, "there are numerous alleged coconspirators [and unwitting participants], it is not incumbent upon the government to prove the role(s) played by each." *United States v. Gilliam*, No. 02:12-CR-93, 2015 WL 5178197, at *8 (W.D. Pa. Sept. 4, 2015). A defendant is not entitled to "a bill of particulars to identify the documents and records upon which each count of the indictment [is] founded." *United States v. Bearden*, 423 F.2d 805, 809 (5th Cir. 1970). "A bill of particulars may not be used 'for the purpose of obtaining a detailed disclosure of the Government's evidence in advance of trial.'" *Id*. at 809 n.3 (quoting *Downing v. United States*, 348 F.2d 594, 599 (5th Cir. 1965)). A trial court properly rejects a defendant's motion for a bill of particulars where the defendant fails to show that the matters requested are necessary to inform him of the charge against him with sufficient precision to enable him to prepare his defense or avoid surprise, or to enable him to plead double jeopardy if he is later prosecuted for the same offense. *United States v. Gorel*, 622 F.2d 100, 104 (5th Cir. 1979). Maloney has been "fairly apprised of the Government's theories and the particulars upon which each charge [is] based. He [is] entitled to no more." *Hickman v. United States*, 406 F.2d 414, 415 (5th Cir. 1969).

### Request 7

Maloney is not entitled to a bill of particulars as to Request 7, which asks that the Government be required to identify the text messages that Maloney attempted to delete from Fraley's cell phone. The discovery already provided by the Government includes an FBI-302 for a proffer session with James Fraley on November 20, 2013. Page 19 of that FBI-302 and document 10 attached thereto provide detailed information concerning the text messages that Maloney attempted to delete from Fraley's cell phone. This obviates the need for a bill of particulars on this subject. *Rosenthal*, 793 F.2d at 1227 (holding that the defendant is not entitled to a bill of particulars "with respect to information which is already available through other sources such as the indictment or discovery and inspection").

### Requests 8 and 9

Maloney is not entitled to a bill of particulars as to Requests 8 and 9, which ask that the Government be required to identify the contracts or agreements that set forth Maloney's relationship with Picatinny Arsenal, SRA International, and the U.S. Air Force. The discovery already provided by the Government includes FBI-302s for interviews of Marvin Carroll, Rich Granitzki (with multiple exhibits), Tanya Jefferson, Joanne Lucid, Richard Salazar, and Evan Young, as well as other documents that provide the information Maloney seeks in Requests 8 and 9. For the reasons explained by the Eleventh Circuit in *Rosenthal*, 793 F.2d at 1227, Maloney is not entitled to more.

**Requests 10 and 11**

Maloney is not entitled to a bill of particulars as to Requests 10 and 11, which ask that the Government be required to identify the Georgia Tech employees and students who helped perform consulting work for Spectra, the particular work each performed, and the date on which the work was performed. There are at least four reasons for this. First, the discovery already provided by the Government includes FBI-302s and other documents that identify the Georgia Tech employees and students who helped perform consulting work for Spectra, the particular work each performed, and the date on which the work was performed. Thus, a bill of particulars is not needed. *Rosenthal*, 793 F.2d at 1227.

Second, by asking the Government to identify the Georgia Tech employees and students who helped Maloney perform consulting work for Spectra, Maloney is essentially asking for a list of government witnesses who will testify on this subject at trial. The Federal Rules of Criminal Procedure expressly provide that statements made by government witnesses or by prospective government witnesses are not subject to disclosure. Fed. R. Crim. P. 16(b)(2). The Eleventh Circuit has held that "a defendant has no right to obtain a list of [the Government's] witnesses by simply calling his request a 'bill of particulars.'" *Anderson*, 799 F.2d at 1442. To hold otherwise "would actually frustrate the federal discovery rule" by allowing "[a] defendant who desires a list of government witnesses to bypass the Rule 16(b) restriction on discovery by asking for and receiving a 'bill of particulars.'" *Id*. For this reason, motions for a bill of "[p]articulars seeking the names of witnesses have almost uniformly been

denied." *Gordon v. United States*, 438 F.2d 858, 886 n.61 (5th Cir. 1971); *see also Colson*, 662 F.2d at 1391-92 (holding that the district court did not abuse its discretion in denying the defendant's motion for a list of Government witnesses); *United States v. Pena*, 542 F.2d 292, 294 (5th Cir. 1976) (holding that a criminal defendant has no right to obtain a list of Government witnesses simply by labeling the request a "motion for bill of particulars"); *United States v. Baggett*, 455 F.2d 476, 477 (5th Cir. 1972) (holding that "it is not an abuse of discretion for the trial court to deny the defense the names of government witnesses, whether requested by motion for Bill of Particulars under Rule 7(f), or by a motion for discovery under Rule 16(b)").

Third, since most if not all of the Government's witnesses on the Spectra issue will be persons with whom Maloney "had significant personal or financial relations," requiring the Government to identify its witnesses in a bill of particulars would not materially aid the defense. *Colson*, 662 F.2d at 1391-92 (citing *United States v. Hancock*, 441 F.2d 1285, 1286 (5th Cir. 1971)).

Fourth, Maloney personally supervised each Georgia Tech employee and student who worked for him on the Spectra project. The Government need not furnish in a bill of particulars "information about events in which one or more of the defendants participated, or which occurred in one or more of the defendants' presence." *Williams*, 113 F.R.D. at 179; *Cole*, 755 F.2d at 760-61.

### Request 12

Maloney is not entitled to a bill of particulars as to Request 12, which asks that the Government be required to identify which of the items charged to Fraley's

Georgia Tech PCard were for Maloney's personal use and benefit. This is "reminiscent of a civil discovery request" and is not a proper subject for a bill of particulars in a criminal case. *United States v. Hee*, No. CR 14-00826 SOM, 2015 WL 3440047, at *2 (D. Haw. May 28, 2015) (denying defendant's motion for bill of particulars asking the Government to specify the amount and date of defendant's credit card charges and to explain why the Government contended that these charges were the "personal expenses" of the defendant who was charged with filing false tax returns); *see also United States v. Kahale*, 789 F. Supp. 2d 359, 377 (E.D.N.Y. 2009) (mail and wire fraud case; denying request for a bill of particulars "regarding the individual transactions in which funds were diverted for personal use," because "[f]urther particularization of these expenses is unnecessary to provide fair notice of the crimes charged"); *United States v. Giacobbe*, No. 98-CR-11, 1998 WL 275599, at *1 (N.D.N.Y. May 26, 1998) (where defendant was charged with submitting fraudulent travel vouchers to the DEA, court denied defendant's motion for bill of particulars requesting "information regarding the allegedly false vouchers, such as which expenses are false, which days are incorrect, and what dollar amount was falsely claimed"); *United States v. Balogun*, 971 F. Supp. 1215, 1228 (N.D. Ill. 1997) (where defendant was charged with money laundering and conspiracy to distribute heroin, court denied defendant's motion for a bill of particulars asking "the government to identify on what days he is alleged to have made wire transfers of proceeds; what courier's expenses he is alleged to have paid; and where the transactions occurred").

### Request 15

Maloney is not entitled to a bill of particulars as to Request 15, which asks that the Government be required to state the amount of the loss sustained by the United States for each count in the Indictment. "As with causation, harm is not an element of wire fraud or mail fraud. As a result, no bill of particulars is necessary." *United States v. Williams*, No. CR-08-244-DLJ, 2009 WL 2084798, at *3 (N.D. Cal. July 13, 2009) (internal citation omitted). "What is at issue here is [Maloney's] ability to calculate the loss, which is not an element of the charged offenses. But [Maloney] has all of the underlying evidence, and he has no entitlement to have the Government provide him with precise loss calculations." *United States v. Murray*, No. CR 12-0278 EMC LB, 2013 WL 183970, at *4 (N.D. Cal. Jan. 17, 2013); *see also United States v. Stiso*, No. CRIM. 14-484, 2015 WL 5666137, at *6 (D.N.J. Sept. 25, 2015) (denying defendant's motion for a bill of particulars as to "the total amount of loss").

> In *United States v. Shteyman*, No. 10 CR 347(SJ), 2011 WL 2006291, at *4 (E.D.N.Y. May 23, 2011), the defendant in a health-care fraud case asked the government to segregate from the discovery it already provided the loss calculations that it attributed to the fraud. The court held that he was not entitled to discovery on how the government would prove the loss. *Id*. The result is the same here. Loss really is about sentencing.

*Murray*, 2013 WL 183970, at *4.

## Conclusion

The Indictment in this case contains far more detail than a typical indictment, and it sets forth the charges against Maloney with sufficient precision to enable him to prepare his defense and avoid unfair surprise at trial. Accordingly, there is no need for a bill of particulars, and Maloney's motion should be denied.

RESPECTFULLY SUBMITTED,

JOHN A. HORN
UNITED STATES ATTORNEY

/S/ J. RUSSELL PHILLIPS
ASSISTANT UNITED STATES ATTORNEY
GEORGIA BAR NO. 576335
(404) 581-6239

/S/ STEPHEN H. MCCLAIN
ASSISTANT UNITED STATES ATTORNEY
GEORGIA BAR NO. 143186
(404) 581-6288

600 U.S. Courthouse
75 Ted Turner Drive SW
Atlanta, GA 30303
(404) 581-6000

CERTIFICATE OF SERVICE

I hereby certify that, on October 11, 2016, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system.

>JOHN A. HORN
>UNITED STATES ATTORNEY
>
>/S/ J. RUSSELL PHILLIPS
>ASSISTANT UNITED STATES ATTORNEY
>GEORGIA BAR NO. 576335