IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | Criminal No. |
| v. | |
| JAMES G. MALONEY | 1:16-CR-0237-AT-JSA |

**GOVERNMENT'S RESPONSE TO
DEFENDANT'S MOTION FOR IDENTIFICATION OF DOCUMENTS
WHICH THE GOVERNMENT EXPECTS TO RELY UPON
IN ITS CASE-IN-CHIEF AT TRIAL**

The United States hereby responds to Defendant James G. Maloney's Motion for Identification of Documents Which the Government Expects to Rely Upon in Its Case-in-Chief at Trial (Doc. 18), respectfully showing the Court as follows.

## I.   Introduction

Defendant Maloney has moved to compel the United States to identify the documents produced in discovery that it intends to use in its case-in-chief at trial. In other words, Maloney is seeking to have this Court compel the United States to give him the equivalent of an exhibit list months before trial, indeed long before a trial date is even set.  This Court should deny Maloney's motion because he is not entitled to the information he seeks under applicable discovery rules and relevant case law.

## II.   Argument

Under the Federal Rules of Criminal Procedure, a "criminal defendant is entitled to rather limited discovery." *Degen v. United States*, 517 U.S. 820, 825 (1996).  Other than the obligations imposed on the United States by Rule 16(a)(1), the Jencks Act, and *Brady/Giglio*, a defendant has no further right to discovery, and none of those provisions of law includes a right to have the government identify the specific documents among those produced in discovery that the government intends to use at trial.  Rule 16(a)(1)(E) of the Federal Rules of Criminal Procedure provides only that, upon request, "the government must permit the defendant to inspect and to copy or photograph" documents or other objects in the government's possession if "(i) the item is material to preparing the defense; (ii) the government intends to use the item in its case-in-chief at trial; or (iii) the item was obtained from or belongs to the defendant."

This Rule requires only production—not specific identification—of case-in-chief documents.  In this case, the Government has more than complied with its obligations under the Rule.  It has taken great care to provide defendant access to all relevant documents required by Rule 16, and it has produced reports of witness interviews that are not yet required by law to be produced.  Moreover, in contrast to "bare bones" indictments that merely track the language of the statute, the indictment in this case provides Maloney with a detailed description of the government's case.  (Doc. 1.)  Having made available to Maloney all of the material that the government believes to be relevant to the indictment, the government has complied with its discovery obligations and should not be

compelled to do more.  Contrary to Maloney's assertions, Rule 16 does not require the government to identify which documents it intends to use in its case-in-chief at trial, nor does Maloney have a right to that information.

Numerous courts have rejected defendants' attempts to impose this burden on the government.  In *United States v. Carranza*, No. 1:05-CR-197-4-TWT, 2007 WL 2422033 (N.D. Ga. Aug. 21, 2007), for example, this Court (Thrash and Scofield, JJ.) denied a defendant's request to order the government to identify the documents it intended to use in its case-in-chief.  *Id.* at *3.[1]  The Court noted that "[t]he language of Rule 16(a)(1)(E) . . . does not require the government to make specific identification of its case-in-chief documents separately from the other two categories of documents required to be produced." *Id.* (emphasis omitted). The text of Rule 16 "only requires the production of the documents responsive to each of the categories" and "does not provide persuasive authority for

---

[1] Maloney notes that the Court in *Carranza* granted the defendant's request for the government to provide an index.  (Doc. 18 at 5-6); *see* Carranza, 2007 WL 2422033, at *4 (directing "the government to assist Defendant in focusing his investigation (if it has not already done so) by providing an index or other searchable format to the recorded phone calls pertaining to him and the documents relevant to his defense").  Unlike defendant Carranza, however, Maloney has not requested that the government be ordered to produce an index. His only request—that the government be directed to identify its trial exhibits— was squarely rejected in *Carranza*.  2007 WL 2422033, at *3 (declining "to order that the government identify the documents it intends to use in its case in chief"). The government notes that it produced discovery in this case in an organized and computer-searchable fashion, rendering an index unnecessary, and Maloney has not complained about any difficulties in navigating through and understanding the production.

Defendant's position." *Id.* In support of its ruling, the Court cited several cases that have reached the same conclusion. *Id.* (citing *United States v. Scrushy*, No. CR-03-BE-530-S, 2004 WL 483264, at *3 (N.D. Ala. Mar. 3, 2004) (plain language of Rule 16(a)(1)(E)(ii) does not require government to specify which documents it intends to rely upon at trial); *United States v. Carrington*, No. 02 CR. 897(LTS), 2002 WL 31496199, at *2 (S.D.N.Y. Nov. 7, 2002) (same); *United States v. Alvarado*, No. 01 CR. 156(RPP), 2001 WL 1631396, at *5 (S.D.N.Y. Dec. 19, 2001) (same); *United States v. Nachamie*, 91 F. Supp. 2d 565, 569 (S.D.N.Y. 2000) (same)).

The *Carranza* Court also rejected the same line of authority relied on here by Maloney. Like defendant Carranza, Maloney relies on *United States v. Poindexter*, 727 F. Supp. 1470, 1484 (D.D.C. 1989), and *United States v. Turkish*, 458 F. Supp. 874, 882 (S.D.N.Y. 1978), in an attempt to impose an obligation on the government. (Doc. 18 at 5-9.) Yet the *Carranza* Court recognized that those decisions are not supported by the text of Rule 16. *See* 2007 WL 2422033, at *3. Indeed, Maloney's counsel is a repeat player on this issue: in at least two other cases, he has urged this Court to adopt the *Turkish* line of authority and require the government to identify case-in-chief documents as part of discovery. In both cases, this Court (Pannell and Story, JJ.) rejected his argument. *See United States v. Isley*, No. 1:05-CR-621-CAP, Doc. 103 at 5-6 (N.D. Ga. Sept. 1, 2006) (attached) (denying motion to require government to specify its case-in-chief documents); *United States v. Campbell*, No. 1:04-CR-424-RWS, Doc. 124 (N.D. Ga. June 3, 2005) (attached) (same). This Court should again reject the attempt to impose an

obligation on the government that is untethered to Rule 16 or other applicable authority.

Other District Courts within this Circuit have also rejected Maloney's position.  For example, the District Court for the Northern District of Alabama, relying upon the Eleventh Circuit's decision in *United States v. Jordan*, 316 F.3d 1215 (11th Cir. 2003), denied the very same motion that Maloney makes now.  In *United States v. Scrushy*, No. CR-03-BE-530-S, 2004 WL 483264 (Mar. 3, 2004), the defendant moved the Court to require the government to specify which of the voluminous number of documents produced pursuant to Rule 16 the government intended to introduce in its case-in-chief.  The defendant argued that "the Government has produced so much discovery that defendant is handicapped in attempting to go through all of it unless the Government *identifies* and *specifies* the particular documents it intends to use in its case-in-chief."  *Scrushy*, 2004 WL 483264, at *2.  The Court squarely rejected the defendant's request.  Relying on the Eleventh Circuit's decision in *Jordan*, the Court held that the Eleventh Circuit rejects a defendant's complaint about voluminous discovery.  "Insofar as the defendant contends that he is handicapped by the volume of discovery produced by the Government, the court of appeals recently offered cold comfort . . . ."  *Id*. at *3.  The *Scrushy* Court then quoted *Jordan*:

> The defendants complain that the Government's discovery was so voluminous that it hindered their pretrial preparation.  The discovery was indeed voluminous—because the Government gave the defense access to far more information and materials than the law required.  The defendants

could hardly complain about that. If they had insufficient time to sort things out, they should have asked for a continuance.

*Id.* (quoting *Jordan*, 316 F.3d at 1253).

In denying defendant's motion, the *Scrushy* Court "agree[d] with the Government that the plain language of Rule 16(a)(1)(E)(ii) does not require the Government to *specify* from among the universe of discovery documents produced to defendant which of those documents it intends to rely upon at trial." *Id.* The Court went on to explain:

> The obligation imposed by Rule 16 is one of discovery, to make certain categories of documents available to the defense. The rule does not impose a duty on the Government to tip its hand prematurely by requiring it to give the defendant a roadmap of its strategy. The act of categorizing documents under Rule 16 for the defendant necessarily reveals the Government's strategic view of the significance of each document—whether it is one pertinent to an anticipated defense or one the Government itself intends to use. The rule does not require that outcome. Although it requires an exchange of information, it does not open the door to discovery of strategy.

*Id.*, *quoted in Carranza*, 2007 WL 2422033, at *3.

In support of his argument to the contrary, Maloney has cited four cases from outside this district. Most prominently, he relies on *Turkish*, *Poindexter*, and *United States v. Upton*, 856 F. Supp. 727 (E.D.N.Y. 1994).[2] Those cases are

---

[2] Maloney also cites *United States v. Giffen*, 379 F. Supp. 2d 337 (S.D.N.Y. 2004), but the Court in that case merely set a schedule for the parties to exchange exhibit lists before trial, beginning 30 days before trial, to ensure an efficient presentation at trial. *Id.* at 344.

unsupported by the language of Rule 16, are factually distinguishable from this case, have no precedential value, and have been undermined by subsequent authority. In *United States v. Nachamie*, 91 F. Supp. 2d 565 (S.D.N.Y. 2000), the District Court for the Southern District of New York analyzed the cases on which Maloney relies, and correctly ruled that a defendant has no right to have documents identified under Rule 16(a)(1): "The clear language of Rule 16(a)(1), however, does not require the Government to identify which documents fall into each category—it only requires the production of documents responsive to any category." *Id.* at 569.

In *Nachamie*, the defendants, who were charged with Medicare fraud, filed a motion requesting an order directing the government to specifically identify which of the over 200,000 documents that were produced in discovery the government intended to use in its case-in-chief. 91 F. Supp. 2d at 568-70. The Court found that the cases now cited by Maloney here were wrongly decided and had no basis in either the text of Rule 16(a) or in any binding case law:

> Three district courts have found that the Government has a duty to identify those documents that it intends to use in it its case-in-chief at trial, but none of those decisions are supported by the language of Rule 16(a)(1) or prior case law. The earliest case, *United States v. Turkish*, 458 F. Supp. 874, 882 (S.D.N.Y. 1978), simply stated that it was improper for the Government to "bury the defendant in paper" by making all documents generally available. The *Turkish* court cited no authority for its conclusion that the Government had an obligation to *identify* the documents it intended to use in its case-in-chief, and it mistakenly relied on another district court case, *United States v. Countryside Farms, Inc.*, 428 F. Supp. 1150, 1154 (D. Utah 1977), which merely held that the Government had a duty to *produce* such documents. The second case, *United States v.*

> *Poindexter*, 727 F. Supp. 1470, 1484 (D.D.C. 1989), referred to "fairness to the defendant [and] the protection of his rights" as a basis for its order requiring the Government to *identify* the documents it intended to use in its case-in-chief. But the *Poindexter* court, which relied only on *Turkish* and *Countryside Farms* for its holding, simply compounded the error made in *Turkish*.

*Id.* at 569 (footnote omitted). The Court noted the same problem with the conclusion in *United States v. Upton*, 856 F. Supp. 727, 746 (E.D.N.Y. 1994), finding that "*Upton* also fails to ground its conclusion in the language of Rule 16(a)(1) or binding case law." *Nachamie,* 91 F. Supp. 2d at 569. The Court's negative assessment of the *Turkish* line of cases was thus consistent with this Court's assessment of those cases in *Carranza*. *See United States v. Perraud*, No. 09-60129-CR, 2010 WL 228013, at *10 (S.D. Fla. Jan. 14, 2010) (citing *Carranza* and *Scrushy* and noting that "courts in the Northern District of Alabama and the Northern District of Georgia have reached the same conclusion that the Southern District of New York did in *Nachamie*").

Other courts faced with the issue presented by Maloney have also refused to read a requirement into Rule 16 that does not exist in the text of the rule. *See, e.g., United States v. Causey*, 356 F. Supp. 2d 681, 686-87 (S.D. Tex. 2005) ("The plain language of Rule 16 does not require the government to specify from among the universe of discovery documents produced to defendants which documents it considers material to the defense or which documents it intends to use in its case-in-chief."); *United States v. Reddy*, 190 F. Supp. 2d 558, 571 (S.D.N.Y. 2002) (denying request for identification among 250,000 documents and holding, "It is

clear that Rule 16(a)(1)(C) does not require the Government to identify specifically which documents it intends to use as evidence.  It merely requires that the Government produce documents falling into the three enumerated categories."); *United States v. Carrington*, No. 02 CR. 897(LTS), 2002 WL 31496199, at *2 (S.D.N.Y. Nov. 7, 2002) ("It is clear that Rule 16(a)(1)(C) does not require the Government to identify specifically which documents it intends to use as evidence or for impeachment.  It merely requires that the Government produce documents falling into the three enumerated categories."); *United States v. Alvarado*, No. 01 CR. 156(RPP), 2001 WL 1631396, at *5 (S.D.N.Y. Dec. 19, 2001) (citing *Nachamie* and finding the plain language of Rule 16(a)(1) does not require the government to identify which documents, of the 141 boxes produced, it intends to use in its case-in-chief); *United States v. Valerio*, 737 F. Supp. 844, 847 (S.D.N.Y. 1990) (denying request for identification of exhibits because "defendants are only entitled to that discovery required by Rule 16(a)(1)(C) of the Federal Rules of Criminal Procedure, and this request falls outside that rule").

   Although not required under Rule 16, the government intends to work collegially with defense counsel to arrange for a mutual exchange of exhibit lists before trial and to work out stipulations that would obviate the need for records custodians to testify at trial.  The government has no interest in trial by ambush and wants to make sure that the trial runs efficiently for both the Court and the jury.  Indeed, counsel for both the government and the defense in this case had a trial in 2012 where they were able to exchange exhibits and agree to stipulations

with professionalism and little, if any, disagreement over logistics.  Such an arrangement, however, is one that should be left to the parties to negotiate and work out among themselves.  The Court should not impose an arrangement inconsistent with the applicable Rules and prior case law.

### III.   Conclusion

The government has taken a liberal approach to discovery in this case and is giving Maloney more information than he is entitled to by law.  However, the government has not dumped boxes of documents on the defendant to gain a tactical advantage; rather, the government, out of an abundance of caution, is seeking to ensure that defendant receives all relevant documents, including those documents that the government may use as exhibits as well as documents relevant to the charges and potentially material to the defense.  Maloney has received organized, computer-searchable discovery and a detailed indictment laying out the government's case.  Under these circumstances, and given the

Eleventh Circuit's and this Court's prior decisions rejecting the imposition of discovery obligations on the government beyond those defined in Rule 16, Maloney's motion should be denied.

> RESPECTFULLY SUBMITTED,
>
> JOHN A. HORN
> UNITED STATES ATTORNEY
>
> /s/ J. RUSSELL PHILLIPS
> ASSISTANT UNITED STATES ATTORNEY
> GEORGIA BAR NO. 576335
> (404) 581-6239
>
> /s/ STEPHEN H. MCCLAIN
> ASSISTANT UNITED STATES ATTORNEY
> GEORGIA BAR NO. 143186
> (404) 581-6288

600 U.S. Courthouse
75 Ted Turner Drive SW
Atlanta, GA 30303
(404) 581-6000

CERTIFICATE OF SERVICE

I hereby certify that, on October 14, 2016, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system.

JOHN A. HORN
UNITED STATES ATTORNEY

/S/ STEPHEN H. MCCLAIN
ASSISTANT UNITED STATES ATTORNEY
GEORGIA BAR NO. 143186