UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | CRIMINAL ACTION<br>NO. 1:05-CR-621-CAP |
| ANGELA DEE ISLEY and JAMES ARCH NELSON, | |
| Defendants. | |

**O R D E R**

This action is currently before the court on Defendant Angela Dee Isley's appeal of the Magistrate Judge's decision [Doc. No. 90] rendered on May 25, 2006 [Doc. No. 88], and Defendants James Arch Nelson and Isley's appeal of the Magistrate Judge's decision [Doc. Nos. 96 and 97) rendered on June 16 [Doc. No. 94].

**I. Factual Background**

Isley and Nelson are being charged with knowingly and willfully executing a scheme to defraud the Medicare program in violation of 18 U.S.C. § 1347 [Doc. No. 1]. The defendants operated Orthoscript, Inc., a company located in Alpharetta, Georgia, which sold orthopedic supplies such as arm slings, wrist splints, and walking boots throughout the Southeast. The company obtained payments for supplies delivered to patients by filing claims with the patients' health care insurance companies and by billing the patients directly.

As Chief Operating Officer and owner of Orthoscript, Isley managed the company's billing operations. Specifically, she supervised and instructed the Orthoscript employees who prepared and submitted claims for payment to insurance companies and patients. Isley established the product codes that Orthoscript listed on its claims for payment to identify the products purportedly sold to patients. Prior to joining Orthoscript, she had nearly twelve years of experience in the field of sales and billing of medical equipment.

As the insurance provider for many of Orthoscript's patients, Medicare covered durable medical equipment ("DME") such as walkers, wheelchairs, and fracture braces prescribed to its beneficiaries by their physicians. However, miscellaneous supplies, such as arm slings, that did not require a physician's prescription were not covered. Companies such as Orthoscript that supplied DME to Medicare patients to received payment by billing the individual patient 20% of the entire bill and submitting a claim to a Medicare contractor for the remaining 80%.

Medicare contracted with Palmetto Government Benefits Administrators ("Palmetto") in Columbia, South Carolina to handle claims for the Southeast. Palmetto received, processed, and adjudicated Medicare claims from various DME suppliers, including Orthoscript. Palmetto also published a Supplier Manual containing

payment and coverage rules for DME supplies and maintained a staff of nurse educators available to answer questions about how to prepare accurate claims for payment. A DME supplier was required to submit accurate claims for payment that correctly identified the actual piece of equipment supplied.

In submitting a claim to Palmetto, DME suppliers utilized a coding system called the Healthcare Common Procedure Coding System (HCPCS). Each piece of medical equipment, whether or not covered by insurance, was assigned a product code. DME suppliers listed a product code in claims submitted to Medicare in order to accurately identify the products dispensed to patients.

The way that the alleged scheme worked is fairly straightforward. Between January 1, 1999, and November 30, 2003, Isley allegedly directed employees to assign incorrect product codes to certain orthopedic supplies in Orthoscript's inventory in order to generate higher payments from Medicare. Company employees, who allegedly personally objected to Isley's edicts, would list incorrect product codes on shoulder braces, custom fabricated wrist braces, and tibial fracture braces. As a result of the alleged health care fraud scheme, the Medicare program paid more than $500,000 to Orthoscript based on inaccurate reporting on the foregoing claims.

**II. Order of May 25, 2006**

As a part of her defense, Isley asserts that the coding system was vague and open to interpretation. To support her assertion and defense of entrapment by estoppel, Isley requested in her Motion for Favorable Evidence to have "record of ALL the prepayment and postpayment review claims submitted to Palmetto and BCBS for the period January 1, 1999, through November 30, 2003, by Orthoscript and <u>all other suppliers</u> for the DME products referenced in the Indictment" ("paperwork evidence") [Doc. No. 34].

The indictment of Isley was filed on December 29, 2005. During a pretrial conference on February 14, 2006, Magistrate Judge Feldman orally granted Isley's motion for production of favorable evidence, thereby entitling her to the paperwork evidence. However, on May 12, 2006, the government filed a sur-reply [Doc. No. 73] regarding Isley's first motion to dismiss indictment [Doc. No. 33]. In this sur-reply, which was filed one week late pursuant to Local Rule 7.1(c), the government initially introduced its challenge to the obligation of providing the paperwork evidence. According to the government, its obligation of production extends to the limits established in <u>Brady v. Maryland</u>, 373 U.S. 83, 83 S. Ct. 1194 (1963), and that the paperwork evidence does not amount to <u>Brady</u> evidence. Moreover, the government argues that the paperwork evidence would not help Isley's defense even if it were produced.

4

On the other hand, Isley argues that the documents will support her defense and allegation that the codes were vague and the misuse of such codes was rampant within the industry.

In an order dated May 25, 2006, the Magistrate Court denied Isley's motion to strike the sur-reply despite the sur-reply's tardiness because the government did not raise any new issues [Doc. No. 88]. Furthermore, the court concluded that the government was not obligated to produce the paperwork evidence because it is not exculpatory and will not help Isley in her defense.

Isley appealed the Magistrate Judge's order [Doc. No. 90]. This court held a hearing on July 20, 2006, and heard argument from Isley's counsel and counsel for the government. After careful consideration of both the written and oral arguments of counsel, this court finds that the Magistrate Judge's conclusion regarding the non-exculpatory nature of the evidence at issue is correct. Accordingly, the ruling by the Magistrate Judge is affirmed.

### III. Order of June 16

Both defendants appeal the denial by the Magistrate Judge of Defendant Isley's motion for specific identification of the governments's case-in-chief documents [Doc. Nos. 96 and 97]. While the defendants concede that the Magistrate Judge was correct in that Rule 16 of the Federal Rules of Criminal Procedure does not require the government to provide this information, they urge the

court to exercise its discretion to cause the government to identify the specific documents on which it will rely at trial. According to the defendants, the government has provided them with almost 13,000 documents in discovery and has indicated that further documents are forthcoming. The defendants argue that fairness dictates that the government be required to disclose its case-in-chief documents.

As recognized by the Magistrate Judge, this court and another district court in the Eleventh Circuit have held otherwise. <u>United States v. Cambell</u>, Civil Action No. 1:04-CV-424-RWS at Doc. No. 124 (N.D. Ga. June 3, 2005); <u>United States v. Scrushy</u>, No. CR-03-BE-530-S, 2004 WL 483264, *3 (N.D. Ala. March 3, 2004). This court agrees with the reasoning of these decisions. Accordingly, the Magistrate Judge's Order of June 16, 2005 is AFFIRMED.

The court notes that in its response to the appeal by the defendants, the government suggests an agreement for the parties to make a mutual exchange of all exhibits one month before trial. While the court cannot enforce an agreement of mutual exchange without the consent of the defendants, the parties are encouraged to enter into and abide by such an arrangement.

**IV. Conclusion**

The Magistrate Judge's Order of May 25, 2006 [Doc. No. 88], and Order of June 16, 2006 [Doc. No. 94], are hereby AFFIRMED.

SO ORDERED, this 1st day of September, 2006.

/s/ Charles A. Pannell, Jr.
CHARLES A. PANNELL, JR.
United States District Judge
