```
              IN THE UNITED STATES DISTRICT COURT
             FOR THE NORTHERN DISTRICT OF GEORGIA
                         ATLANTA DIVISION

UNITED STATES OF AMERICA,       )     CRIMINAL ACTION
                                )
v.                              )     NO: 1:04-CR-424-RWS-ECS
                                )
WILLIAM C. CAMPBELL.            )
```

**O R D E R**

This matter is before this Court on Defendant's motion for specific identification of the government's case-in-chief documents. [Doc. No. 85]. Defendant contends that fairness under Rule 16 of the Federal Rules of Criminal Procedure requires that the government be ordered to identify with specificity those documents it intends to use during its case-in-chief. The government responds that Defendant is not entitled to such a specification, either under Rule 16 or otherwise. To counter Defendant's arguments of unfairness, the government points to the index to its document production that it has provided to the Defendant and to the detailed allegations of the indictment.

Rule 16(a) of the Federal Rules of Criminal Procedure governs the government's discovery obligations. In particular, Rule 16(a)(1)(E) covers the production of "documents and objects" and provides as follows:

> Upon a defendant's request, the government must permit
> the defendant to inspect and to copy or photograph books,
> papers, documents, data, photographs, tangible objects,
> buildings or places, or copies or portions of any of

>   these items, if the item is within the government's possession, custody, or control and:
>
>>   (i) the item is material to preparing the defense;
>>   (ii) the government intends to use the item in its case- in-chief at trial; or
>>   (iii) the item was obtained from or belongs to the defendant.

Defendant's argument is that the government in this case has produced approximately 280,000 pages of documents but has not complied with Rule 16(a)(1)(E) because it has not indicated which of those documents it intends to rely on to present its case-in-chief at trial. Defendant complains that he has been deluged with a flood of unnecessary documents, rendering the Rule 16 production unmeaningful and fundamentally unfair.

The language of Rule 16(a)(1)(E), however, clearly does not require the government to make specific identification of its case-in-chief documents separately from the other two categories of documents required to be produced. The rule only requires the production of the documents responsive to each of the categories. The text of Rule 16(a)(1)(E), therefore, does not provide persuasive authority for Defendant's position. See United States v. Scrushy, 2004 WL 483264, *3 (N. D. Ala. March 3, 2004)(plain language of Rule 16(a)(1)(E)(ii) does not require government to specify which documents it intends to rely upon at trial); United States v. Carrington, 2002 WL 31496199, *2 (S.D.N.Y. Nov. 7, 2002)(same);

2

AO 72A
(Rev.8/82)

United States v. Alvarado, 2001 WL 1631396, *5 (S.D.N.Y. Dec. 19. 2001)(same); United States v. Nachamie, 91 F.Supp.2d 565, 569 (S.D.N.Y. 2000)(same).

As stated by the district court in Scrushy:

> The obligation imposed by Rule 16 is one of discovery, to make certain categories of documents available to the defense. The rule does not impose a duty on the government to tip its hand prematurely by requiring it to give the defendant a roadmap of its strategy. The act of categorizing documents under Rule 16 for the defendant necessarily reveals the government's strategic view of the significance of each document – whether it is one pertinent to an anticipated defense or one the government itself intends to use. The rule does not require that outcome. Although it requires an exchange of information, it does not open the door to discovery of strategy.

2004 WL 483264 at *3.

Defendant relies primarily on three district court decisions which imposed an obligation on the government to identify its case-in-chief documents. None of those decisions, however, are supported by the language of Rule 16 itself, but instead rely primarily upon notions of fairness to the defendant in the circumstances of the particular case. See United States v. Upton, 856 F.Supp. 727, 746 (E.D.N.Y. 1994)(adequate notice required in order to allow defendant to adequately prepare defense); United States v. Poindexter, 727 F.Supp. 1470, 1484 (D.D.C. 1989)(requiring specificity "grounded in

fairness to defendant"); United States v. Turkish, 458 F.Supp. 874, 882 (S.D.N.Y. 1978)(improper to bury defendant in paper).[1]

This Court declines to follow the authorities cited by Defendant in this case. Rule 16(a)(1)(E) does not require specification, and the unfairness argument is not sufficiently persuasive. The documents in this case have been available to Defendant since at least last November. Furthermore, the government has provided Defendant with a twenty-seven page index to the documents which specifies the general nature of what is contained in the boxes of documents and the source of the documents in each box. Finally, as the government points out, the indictment provides a substantial degree of specificity regarding the allegations against Defendant which should also serve to guide and focus Defendant's examination of the documents produced.

In summary, considering that Rule 16 does not require such specification, and balancing the effect of premature disclosure of the government's strategic work product against any unfairness inherent in the voluminousness of the production, this Court

---

[1] This Court discovered one additional case, United States v. McDonald, 2002 WL 2022215, *3 (E.D.N.Y. Aug. 6, 2002), which noted the Upton case with approval, and, without further discussion, ordered identification of the documents relied upon by the government. Defendant also relied upon United States v. Bortnovsky, 820 F.2d 572, 574-75 (2d Cir. 1987)(per curiam), a case in which the trial court erred in denying a bill particulars regarding certain crucial information not discernible from the voluminous discovery.

AO 72A
(Rev.8/82)

concludes that in this case the motion for specific identification of case-in-chief documents [Doc. No. 85] should be **DENIED**.[2]

**SO ORDERED**, and this 3rd day of June, 2005.

                                                  S/ *E. Clayton Scofield III*
                                                  E. Clayton Scofield III
                                                  UNITED STATES MAGISTRATE JUDGE

---

[2] The court also notes the government's willingness to exchange exhibit lists at least two weeks before trial to facilitate stipulations and to obviate other evidentiary objections and issues prior to trial, but leaves the timing and terms of any such list exchange for negotiation between the parties.

AO 72A
(Rev.8/82)