IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § § | CRIMINAL CASE NO. |
| v. | § § | 1:16-cr-00237-AT-JSA |
| JAMES G. MALONEY, | § § § | |
| Defendant. | § | |

**MOTION FOR EARLY DISCLOSURE OF EVIDENCE OF
OTHER CRIMES, WRONGS, OR ACTS PURSUANT TO
FEDERAL RULE OF EVIDENCE 404(B), AND FOR
LEAVE TO FILE ADDITIONAL MOTIONS**

COMES NOW, James G. Maloney, Defendant herein, by and through the undersigned counsel, and files this, his Motion for Early Disclosure of Evidence of Other Crimes, Wrongs, or Acts Pursuant to Federal Rule of Evidence 404(b), and for Leave to File Additional Motions, and respectfully moves this honorable Court (1) to direct the Government to provide the defense with a summary of any evidence it intends to offer at trial of other crimes, wrongs, or acts pursuant to Federal Rule of Evidence 404(b) earlier than fourteen (14) days before trial, and early enough for Defendant to obtain discovery regarding the alleged other crimes, wrongs, or acts from non-parties pursuant to Federal Rule of Criminal Procedure 17(c); and (2) for

1

leave to file motions for the issuance of subpoenas pursuant to Rule 17(c), motions *in limine*, or motions to compel discovery pursuant to Federal Rule of Criminal Procedure 16(d)(2), and respectfully shows as follows:

## I. INTRODUCTION

On September 9, 2016, and September 12, 2016, the defense sent requests via letter to the Government for discovery pursuant to Federal Rule of Criminal Procedure 16; Northern District of Georgia Local Criminal Rule 16.1; Federal Rule of Evidence 404; *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194 (1963) and related cases; and the Court's Order, Doc. # 9, issued July 6, 2016. On November 3, 2016, the defense sent an additional letter to the Government requesting discovery, arising from the defense's review of additional discovery provided by the Government.

In addition, on September 12, 2016, Dr. Maloney filed a Motion for Leave to File Additional Motions, Doc. # 16, seeking leave to file additional motions following the Government's completion of its discovery obligations under Rule 16. On October 5, 2016, the Court granted Dr. Maloney 30 days in which to file any Rule 16 motions. *See* Doc. # 24.

Dr. Maloney hereby requests that the Government be directed to disclose to the defense a summary of any alleged evidence of other crimes, wrongs, or acts which the Government intends to offer in any trial of this matter pursuant to Federal

Rule of Evidence 404(b). Dr. Maloney shows that early disclosure of any evidence of other crimes, wrongs, or acts is necessary for the reasons that the alleged crimes, wrongs, or acts at issue may implicate contracts or projects involving classified information, and may therefore affect the notice which is before the Court. The crimes, wrongs, or acts which the Government intends to proffer at trial may also necessitate requests by Dr. Maloney to non-party individuals and entities for documents and evidence pursuant to Federal Rule of Criminal Procedure 17(c). Dr. Maloney requests that the Court direct the Government to disclose its summary of any crimes, wrongs, or acts sufficiently in advance of trial to give Dr. Maloney sufficient time to modify his notice, if necessary, and to potentially obtain evidence relating to the alleged other crimes, wrongs, or acts from witnesses.

In addition, Dr. Maloney intends to file motions requesting the issuance of subpoenas to non-parties for documents and evidence pursuant to Rule 17(c), and intends to file motions *in limine* relating to certain evidence. It may furthermore become necessary for Dr. Maloney to move to compel discovery under Federal Rule of Criminal Procedure 16(d)(2). From an abundance of caution, Dr. Maloney requests leave to file such motions as the need may arise.

## II. <u>ARGUMENT AND CITATION OF AUTHORITIES</u>

### I. <u>Motion for Early Disclosure of Evidence of Other Crimes, Wrongs, or Acts Pursuant to Federal Rule of Evidence 404(b)</u>

In its Order, the Court directed the Government to provide the defense with a summary of any evidence it intends to offer at trial of other crimes, wrongs, or acts pursuant to Federal Rule of Evidence 404(b) by no later than fourteen (14) days before trial. *See* Doc. # 9, § IV(C). Rule 404(b) itself provides that:

> On request by a defendant in a criminal case, the prosecutor must:
> (A) provide reasonable notice of the general nature of any such evidence that the prosecutor intends to offer at trial; and
> (B) do so before trial--or during trial if the court, for good cause, excuses lack of pretrial notice.

Fed.R.Evid. 404(b)(2). The Notes to Rule 404 further state that:

> Rule 404(b) adds a pretrial notice requirement in criminal cases and is intended to reduce surprise and promote early resolution on the issue of admissibility…
>
> The Rule expects that counsel for both the defense and the prosecution will submit the necessary request and information in a reasonable and timely fashion. Other than requiring pretrial notice, no specific time limits are stated in recognition that what constitutes a reasonable request or disclosure will depend largely on the circumstances of each case. *Compare* Fla.Stat.Ann. § 90.404(2)(b) (notice must be given at least 10 days before trial) *with* Tex.R.Evid. 404(b) (no time limit).

Fed.R.Evid. 404, Notes (1991 Amends.).

Pursuant to the purpose of Rule 404(b)'s notice requirement to reduce surprise and promote early resolution on issues of admissibility, the Eleventh Circuit Court of Appeals has held that:

> Although Rule 404(b) "imposes no specific time limits," the court should consider the following three factors in determining the reasonableness of pretrial notice: (1) "[w]hen the government ... could have learned of the availability of the witness; (2) [t]he extent of prejudice to the opponent of the evidence from a lack of time to prepare; and (3) [h]ow significant the evidence is to the prosecution's case."

*United States v. Barber*, 147 Fed.Appx. 941, 944 (11th Cir. 2005) (quoting *United States v. Perez–Tosta,* 36 F.3d 1552, 1561-1562 (11th Cir. 1994)). The Court of Appeals has further observed that:

> Although it is obviously advantageous for defense counsel to determine before trial whether the prosecutor intends to offer similar acts evidence, the rule does not require the government to give notice of its intent to introduce such evidence. 2 J. Weinstein & M. Berger, *Weinstein's Evidence* ¶ 404[19] (1985). The absence of a mandatory notice requirement does not, however, preclude the prosecution from voluntarily giving notice of similar acts evidence. *Id.* Nor is the trial judge prevented from requiring disclosure of similar acts evidence in compliance with a pretrial Omnibus Hearing procedure consented to by the parties. *See United States v. Jackson,* 621 F.2d 216, 220 (5th Cir.1980); *see also* 2 A.B.A., Standards for Criminal Justice ch. 11 (2d ed. 1980); Clark, *The Omnibus Hearing in State and Federal Courts,* 59 Cornell L.Rev. 761 (1974). A defense motion for pretrial notice of similar acts evidence is thus merely akin to a request for voluntary discovery.

*United States v. Anderson*, 799 F.2d 1438, 1440 (11th Cir. 1986).

The Government has produced to the defense Federal Bureau of Investigation (FBI) form FD-302s which show that alleged co-conspirators of Dr. Maloney—James D. Fraley, III, and James J. Acree—were interviewed regarding other contracts or projects involving classified information.. The defense desires to ascertain whether the government intends to introduce at trial any evidence of other crimes, wrongs, or acts by Fraley or Acree which are not alleged in its Indictment, since such information may affect another notice by Dr. Maloney which has been submitted to the Court, as well as Dr. Maloney's potential requests for issuance of subpoenas directing witnesses to produce documents and objects pursuant to Federal Rule of Criminal Procedure 17(c).

Accordingly, the defense requests that the Government be directed to provide the defense with a summary of any evidence it intends to offer of other crimes, wrongs, or acts under Rule 404(b) earlier than fourteen (14) days before trial. In support of the request, Dr. Maloney shows that early disclosure of alleged Rule 404(b) evidence will reduce surprise and facilitate early resolution of any admissibility issues. Further supporting requiring early disclosure is the fact that the Government has been in possession of evidence relating to Fraley and Acree for several years, and requiring the Government to disclose the other crimes, wrongs, or acts early will not unduly prejudice the Government.

The defense shows that the Government opposes its request for early disclosure of the summary of the evidence of other crimes, wrongs, or acts which it intends to offer at trial. However, Dr. Maloney submits that the Court possesses discretion under Rule 404(b) to order early disclosure of the other crimes, wrongs, or acts which the Government intends to introduce. Dr. Maloney requests that the disclosure be sufficiently in advance of trial to enable Dr. Maloney to seek evidence or information relating to the alleged other crimes, wrongs, or acts through request for subpoenas under Rule 17(c).

## II. Notice of Potential Need to File Additional, Discovery-Related Motions and Motions *in Limine*

The Government has represented to the defense that it has provided the defense with all of the evidence in its files. Based upon this representation, Dr. Maloney gives notice to the Court and the Government of his intention to request that the Court issue subpoenas directing witnesses to produce documents and objects pursuant to Rule 17(c). *See* Fed.R.Crim.P. 17(c). Dr. Maloney believes that relevant, exculpatory, and/or impeaching evidence and information relating to the allegations in the Indictment, Dr. Maloney's defenses, and his alleged co-conspirators, Acree and Fraley, can be found in the possession of various third parties. Dr. Maloney furthermore expects to file one or more motions *in limine* prior to any trial of this matter.

The defense has also requested to be permitted—under reasonable conditions—to examine and test physical evidence which maintain the integrity of the evidence. *See* Doc. #9, § IV(E). The Government has advised that its case agent is currently out of the country until next week, and that it will give the defense a proposed date and time to examine and test the evidence upon the case agent's return. The defense does not believe that it will be necessary, however Dr. Maloney wishes to reserve the right to file a motion based on any failure to comply with discovery pursuant to Federal Rule of Criminal Procedure 16(d)(2).

The defense believes that motions for the issuance of subpoenas pursuant to Rule 17(c), motions *in limine*, and motions to enforce discovery pursuant to Federal Rule 16(d)(2) may be filed after the initial time to file pre-trial motions. However, out of caution, Dr. Maloney respectfully moves the Court for leave to file additional motions as described herein. The defense respectfully submits that the fact that relevant, exculpatory, and impeaching evidence may be in the possession of non-parties and obtainable through Rule 17(c) constitutes good cause to support leave to file such motions in the future. In compliance with the Court's Order regarding the filing of additional motions, Dr. Maloney attaches a proposed order hereto as Exhibit A.

## III. <u>CONCLUSION</u>

WHEREFORE, Defendant James G. Maloney respectfully requests that this honorable Court grant his Motion for Early Disclosure of Evidence of Other Crimes, Wrongs, or Acts Pursuant to Federal Rule of Evidence 404(b), and for Leave to File Additional Motions, and (1) to direct the Government to provide the defense with a summary of any evidence it intends to offer at trial of other crimes, wrongs, or acts pursuant to Federal Rule of Evidence 404(b) earlier than fourteen (14) days before trial, and early enough for Defendant to obtain discovery regarding the alleged other crimes, wrongs, or acts from non-parties pursuant to Federal Rule of Criminal Procedure 17(c); and (2) for leave to file motions for the issuance of subpoenas pursuant to Rule 17(c), motions *in limine*, or motions to compel discovery pursuant to Federal Rule of Criminal Procedure 16(d)(2).

Respectfully submitted, this 4th day of November, 2016.

                                  GILLEN WITHERS & LAKE, LLC

                                  /s/Craig A. Gillen_____
                                  Craig A. Gillen, Esq.
`                                Georgia Bar No. 294838
                                  Anthony C. Lake
                                  Georgia Bar No. 431149
                                  One Securities Centre, Suite 1050
                                  3490 Piedmont Road, N.E.
                                  Atlanta, Georgia 30305
                                  Telephone:   (404) 842-9700
                                  Facsimile:   (404) 842-9750
                                  E-mail:       aclake@gwllawfirm.com

                                  Counsel for Dr. James G. Maloney

## CERTIFICATION

The undersigned hereby certifies that, over the past few months, he has conferred with opposing counsel for the United States of America in a good faith effort to resolve the subject-matter of this Motion by agreement, but was unable to reach agreement on the resolution of the issue therein, pursuant to N.D.Ga.L.Crim.R. 12.1D. The undersigned further certifies, pursuant to N.D.Ga.L.Civ.R. 7.1D, that the foregoing document has been prepared with one of the font and point selections (Times New Roman, 14 point) approved by the Court in N.D.Ga.L.Civ.R. 5.1B.

`

GILLEN WITHERS & LAKE, LLC

/s/Craig A. Gillen_____
Craig A. Gillen, Esq.
Georgia Bar No. 294838
Anthony C. Lake
Georgia Bar No. 431149
One Securities Centre, Suite 1050
3490 Piedmont Road, N.E.
Atlanta, Georgia 30305
Telephone:  (404) 842-9700
Facsimile:  (404) 842-9750
E-mail:  aclake@gwllawfirm.com

Counsel for Dr. James G. Maloney

11

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that, on this 4th day of November, 2016, the undersigned served the foregoing document by filing the document via the Court's Case Management/Electronic Case Filing (CM/ECF) system, which will automatically serve notice of such filing on the following attorneys of record:

**John Russell Phillips, Esq.**
**Assistant United States Attorney**
**Stephen H. McClain, Esq.**
**Assistant United States Attorney**
**United States Attorney's Office for the Northern District of Georgia**
600 Richard Russell Building
75 Ted Turner Drive, S.W.
Atlanta, Georgia 30303
stephen.mcclain@usdoj.gov
russell.phillips@usdoj.gov

>                    GILLEN WITHERS & LAKE, LLC
>
>                    /s/Craig A. Gillen_____
>                    Craig A. Gillen, Esq.
>                    Georgia Bar No. 294838
>                    Anthony C. Lake
>                    Georgia Bar No. 431149
>                    One Securities Centre, Suite 1050
>                    3490 Piedmont Road, N.E.
>                    Atlanta, Georgia 30305
>                    Telephone:   (404) 842-9700
>                    Facsimile:   (404) 842-9750
>                    E-mail:      aclake@gwllawfirm.com
>
>                    Counsel for Dr. James G. Maloney