IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | Criminal Indictment |
| *v.* | |
| JAMES G. MALONEY, DEFENDANT | No. 1:16-cr-00237-AT-JSA |

**GOVERNMENT'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION FOR EARLY DISCLOSURE OF 404(b) EVIDENCE**

The United States hereby responds to Defendant James G. Maloney's Motion for Early Disclosure of 404(b) Evidence (Doc. 28), respectfully showing the Court that the Motion should be denied for the following reasons:

Federal Rule of Evidence 404(b) allows the Government in a criminal case to introduce "[e]vidence of a crime, wrong, or other act [to prove] motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." FED. R. EVID. 404(b). On request by the defendant, the Government must provide "reasonable notice"[1] of the "general nature"[2] of any

[1] The purpose of the notice requirement "is 'to reduce surprise and promote early resolution on the issue of admissibility.'" *United States v. Perez-Tosta*, 36 F.3d 1552, 1561 (11th Cir. 1994) (quoting FED. R. EVID. 404(b) advisory committee's note).

[2] The term "general nature" has been liberally construed. *United States v. Watson*, 409 F.3d 458, 466 (D.C. Cir. 2005), *as amended on reh'g* (Sept. 14, 2005) (citations omitted).

404(b) evidence it intends to offer at trial, and "do so before trial—or during trial if the court, for good cause, excuses lack of pretrial notice." *Id*.

"What constitutes 'reasonable notice' depends on the circumstances of each case, and courts have found notice as short as 48 hours to be sufficient." *United States v. Burns*, No. 07 CR 556, 2008 WL 4542990, at *2 (N.D. Ill. Apr. 29, 2008) (citing *United States v. Blount*, 502 F.3d 674, 677-78 (7th Cir. 2007)); *see also* FED. R. EVID. 404 advisory committee's note to 1991 amendments ("Other than requiring pretrial notice, no specific time limits are stated in recognition that what constitutes a reasonable request or disclosure will depend largely on the circumstances of each case."). Nevertheless, Courts have held that the Rule "does not . . . require the Government to provide unduly early notice. Indeed, early disclosure presents a significant burden on preparation of the [G]overnment's case." *United States v. Solnin*, 81 F. Supp. 3d 193, 210 (E.D.N.Y. 2015) (citing *United States v. Santos,* No. 98 Cr. 736(RWS), 1999 WL 4912, at *7 (S.D.N.Y. Jan. 5, 1999)); *accord United States v. Giffen*, 379 F. Supp. 2d 337, 345 (S.D.N.Y. 2004). Accordingly, requests for early disclosure of 404(b) evidence "are routinely denied as premature." *United States v. Ahmed*, 94 F. Supp. 3d 394, 439-40 (E.D.N.Y. 2015).

"The district court [for the Northern District of Georgia] has a standing order that requires notice no later than 14 days prior to trial." *United States v. Hernandez*, 626 F. App'x 900, 906-07 (11th Cir. 2015); *see also United States v. Thomas*, No. 3:13-CR-00141 VLB, 2014 WL 2168468, at *9 (D. Conn. May 23, 2014) ("The judges of the District of Connecticut have defined 'reasonable notice' in

their Standing Order on Discovery to mean [that the Government must serve its 404(b) notice] 14 days from the date of arraignment. If the Government does not learn of the evidence until a later date, . . . the standing order and the ongoing disclosure rule require the Government to give notice within 14 days of its discovery of the evidence.").

In this case, the Pretrial Scheduling Order entered on July 6, 2016 expressly states as follows:

> Upon request of the defendant, the government is directed to provide to the defense a summary of any evidence it intends to offer of other crimes, wrongs or acts pursuant to FED. R. EVID. 404(b). **The 404(b) evidence shall be provided to the defense as soon as practicable after the government has determined to use such evidence, subject to the following deadlines:** If the 404(b) evidence pertains to acts or conduct of the defendant which is alleged to have occurred within the Northern District of Georgia, the summary required to be provided under this heading and the rule shall be provided no later than **fourteen (14)** days before trial. If the acts or conduct is alleged to have occurred outside the Northern District of Georgia, the summary required to be provided under this heading shall be provided no later than **twenty-one (21)** days before trial.

(Doc. 9, at 6-7).

To date, the Government has not identified any 404(b) evidence that it plans to introduce at trial. This is simply not a situation where the Court or the Defendant need to be concerned about the possibility of trial by ambush. The prosecutors and the defense lawyers in this case know each other well and have tried cases against each other in the past. Both sides have always been candid

and forthright with each other, and there is no reason to believe that they will not continue to behave that way in this case. Nevertheless, the parties have a respectful disagreement over the issue of how much notice is reasonable and necessary in this case.

Maloney argues that the Court should require the Government to disclose all 404(b) evidence "earlier than fourteen (14) days before trial, and early enough for [him] to obtain discovery . . . from non-parties pursuant to Federal Rule of Criminal Procedure 17(c)," so that he can file related motions and not delay the trial. (*See* Doc. 28, at 9). But Maloney does not cite a single case in which this Court deviated from its standing order and required the Government to provide its 404(b) notice more than 14 days before trial. Other courts, however, have found that "disclosure at least two weeks before trial would provide sufficient time for motions necessitated by the evidence and would obviate the possibility of last minute needs for a continuance." *United States v. Burns*, No. 07 CR 556, 2008 WL 4542990, at *2 (N.D. Ill. Apr. 29, 2008).

The Northern District of Georgia's 404(b) policy—implemented through a standing order—is presumptively reasonable. The standing order defines "reasonable" notice as 14 days if the 404(b) evidence pertains conduct that occurred in this district and 21 days if the evidence pertains conduct that occurred outside this district. (Doc. 9, at 6-7). Thus, the standing order "gives meaning" to the requirement that the Government provide "reasonable" notice of its intent to introduce 404(b) evidence at trial. *See United States v. Allie*, 978 F.2d 1401, 1405 (5th Cir. 1992) ("The standing order's time limitation gives meaning to

the § 3144 requirement that depositions of detained witnesses be taken within a 'reasonable period of time.' The Western District's standing order defines 'reasonable time' as sixty days."); *Aguilar-Ayala v. Ruiz*, 973 F.2d 411, 420 (5th Cir. 1992) ("To give meaning to the term 'reasonable period,' the standing order imposes certain time limitations."); *compare United States v. Hernandez*, No. CR 1:12-CV-322-AT, 2015 WL 10710164, at *1, 9 (N.D. Ga. Feb. 2, 2015) (excluding 404(b) evidence because the Government violated the Northern District of Georgia's standing order by waiting until "the eve of trial" to notify the defense of its intent to use the evidence), *aff'd*, 626 F. App'x 900 (11th Cir. 2015).

Not only is this Court's standing order reasonable, it is at least as generous to the defendant (and in many cases, much more so) than the standard practice in other districts. *See, e.g., United States v. Cohen*, No. CR. WDQ-14-0310, 2015 WL 2261661, at *32 (D. Md. May 7, 2015) ("Several courts in [the Fourth] Circuit have held that notice provided one week before trial—even in cases with serious charges and multiple offenses—discharges the government's obligation to provide 'reasonable' notice under the Rule."); *see also United States v. Dussault*, 28 F.3d 1211 (4th Cir. 1994) ("[W]e find that in this case, eight days was reasonable notice within the meaning of Rule 404(b)"); *United States v. Kern*, 12 F.3d 122, 124 (8th Cir. 1993) (finding that the district court did *not* abuse its discretion by admitting 404(b) evidence produced approximately one week before trial, even though "[t]he magistrate judge [had] specifically ordered that any 'bad act' evidence be disclosed at least fourteen days prior to trial"); *United States v. Long-Parham*, No. CR 15-46, 2016 WL 1644382, at *3 (W.D. Pa. Apr. 25, 2016) ("Courts

that have considered what constitutes 'reasonable notice' have concluded that notice of intent to use Rule 404(b) evidence seven to ten days prior to trial is sufficient."); *United States v. Skinner*, No. 5:15-CR-00034-FL-4, 2016 WL 406347, at *3-4 (E.D.N.C. Feb. 2, 2016) (requiring Government to notify defendant "of the general nature of any Rule 404(b) evidence it intends to offer at trial no later than seven days before the date trial is scheduled to begin"); *United States v. Myles*, No. 5:15-CR-00172-F-18, 2015 WL 9413098, at *3-4 (E.D.N.C. Dec. 22, 2015) (requiring the Government to provide its 404(b) notice "at least one week (seven days) prior to trial"); *United States v. Renteri*a, No. 7:12-CR-37-FA-10, 2014 WL 2616630, at *4 (E.D.N.C. June 12, 2014) ("Even where the charges are serious, providing 404(b) notice one week prior to trial may be sufficient."); U*nited States v. Dutrieville*, No. 12-CR-183, 2013 WL 501373, at *5 (W.D. Pa. Feb. 8, 2013) (stating that numerous courts have determined that providing 404(b) notice "at least two weeks prior to trial" is reasonable), *aff'd sub nom. United States v. Cortez-Dutrieville*, 743 F.3d 881 (3d Cir. 2014); *United States v. Hernandez-Ramos*, No. 3:08-CR-112, 2008 WL 4791497, at *2 (E.D. Tenn. Oct. 28, 2008) ("Although typically seven days should provide sufficient notice to enable a defendant to challenge the introduction of 404(b) evidence at trial, the special circumstances of this case—the fact that the bulk of discovery is in Spanish and that defense counsel anticipates having to interview and/or use non-English-speaking witnesses to investigate the 404(b) claims—make the enlargement of the time for pretrial notice reasonable in this case. . . .Accordingly, the Court finds that 'reasonable notice' under Rule 404(b) in this case shall be fourteen days before trial."); *United*

*States v. Beale*, No. CRIM.08-210-01, 2008 WL 7759975, at *1 (D. Minn. Oct. 2, 2008) (requiring that "disclosures be made no later than fourteen days before trial"); *United States v. Aguilar*, No. CR 07-0030 SBA, 2007 WL 4219370, at *4 (N.D. Cal. Nov. 28, 2007) (requiring "the government to notify the defense of any Rule 404(b) evidence that it intends to rely upon at least two weeks in advance of the start of trial"); *United States v. Graham*, 468 F.Supp.2d 800, 802 (E.D.N.C. 2006) ("Given the serious nature and number of offenses charged, providing notice three days prior to trial would not be reasonable; however, one week prior to trial would be sufficient."); *United States v. Ojeikere,* 299 F. Supp. 2d 254, 257 (S.D.N.Y. 2004) ("Courts in [the Second] Circuit have routinely found that at least ten business days provides reasonable notice to a defendant under Rule 404(b).").

The Northern District of Georgia's standing order is a "valid implementation" of the requirement that the Government provide "reasonable" notice of its intent to use 404(b) evidence at trial; hence, this Court should deny Maloney's request for early disclosure. *See Allie*, 978 F.2d at 1405-06. Moreover, this "Court has every reason to expect that the Government will fully comply with [its] obligations for discovery and inspection, including adherence to the Court's standing order regarding reasonable notice [at least 14 days] in advance of trial." *United States v. Darby*, No. 10-CR-158 DMC, 2011 WL 976501, at *3 (D.N.J. Mar. 14, 2011); *see also Burns*, 2008 WL 4542990, at *2 ("The government states it will provide notice one week prior to trial. The government's assurance is sufficient."). "Should that prove not to be the case, the Court [can] intervene at the appropriate time" and, if appropriate, exclude the evidence. *Darby*, 2011 WL

976501, at *3; *see also Hernandez*, 2015 WL 10710164, at *9 (excluding 404(b) evidence because the Government failed to comply with the standing order); *United States v. Sabo*, No. 2:07-CR-00081RLHPAL, 2008 WL 4224453, at *2 (D. Nev. Sept. 9, 2008) ("Without knowing whether the government will actually seek to introduce Rule 404(b) evidence, and if so, the nature of the evidence, the court cannot make an informed decision about what notice is reasonable in advance of trial. As a practical matter, if the government seeks to introduce evidence under Rule 404(b), and ten days advanced notice is inadequate for the defendant to respond to the proposed evidence, the defendant's remedy is to seek a continuance. If this occurs, the government risks raising the ire of the District Judge for delaying the trial. [Defendant's] motion for thirty days advanced notice of the government's intent to introduce Rule 404(b) evidence is, therefore, denied.").

## Conclusion

For all of these reasons, Maloney's motion for early disclosure of 404(b) evidence should be denied.

RESPECTFULLY SUBMITTED,

JOHN A. HORN
*UNITED STATES ATTORNEY*

/S/ J. RUSSELL PHILLIPS
*ASSISTANT UNITED STATES ATTORNEY*
GEORGIA BAR NO. 576335

/S/ STEPHEN H. MCCLAIN
*ASSISTANT UNITED STATES ATTORNEY*
GEORGIA BAR NO. 143186

600 U.S. Courthouse
75 Ted Turner Drive SW
Atlanta, GA 30303
(404) 581-6000

## CERTIFICATE OF SERVICE

I hereby certify that, on November 21, 2016, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system.

JOHN A. HORN
*UNITED STATES ATTORNEY*

/S/ J. RUSSELL PHILLIPS
*ASSISTANT UNITED STATES ATTORNEY*
GEORGIA BAR NO. 576335