IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | Criminal Indictment |
| v. | |
| JAMES G. MALONEY | No. 1:16-cr-00237-AT-JSA |

**MOTION FOR PROTECTIVE ORDER**

The United States of America, by and through the undersigned Assistant United States Attorneys, pursuant to Rule 16(d)(1) of the Federal Rules of Criminal Procedure, respectfully moves for a Protective Order for appropriate protections against widespread dissemination of a subset of the unclassified discovery materials and the sensitive information contained therein, which will be disclosed to the defense in this matter. This sensitive information includes sensitive records and documents of civilian government agencies, and reports of interviews of witnesses related to the Defendant's work for defense and intelligence agencies. The government seeks protections that will not impede the Defendant's ability to prepare his defense, but merely will protect against the improper dissemination or use of the sensitive information. The United States respectfully submits that the equities favor this Court placing reasonable limitations on the defense's use of the sensitive information in the discovery materials.

The government intends to provide to the defense a number of FBI 302 reports of interviews and other materials that do not constitute Jencks materials, and a number of other documents and evidence including civilian government

records pertaining to the contracts involved in this case. In good faith, the government is producing this material to the defense in order to assist it early in its preparation for trial. However, public dissemination of this information could result in damage to national security, and/or intimidation or harassment of witnesses by individuals outside the defense team. In an attempt to protect the sensitive information in the discovery materials and to prevent intimidation of or tampering with the witnesses, the government proposes the following restrictions be placed on the disclosure and use of the discovery materials in this case:

1. Defense counsel shall hold the discovery materials in strict confidence, disclosing this information to the client, office staff, investigators, and witnesses (including any experts) only to the extent necessary to assist in the defense of this matter.

2. Defense counsel shall advise any person to whom the discovery materials are disclosed that, pursuant to the attached Protective Order, the information must be held in strict confidence and the recipient may not further disclose or disseminate the information.

3. At the conclusion of the litigation of this case, defense counsel shall return to the prosecutor assigned to the case at that time all the discovery materials and any copies generated.

The granting of a protective order now will allow the government to timely comply with its duty to provide discovery.

A trial court "can and should, where appropriate, place a defendant and his counsel under enforceable orders against unwarranted disclosure of the material which they may be entitled to inspect." *Alderman v. United States*, 394 U.S. 165, 185 (1969). In fact, Federal Rule of Criminal Procedure 16(d)(1) permits a court to

deny, restrict, or defer pre-trial discovery when a party can demonstrate the need for these types of measures. *See* Fed R. Crim. P. 16(d)(1). The government does not seek to delay, deny, or restrict the disclosure of information which Rule 16 or the Standing Discovery Order requires. *See, e.g., United States v. Fischel*, 686 F.2d 1082, 1090 (5th Cir. 1982) (stating that "[d]iscovery in criminal cases is narrowly limited [and] makes no provision for the production of the names and addresses of witnesses."). To the contrary, the government only seeks to facilitate discovery here, while protecting against the improper disclosure or use of witnesses' information and sensitive materials relating to their employment. The proposed Protective Order would have no negative effect on the defendant's ability to prepare his defense. Rather, it is because the defendant stands to receive discovery beyond that to which he is entitled, that the proposed Protective Order is necessary.

It is appropriate for any protective order to admonish the parties that the purpose of discovery is trial preparation and that sensitive information provided pursuant to the order is to be used only for that purpose. *See United States v. Salemme*, 978 F. Supp. 386, 390 (D. Mass.1997) (requiring government to make certain disclosures to the defendants, their counsel and those authorized individuals necessary to the defense and ordering that those disclosures be used "solely for the purpose of litigating matters in this case"); *see generally United States v. Anderson*, 799 F.2d 1438, 1441 (11th Cir. 1986) ("Discovery, whether civil or criminal, is essentially a private process because the litigants and the courts assume that the sole purpose of discovery is to assist trial preparation. That is why parties regularly agree, and courts often order, that discovery information

will remain private."). The government reserves its right to challenge the admissibility at trial of any information produced pursuant to the requested order.

RESPECTFULLY SUBMITTED,

JOHN A. HORN
UNITED STATES ATTORNEY

/s/ J. RUSSELL PHILLIPS
ASSISTANT UNITED STATES ATTORNEY
GEORGIA BAR NO. 576335

/s/ STEPHEN H. MCCLAIN
ASSISTANT UNITED STATES ATTORNEY
GEORGIA BAR NO. 143186

600 U.S. Courthouse
75 Ted Turner Drive SW
Atlanta, GA 30303
(404) 581-6000

## C<small>ERTIFICATE OF</small> S<small>ERVICE</small>

I hereby certify that, on September 25, 2017, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system.

> J<small>OHN</small> A. H<small>ORN</small>
> *U<small>NITED</small> S<small>TATES</small> A<small>TTORNEY</small>*
>
> /s/ J. R<small>USSELL</small> P<small>HILLIPS</small>
> *A<small>SSISTANT</small> U<small>NITED</small> S<small>TATES</small> A<small>TTORNEY</small>*
> G<small>EORGIA</small> B<small>AR</small> N<small>O.</small> 576335