IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | CRIMINAL CASE NO. |
| | § | |
| v. | § | 1:16-cr-00237-AT-JSA |
| | § | |
| JAMES G. MALONEY, | § | |
| | § | |
| Defendant. | § | |

**RESPONSE IN OPPOSITION TO
GOVERNMENT'S MOTION FOR PROTECTIVE ORDER**

COMES NOW, James G. Maloney, Defendant herein, by and through the undersigned counsel, and files this, his Response in Opposition to Government's Motion for Protective Order, and hereby opposes the Government's Motion for Protective Order, Doc. # 48, and its proposed "Sensitive Discovery Protective Order," Doc. # 48-1, showing as follows:

The Government's Motion for Protective Order seeks the issuance of a proposed "Sensitive Discovery Protective Order" (hereinafter "Proposed Protective Order") to allegedly prevent "widespread dissemination" of unclassified discovery materials. *See* Doc. # 48, p. 1. The Government's Proposed Protective Order:

- Would prohibit the defense from "reproducing" or disseminating to persons not a party to, or involved in, this case, "any reports of witness interviews conducted by the government, and any unclassified documents pertaining to

1

the Defendant's work for any defense or intelligence agency that have been produced as Sensitive Discovery Material." Doc. # 48-1, p. 1;

- Would prohibit the defense from showing any evidence produced by the Government as "Sensitive Discovery Material" to any individuals, organizations, or other entities other than members of the defense team, or "experts and consultants retained by defense counsel to assist in the preparation of the defense." *Id*.; and

- Would require the defense to give notice to the Court, *ex parte* and under seal, of proposed dissemination of alleged Sensitive Discovery Materials to any defense experts and consultants. *Id*. at 1-2.

The Government's Proposed Protective Order seeks unwarranted and unnecessary restrictions on Dr. Maloney's constitutional right to prepare his defense, and should be denied. The defense appreciates the Government's willingness to produce evidence to the defense in order to assist the defense in its preparation for trial. *See* Doc. # 48, p. 2. However, the Proposed Protective Order is simultaneously overly vague, ambiguous, overbroad, and unduly burdensome. Several serious problems become immediately apparent from the face of the Proposed Protective Order:

- The Proposed Protective Order fails to define the term "Sensitive Discovery Material," and permits the Government to label any material it chooses as

alleged "Sensitive Discovery Material" and therefore subject to the Government's proposed restrictions.

- The Proposed Protective Order confers on the Court apparent veto authority over the defense providing materials to its experts or consultants.
- The Proposed Protective Order appears to contain a blanket prohibition against any "reproduction" of materials by the defense.
- The Proposed Protective Order fails to address disclosure of information to non-expert witnesses who might testify on behalf of Dr. Maloney at trial, and is furthermore not clear regarding whether it is limited to consulting experts for the defense, or also applies to testifying experts.

Federal Rule of Criminal Procedure 16 provides, in relevant part, "(d) Regulating Discovery. (1) Protective and Modifying Orders. At any time the court may, for good cause, deny, restrict, or defer discovery or inspection, or grant other appropriate relief." Fed.R.Crim.P. 16(d). For the purposes of a protective order pursuant to Rule 16, "good cause" "'signifies a sound basis or legitimate need to take judicial action.'" *United States v. McGowan*, 552 Fed.Appx. 950, 954 (11th Cir. 2014) (*per curiam*; unpublished) (quoting *In re Alexander Grant & Co. Litig.*, 820 F.2d 352, 356 (11th Cir. 1987)). The Court of Appeals has identified four factors for ascertaining the existence of "good cause," ""[1] the severity and the likelihood of the perceived harm; [2] the precision with which the order is drawn; [3] the

availability of a less onerous alternative; and [4] the duration of the order.'" *In re Alexander Grant & Co. Litig.*, at 356 (quoting *Kleiner v. First National Bank of Atlanta*, 751 F.2d 1193, 1205 (11th Cir. 1985)).

The Government has failed to demonstrate good cause sufficient to warrant the Court's issuance of the Government's Proposed Protective Order under Rule 16(d)(1). Pursuant to the factors referenced above, the Proposed Protective Order is imprecise, vague, and ambiguous. The Proposed Protective Order is furthermore not limited as to duration.

Additionally, Dr. Maloney has already invoked the Classified Information Procedures Act (CIPA), 18 U.S.C. App. 3, in this action. "CIPA provides guidance to trial judges applying Federal Rule of Criminal Procedure 16(d) (discovery) where confidential information is involved." *United States v. Lustyik*, 833 F.3d 1263, 1271 (10th Cir. 2016), *cert. denied*, 137 S. Ct. 822 (2017) (citing *United States v. El–Mezain*, 664 F.3d 467, 519–520 (5th Cir. 2011)). CIPA defines "classified information," in relevant part, as "any information or material that has been determined by the United States Government pursuant to an Executive order, statute, or regulation, to require protection against unauthorized disclosure for reasons of national security…" 18 U.S.C. App. 3 § 1. The Government's Proposed Protective Order creates an additional—and unwarranted—layer of restrictions on the use of non-classified evidence.

Furthermore, the Government makes conclusory assertions regarding alleged harm in its Motion for Protective Order. *See* Doc. # 48, p. 2. It does not explain how dissemination of the Federal Bureau of Investigation Form FD-302s or "civilian government records" would allegedly pose any risk to national security or a risk of intimidation or harassment of potential witnesses. *Id*. The Government furthermore makes no showing as to the likelihood of the asserted harm. The Form FD-302s and contract documents are not classified or otherwise subject to any special protection which would warrant additional restrictions under Rule 16(d)(1). The Government has failed to show the requisite good cause to warrant the issuance of its Proposed Protective Order.

The defense agrees that "[d]iscovery is neither a public process nor typically a matter of public record." *United States v. Anderson*, 799 F.2d 1438, 1441 (11th Cir. 1986). The defense has no intention of making public, or "widely disseminating," any non-classified materials produced in this case. However, it must be permitted to make unfettered, *internal* use of materials in order to prepare Dr. Maloney's defense. The Government's proposed restrictions are unwarranted, and constitute an impermissible infringement on Dr. Maloney's ability to prepare and conduct his defense. The Government's Motion for Protective Order and Proposed Protective Order should be denied.

WHEREFORE, Defendant James G. Maloney respectfully prays that the Government's Motion for Protective Order, Doc. # 48, be denied.

Respectfully submitted, this 6th day of October, 2016.

                                        GILLEN WITHERS & LAKE, LLC

                                      /s/Craig A. Gillen _____
                                      Craig A. Gillen, Esq.
`                                    Georgia Bar No. 294838
                                      Anthony C. Lake
                                      Georgia Bar No. 431149
                                      One Securities Centre, Suite 1050
                                      3490 Piedmont Road, N.E.
                                      Atlanta, Georgia 30305
                                      Telephone:   (404) 842-9700
                                      Facsimile:    (404) 842-9750
                                      E-mail:       aclake@gwllawfirm.com

                                      Counsel for Dr. James G. Maloney

## **CERTIFICATION**

The undersigned certifies, pursuant to N.D.Ga.L.Civ.R. 7.1D, that the foregoing document has been prepared with one of the font and point selections (Times New Roman, 14 point) approved by the Court in N.D.Ga.L.Civ.R. 5.1B.

GILLEN WITHERS & LAKE, LLC

/s/Craig A. Gillen_____
Craig A. Gillen, Esq.
Georgia Bar No. 294838
Anthony C. Lake
Georgia Bar No. 431149
One Securities Centre, Suite 1050
3490 Piedmont Road, N.E.
Atlanta, Georgia 30305
Telephone:   (404) 842-9700
Facsimile:    (404) 842-9750
E-mail:         aclake@gwllawfirm.com

Counsel for Dr. James G. Maloney

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that, on this 6th day of October, 2016, the undersigned served the foregoing document by filing the document via the Court's Case Management/Electronic Case Filing (CM/ECF) system, which will automatically serve notice of such filing on the following attorneys of record:

**John Russell Phillips, Esq.**
**Assistant United States Attorney**
**Stephen H. McClain, Esq.**
**Assistant United States Attorney**
**United States Attorney's Office for the Northern District of Georgia**
600 Richard Russell Building
75 Ted Turner Drive, S.W.
Atlanta, Georgia 30303
stephen.mcclain@usdoj.gov
russell.phillips@usdoj.gov

                              GILLEN WITHERS & LAKE, LLC

                              /s/Craig A. Gillen _____
`                             Craig A. Gillen, Esq.
                              Georgia Bar No. 294838
                              Anthony C. Lake
                              Georgia Bar No. 431149
                              One Securities Centre, Suite 1050
                              3490 Piedmont Road, N.E.
                              Atlanta, Georgia 30305
                              Telephone:   (404) 842-9700
                              Facsimile:    (404) 842-9750
                              E-mail:        aclake@gwllawfirm.com

                              Counsel for Dr. James G. Maloney