IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | Criminal Indictment |
| *v.* | |
| JAMES G. MALONEY | No. 1:16-cr-00237-AT-JSA |

## GOVERNMENT'S REPLY IN SUPPORT OF ITS MOTION FOR PROTECTIVE ORDER

The United States of America respectfully files this Reply in support of its Motion for a Protective Order for appropriate protections against widespread dissemination of a subset of the unclassified discovery materials that have been provided to the defense in this matter. The Government seeks protections that will not impede or unduly burden the Defendant's ability to prepare his defense, but merely will protect against the improper dissemination or use of the sensitive information.

The documents produced by the Government in this case fall into three categories. The first category is the discovery materials typical in a criminal case. The second category is the classified discovery governed by the CIPA Section 3 Protective Order. A smaller third tranche exists here of "sensitive discovery materials," consisting of sensitive intelligence and law enforcement materials. The documents in this third category consist of a number of FBI 302 reports of interviews and other materials that do not constitute Jencks materials, and a number of other documents and evidence including civilian Government records pertaining to the contracts involved in this case. As noted in the Government's Motion, public dissemination of this information could result in damage to

national security, and/or intimidation or harassment of witnesses by individuals outside the defense team.  In an attempt to protect the sensitive information in the discovery materials and to prevent intimidation of or tampering with the witnesses, the Government proposed some very basic restrictions on the disclosure and use of the discovery materials in this case.

Rule 16(d) provides that the district court may, for good cause, deny, restrict or defer discovery or inspection or grant other relief, including the issuance of protective orders.  Here, the Government has not sought to delay or restrict the disclosure of information required by Rule 16.  *See, e.g., United States v. Fischel*, 686 F.2d1082, 1090 (5th Cir. 1982) (stating that "[d]iscovery in criminal cases is narrowly limited [and] makes no provision for the production of the names and addresses of witnesses.").  To the contrary, the Government only seeks to protect against the improper disclosure or use of certain witnesses' information and sensitive materials relating to their employment relationship with the United States Government.  The proposed Protective Order would thus have no negative effect on the Defendant's ability to prepare his defense.

A trial court "can and should, where appropriate, place a defendant and his counsel under enforceable orders against unwarranted disclosure of the material which they may be entitled to inspect."  *Alderman v. United States*, 394 U.S. 165, 185 (1969); *see Seattle Times Company v. Rhinehart*, 467 U.S. 20, 31-33 (1984) (noting that pretrial civil discovery materials are not traditionally available to the public); *United States v. Anderson*, 799 F.2d 1438, 1441 (11th Cir. 1986) (same in the context of criminal discovery, recognizing "that the sole purpose of discovery is to assist trial preparation"); *United States v. Salemme,* 978 F. Supp. 386, 390 (D. Mass. 1997)

(requiring Government to make certain disclosures and ordering that those disclosures be used "solely for the purpose of litigating matters in this case"). That is why parties regularly agree, and courts often order, that discovery information will remain private."); *Bittaker v. Woodford*, 331 F.3d 715, 726 (9th Cir. 2003) (recognizing "[t]he power of courts . . . to delimit how parties may use information obtained through the court's power of compulsion").

The Government previously suggested entry of such an Order to the defense at the same time the CIPA protective order was entered, but the defense refused to engage in a discussion of appropriate terms, let alone consent, and continues its blanket objections now. The defense expresses a fear that the Government will "label any material it chooses as alleged 'Sensitive Discovery Material'" (Doc. 53 at 2-3), when it well knows that the only materials relevant to this protection are the unclassified materials produced in connection with the latest round of discovery requests associated with the defense's most recent Section 5 Notice.

To be sure, there is nothing novel about issuing a protective order limiting the dissemination of unclassified discovery materials solely to the defense team.[1] *See, e.g.*, *United States v. Salemme*, 978 F. Supp. 386, 389-90 (D. Mass. 1997); *Seattle Times*, 467 U.S. at 37 (affirming protective order limiting dissemination of materials produced during pretrial discovery); *Anderson*, 799 F.2d at 1441 (affirming sealing of discovery material filed with the court). Such an order is especially appropriate in this case, given the importance and sensitive nature of

---

[1] The Federal Judicial Center also published a Pocket Guide on Protective Orders in 2012, located at https://www.fjc.gov/sites/default/files/2012/ConfidentialDisc.pdf. While noting the use of CIPA protective orders to protect classified information in national security cases, the Pocket Guide recognized that "[p]rotective orders can also protect unclassified information in criminal cases." *Id.* at 15 and citing *United States v. Carriles*, 654 F. Supp. 2d 557, 562 (W.D. Tex. 2009).

the small group of materials relating to intelligence contracts and those who were involved in them.  Indeed, had the Government been in a position to seek a protective order prior to the production of this tranche of unclassified discovery, it may well have redacted certain information prior to providing it to the defense.  Now, given that the discovery has already been provided to the defense, if the Order is not issued, the Government will be placed in an untenable situation where it did not have an earlier opportunity to withhold and seek protection of specific information within the sensitive discovery materials. [2]

Courts have regularly granted protective orders pursuant to Rule 16(d) regarding unclassified but sensitive material relating to national security.  *See United States v. Lindh*, 198 F. Supp.2d 739, 742 (E.D. Va. 2002) (noting that a protective order for reports of interviews of detainees captured in Afghanistan would "serve to prevent members of international terrorist organizations, including al Qaeda, from learning from publicly available sources, the status of, the methods used in, and the information obtained from the ongoing investigation").  In *Lindh*, the District Court noted that protective orders for sensitive but unclassified material were also issued in *United States v. Moussaoui* (Criminal No. 01-455-LMB) (E.D. Va.) and in *United States v. Bin Laden* (Criminal No. 98-539-LAK) (S.D.N.Y.).  Further, courts in other districts have entered protective orders under Rule 16 with the requirement that the defendant obtain permission from the court before disseminating any sensitive discovery materials to experts.  *See United States v. Barsaaly Saeed Moalin, et al*. (Crm. No. 3:10-cr-

---

[2] Moreover, when such protections are not in place, the ability to obtain prospective declassification in other matters is diminished.  Thus, information that could otherwise be declassified and provided readily to the defense might only be provided under the procedures of the CIPA framework, with the attendant complications.  And unclassified discovery may be delayed, as the Government would need to seek orders relating to specific information in specific materials prior to producing it.

04246-JM) (Doc. 34, p. 2) (SDCA); *United States v. Amina Farah Ali, et al.* (Crm. No. 0:10-cr-00187-MJD-SRN) (Doc. 38, p. 2) (D. MN).

The *Moalin* and *Ali* cases provide precedent for additional restrictions on dissemination of materials to witnesses and potential witnesses. Specifically, the protective orders issued pursuant to Rule 16 in *Moalin* and *Ali* prohibited defense counsel from showing discovery materials to witnesses or potential witnesses unless the sensitive discovery materials consisted solely of that witness's statement(s) or recorded conversations. Similarly, in *United States v. Mohamed* (Crm. No. 0:09-cr-00352- MJD-SRN) (DE 26, p. 2) (D. MN), the court ordered that the defense could show, but not provide copies of, general discovery materials to witnesses or potential witnesses if it was determined that it was necessary to do so for the purpose of preparing the defense of the case.

Moreover, because witnesses for the defense are not bound by the same ethical and legal obligations to maintain the privacy and security of discovery materials, *see* 28 C.F.R. § 50.2, the proposed Order builds in protections. Pursuant to its terms, the Order requires that, before the defense team shares any sensitive discovery materials with potential witnesses, they must first obtain Court approval. This requirement is not onerous, particularly given the limited relevance of any of these materials to any defense, and is an appropriate precaution given the nature of the materials.

By its terms, the proposed Order strikes the appropriate balance between the Government's security and privacy concerns and the defense team's need to receive, process, analyze, and use the information. Accordingly, while the disclosure of the sensitive information to the Defendant and his defense team is

entirely appropriate, it is equally appropriate for this Court to issue a protective order limiting release of the declassified information to only the Defendant and his defense team for its use in preparing a defense for trial.  *See Salemme,* 978 F. Supp. at 389  (holding that all documents and records produced pursuant to the court's order, or subsequently in discovery, are subject to restrictions).

The Government is not suggesting that the defense intends to make public the information at issue, but that does not mean that the information does not warrant additional protections, as it is the information itself that matters rather than the Government's faith in defense counsel's intentions.  The Government's requested protective order would simply prevent the Defendant from circulating the sensitive discovery material to other persons who may circulate the material to third parties who may be interested in the Government's contracting techniques and/or Government personnel involved in this matter, thereby protecting individuals associated with the Government who dedicated their careers to exercising discretion in serving their country.  If defense counsel believes an exception should be made to material that falls within the proposed protective order, the parties should confer and then seek guidance from this Court, if necessary.  The proposed Order is not burdensome in substance or duration, it is sufficiently precise in targeting a limited subset of the unclassified discovery, and it is crafted to protect materials and individuals involved in intelligence contracting.  *See In re Alexander Grant & Co. Litig.,* 820 F.2d 352, 356 (11th Cir. 1987) (finding no abuse of discretion because "[t]he protective order in question . . . was intended to expedite the flow of discovery material, promote the prompt resolution of disputes over confidentiality, and facilitate the

preservation of material deemed worthy of protection"). Accordingly, the Government requests that the Court enter the proposed Protective Order for all sensitive discovery materials furnished to the defense.

Respectfully Submitted,

BYUNG J. PAK
UNITED STATES ATTORNEY

/S/ J. RUSSELL PHILLIPS
ASSISTANT UNITED STATES ATTORNEY
GEORGIA BAR NO. 576335
/S/ STEPHEN H. MCCLAIN
ASSISTANT UNITED STATES ATTORNEY
GEORGIA BAR NO. 143186
600 U.S. COURTHOUSE
75 TED TURNER DRIVE SW
ATLANTA, GA 30303

/S/ JENNIFER KENNEDY GELLIE
TRIAL ATTORNEY
NEW YORK BAR NO. 4842852
/S/ PATRICK T. MURPHY
TRIAL ATTORNEY
NEW YORK BAR NO. 2750602
COUNTERINTELLIGENCE AND
EXPORT CONTROL SECTION
U.S. DEPARTMENT OF JUSTICE
600 E STREET N.W.
WASHINGTON, D.C. 20004

## CERTIFICATE OF SERVICE

I hereby certify that, on October 13, 2017, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system.

> BYUNG J. PAK
> UNITED STATES ATTORNEY
>
> /S/ J. RUSSELL PHILLIPS
> ASSISTANT UNITED STATES ATTORNEY
> GEORGIA BAR NO. 576335