```
 1                IN THE UNITED STATES DISTRICT COURT
                  FOR THE NORTHERN DISTRICT OF GEORGIA
 2                          ATLANTA DIVISION

 3   UNITED STATES OF AMERICA,        :
                                      :
 4   vs.                              :  DOCKET NUMBER
                                      :  1:16-CR-0237-AT-JSA-1
 5   JAMES G. MALONEY,                :
                                      :  ATLANTA, GEORGIA
 6             DEFENDANT.             :  DECEMBER 17, 2018

 7

 8          TRANSCRIPT OF SECTION 6 HEARING PROCEEDINGS

 9            BEFORE THE HONORABLE JUSTIN S. ANAND

10                UNITED STATES MAGISTRATE JUDGE

11                       PART III OF III

12
     APPEARANCES OF COUNSEL:
13
         FOR THE GOVERNMENT:
14
         JOHN RUSSELL PHILLIPS
15       STEPHEN H. MCCLAIN
         UNITED STATES ATTORNEY'S OFFICE
16

17       FOR THE DEFENDANT:

18       CRAIG C. GILLEN
         ANTHONY C. LAKE
19       GILLEN WITHERS & LAKE LLC

20

21
      MECHANICAL STENOGRAPHY OF PROCEEDINGS AND COMPUTER-AIDED
22                     TRANSCRIPT PRODUCED BY:

23   OFFICIAL COURT REPORTER:      SHANNON R. WELCH, RMR, CRR
                                   2394 UNITED STATES COURTHOUSE
24                                 75 TED TURNER DRIVE, SOUTHWEST
                                   ATLANTA, GEORGIA  30303
25                                 (404) 215-1383
```

```
 1                      P R O C E E D I N G S
 2       (Atlanta, Fulton County, Georgia; December 17, 2018.)
 3               THE COURT:  All right.  So we've discussed the
 4     various issues, and I've heard further arguments and proffers.
 5               MR. PHILLIPS:  Your Honor, can we get our phones so
 6     we can get our calendars?
 7               THE COURT:  Let's take a break, and that would be
 8     helpful for me too.  Let's take a break then to get our phones
 9     so we can schedule.  That is a good idea.
10               (A brief break was taken at 12:35 P.M.)
11               THE COURT:  All right.  So we have been in the
12     Section 6 classified hearing for several hours.  We have
13     adjourned that hearing for purposes of today.  We are not
14     concluded with the hearing.  There are some additional
15     submissions at a minimum that are going to be required.
16               So the Government needs a deadline to first do a
17     classification review of the defendant's proffer, the document
18     that is identified on the public docket as Number 81.  And then
19     also for the Government to file a response -- a reply brief
20     essentially and among other things to identify for the Court
21     the evidence that would support any cumulativeness objection.
22               And then I think it would be fair for the defense to
23     have a chance to respond to that portion of it.  They wouldn't
24     have had a chance to respond to the cumulative argument.  In
25     other words, to say that the unclassified document that is
```

1   being offered by the Government is rendered cumulative.  One of
2   the exhibits identified by the plaintiff -- by the defendant,
3   they shall have the opportunity to respond to why that document
4   isn't cumulative.  So that is the schedule that I see at this
5   point that we need.
6            I know the prosecution is not in control of the
7   classification of it, but what would y'all propose for that
8   deadline?
9            MR. PHILLIPS:  I understand, Your Honor, they might
10  need as much as 21 days to do that.  So we gave it to them last
11  week.  We got it on the 7th.  I think it was a few days after
12  that when we emailed it to them.  So --
13           THE COURT:  But I mean, 21 days from today or from
14  when they got it?
15           MR. PHILLIPS:  I think from when they got it,
16  recognizing that, you know, we've got some holidays built in
17  there.
18           THE COURT:  Well, like anything, we have certainly
19  had extensions that have been requested and granted in this
20  case.  If it comes to the point where we need to move it, then
21  we can deal with that.  So let's say they got it a week ago on
22  the 10th.  Well, that would be the 31st.  So I think the Court
23  is closed.  Let's say, I mean, January 2nd.
24           How about that?  And I guess that would be
25  January 2nd.

1         MR. PHILLIPS: How about the following Monday, the
2    7th? That is three weeks from today.
3         THE COURT: Yeah. I mean, that is fine. So we'll
4    say -- yeah. Go ahead.
5         MR. PHILLIPS: That is fine.
6         THE COURT: And then what about the -- I mean, would
7    the same date work? And, believe me, I'm not trying to be
8    Scrooge because people have schedules and lawyers work hard and
9    deserve time. You know, don't feel shy if there would be time
10   because of holiday schedules and vacations that play into this.
11        But would that date be appropriate to use for your
12   response -- your reply brief along with the proffer or
13   submission of the evidence that you contend would support a
14   cumulativeness objection?
15        MR. PHILLIPS: If you would give us a little bit
16   longer, we would appreciate it. Mr. McClain and I have a big
17   2255 response due around that same time. And also we have got
18   the sentencing scheduled on January 10 in the Hardwick case.
19   So there is a lot of work going on between now and then over
20   the holidays. If that would work for the Court, we would
21   appreciate it.
22        THE COURT: So that would -- what about the -- would
23   the 18th work? That would be the end of the following week.
24        MR. PHILLIPS: Yes, Your Honor. Thank you.
25        THE COURT: January 18. And then I don't envision a

1  lengthy -- we have had so many briefs, and I'm not -- we need
2  to at some point stop going round and round.  But I do think,
3  as I said, the defense will not have the opportunity to respond
4  to at least that portion of the Government's submission that
5  there are specific documents that support a cumulativeness
6  objection.
7          So how long would you need specifically to reply on
8  that issue -- to sur-reply on that issue?
9          MR. GILLEN:  Ten days, Your Honor.
10         THE COURT:  All right.  So just round numbers, end of
11 the month, January 31st --
12         MR. LAKE:  That is fine.
13         THE COURT:  -- which I think maybe that is 11 days, I
14 think.
15         All right.  So we might be at the point at that point
16 of the matter being finally submitted or able to be, so the
17 ball would go to my court.  I don't know that yet.  We will see
18 when we look at that if further information is needed.
19         But -- so we will adjourn the hearing.  I don't know
20 that we need to -- I'm not going to adjourn the hearing -- I'm
21 not going to reschedule the hearing literally.  But I won't
22 consider the matter to be fully submitted until at least
23 January 31st.  And the hearing is adjourned at least for the
24 submission of these further submissions through that date.
25         Now, a few housekeeping comments.  I was looking at

1  the docket in preparation for the case, and there is a lot of
2  confusing things here.  And part of what the purpose of my
3  housekeeping comments here is to make sure that -- to clarify
4  some things with regard to the Speedy Trial Act in part because
5  there are some things that are not on the docket, which the
6  frustration with having a classified docket and then a public
7  docket is that they need to match.  Obviously the information
8  submitted that is classified is maintained under -- I mean, not
9  even sealed.  It is maintained in a separate manner.
10           But there has to be at least references to every
11 single filing on the public docket so that sense can be made
12 later of what was filed when and what the relevant things are.
13           And for the most part, I think that has been done.
14 There were a few things though that I have noticed were not on
15 the docket -- on the public docket.  And I don't know that
16 everything is.  I didn't slavishly go through everything to
17 make sure.
18           But at least one important thing or two important
19 things were not on there.  And that is the October 27 filings
20 by the defense -- October 27, 2017.  I have them in my safe.
21 But there is no reference to them on the docket, no notice of
22 filing.  And, you know, those are important documents because
23 that is the second supplemental notice of intent and request
24 for discovery and then a motion to compel.
25           And so obviously for any reviewing court's purposes

1  or for Speedy Trial calculations, things of that sort, that is
2  the sort of thing that has to be there referenced on the
3  docket.  There may be other things.  I didn't again -- so I
4  just urge both sides to go through their filings and compare it
5  to what is recorded on PACER and make sure that there is at
6  least a notice of filing to document what was filed and when.
7           So for Speedy Trial purposes, I have been considering
8  and treating the Section 5 notices that have been filed as
9  motions because -- and the Government's responses to those
10 notices because those are requests for action from the Court to
11 make findings as to the admissibility or non-admissibility --
12 is that a word? -- to exclude evidence.  And many of these also
13 included requests for production or discovery or resistance --
14 opposition to requests that have been made for discovery.
15          And so as early as -- the defense filed its first
16 notice of intent on September 12, and I think the Government
17 responded shortly thereafter, and I'm treating all of those
18 notices and responses thereto as motions.  Because for the
19 reasons I have explained, they are requests for action and
20 relief from the Court and contested requests -- very contested
21 as this morning has shown.
22          So now there have been supplemental requests -- I
23 mean, notices and responses, all of which have been perfecting
24 this basic motion of the defense's request to use certain
25 specific classified information and the Government's opposition

```
 1   to that in whole or in part, again all of which is akin to or
 2   even if not styled literally as they're evidentiary motions for
 3   which we had began the hearing this morning but again is not
 4   complete.
 5           So on that basis, Speedy Trial is not -- has tolled
 6   under the pending motion provision during this entire time.
 7   But in addition to that, I just wanted to also clarify that we
 8   have had all of these continuances for reasons that are
 9   documented on the record either in the classified or public
10   transcripts or other proceedings.
11           And these continuances have all been necessary in
12   order to get us to the point where we are here today, which is
13   a substantial amount of time is required in the beginning to
14   even get the defense cleared to even get access to the relevant
15   information and then for each side to present their pleadings
16   and information and then to be prepared for the hearing and
17   also to get certain matters reviewed so we would know what was
18   classified and what was not.
19           So I think the majority of the individual
20   continuances I expressly said that those reasons supported an
21   exclusion under the continuance subsection of the Speedy Trial
22   Act.  I may not have said it every single time, which was an
23   oversight or a clerical error.  But to the extent I didn't say
24   it every single time, I think it is understood that all of this
25   time was necessary for these purposes.  These complex
```

1  proceedings that have required clearances, review and
2  production of documents and classification reviews, and
3  sometimes there were vacations scheduled by counsel that was
4  also at issue.
5              So all of these continuances that have been -- we've
6  had to grant and the submission of materials and the scheduling
7  of this hearing or leading to the scheduling of this hearing
8  have all been necessary, and I have found, I mean, at the
9  time -- and I just might not have said so expressly every
10 single time but I did most times -- that the ends of justice in
11 granting those continuances outweigh any relevant rights to a
12 speedy trial otherwise.
13             Going forward, the matter won't be under advisement
14 to me really until at least January 31st.  But at that point it
15 is possible that then it would be -- the pending motion
16 exclusion for I think (h)(1)(D) of the Speedy Trial Act
17 would -- the ball would then turn to my court essentially.
18             Now, do the parties have a position -- I have given
19 some thought to this.  Do the parties have a position which
20 form my ruling should take?  In other words, on the issue of
21 issuing an order, determining what evidence should be permitted
22 and what shouldn't, do the parties have a position whether I
23 have the authority to do that by order or whether that would be
24 a R&R to Judge Totenberg or whether as a practical matter it
25 should be that way even if I have the authority to do it?

1      I mean, it is not a dispositive motion.  But it is
2  also highly unusual.  So I mean, usually the trial judge is the
3  one making evidentiary decisions.  But I just wanted to know if
4  the parties had a position.
5      MR. GILLEN:  I haven't really thought about it, Your
6  Honor.  But I think probably it would be more in the form of an
7  R&R it would seem to me.
8      THE COURT:  Even though it is not dispositive of a
9  claim or defense?
10     MR. GILLEN:  Well, I don't know.  Let me think about
11 it.  It just came up.  I haven't really --
12     THE COURT:  I'll allow you to -- you know, you are
13 submitting a reply brief on a limited subject.  But if you
14 wanted to take a position, you can put that in as well.
15     MR. PHILLIPS:  The Court Security Officer told me
16 that she has seen it happen both ways.
17     THE COURT:  Okay.  Okay.  Well, I'll give thought to
18 that.  If y'all have a position, you can say so in your
19 upcoming submission.
20     MR. PHILLIPS:  Your Honor, these documents that I
21 mentioned that we believe -- we produced in unclassified
22 discovery, we think that the Court should take a look at them
23 in deciding what is relevant and helpful to the defense.
24     Does the Court want these now, or should I attach
25 these to the brief that we're going to file?

1    THE COURT:  Well, I mean, I'm happy to take them now.
2    But I would also --
3    MR. PHILLIPS:  I think it would make more sense if we
4    argued it in our brief --
5    THE COURT:  That is fine.
6    MR. PHILLIPS:  -- if we highlight the parts --
7    THE COURT:  I was going to say at least do that.  So
8    if you are handing it to me now, it would be just sort of a
9    courtesy copy and I would anticipate you would attach them
10   later.
11   MR. PHILLIPS:  We'll just attach them.
12   THE COURT:  If you would rather have time to get it
13   all straight, I'm fine with that too -- if you want to attach
14   it later.
15   MR. PHILLIPS:  We'll just attach them to the brief,
16   Your Honor.
17   THE COURT:  All right. Very good. Okay. Any --
18   anything else at this point?
19   MR. PHILLIPS:  No, Your Honor.
20   MR. GILLEN:  No, Your Honor.
21   THE COURT:  All right.  Very good.  Well, happy
22   holidays to everyone.
23   MR. GILLEN:  Thank you, Your Honor.  Same to the
24   Court.
25   THE COURT:  And we will look forward to hearing more

```
 1   from you.
 2            MR. PHILLIPS:  Thank you.
 3            THE COURT:  We'll talk further about after I am in a
 4   position to issue whatever it is in an order or R&R what steps
 5   to take then.  Because as Mr. Phillips pointed out, to the
 6   extent that the result would be finding certain classified
 7   information to be admissible, then there would be this next
 8   step of the Government having the opportunity to make a
 9   substitution or propose a substitution.  So think about the
10   schedule you would propose going forward after my ruling on the
11   Section 6 issue.
12            MR. GILLEN:  Yes, sir.
13            THE COURT:  All right.
14            MR. PHILLIPS:  Will do.
15            THE COURT:  Very good.  We'll be in recess then.
16   Thanks very much.
17            (The proceedings were thereby concluded at
18            12:55 P.M.)
19
20
21
22
23
24
25
```

C E R T I F I C A T E

UNITED STATES OF AMERICA

NORTHERN DISTRICT OF GEORGIA

    I, SHANNON R. WELCH, RMR, CRR, Official Court Reporter of the United States District Court, for the Northern District of Georgia, Atlanta Division, do hereby certify that the foregoing 12 pages constitute a true transcript of proceedings had before the said Court, held in the City of Atlanta, Georgia, in the matter therein stated.

    In testimony whereof, I hereunto set my hand on this, the 30th day of January, 2019.

_____
SHANNON R. WELCH, RMR, CRR
OFFICIAL COURT REPORTER
UNITED STATES DISTRICT COURT