IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | Criminal No. |
| v. | |
| JAMES G. MALONEY | 1:16-cr-00237-AT-JSA |

**Government's Response in Opposition to Defendant's Motion to Strike and Government's Motion for Leave to File Surreply Nunc Pro Tunc**

Last week, on March 5, 2019, the Government filed a Surreply in Support of its CIPA § 6 Motion. (Doc. 92). Maloney filed a Motion to Strike the Government's Surreply. (Doc. 93). As directed by the Court, the Government hereby responds to Maloney's Motion.

The Government did not obtain leave of Court to file its Surreply. The Government should have sought leave of Court before filing its Surreply and apologizes to the Court and to the defense for not having done so.

This Court has discretion to permit the filing of a surreply where "a valid reason for such additional briefing exists." *First Specialty Ins. Corp. v. 633 Partners, Ltd.*, 300 F. App'x 777, 788 (11th Cir. 2008) (citation omitted). A valid reason exists where, as here, the surreply "provides the court with the information necessary to make an informed decision." *Fitzpatrick v. Verheyen*, No. 17-C-101, 2018 WL 3420023, at *2 (E.D. Wis. July 13, 2018) (citations omitted).

Furthermore, this Court has discretion to grant a motion for leave to file a surreply nunc pro tunc. *See Abante Rooter & Plumbing, Inc. v. Birch Communications, Inc.*, No. 1:15-CV-3562-AT, 2016 WL 269315, at *4 (N.D. Ga. Jan. 7, 2016) (granting motion for leave to file surreply nunc pro tunc). Accordingly, the Government hereby moves for leave to file its Surreply nunc pro tunc to the date that the Surreply was originally filed.

The Government asks that the Court use its discretion to consider the Government's Surreply for the following reasons:

1. Significant national security interests are at stake in this case. The Government's Surreply addresses specific substantive issues that go directly to the heart of the CIPA § 6 issues before the Court.

2. The Government's Surreply is not a remix of the Government's previous arguments.

3. It is not the regular practice of the U.S. Attorney's Office to file surreplies. This is the first time that the Government has sought to file a surreply in this case.

4. The Government's Surreply is not lengthy.

5. The Court has generously allowed Maloney numerous opportunities to perfect his CIPA § 5 Notice, including the following:

| Date filed | Description |
|---|---|
| 09/12/16 | Maloney's original § 5 Notice |
| 04/13/17 | Maloney's Supplemental § 5 Notice |
| 07/14/17 | Maloney's Reply Brief in Support of his Supplemental § 5 Notice |

| Date filed | Description |
|---|---|
| 10/27/17 | Maloney's 2nd Supplemental § 5 Notice |
| 01/12/18 | Maloney's Reply Brief in Support of his 2nd Supplemental § 5 Notice |
| 12/17/18 | Maloney's Proffer of Classified Information & Exhibits |
| 02/07/19 | Maloney's Response to Government's Supplemental § 6 Brief |

The Government respectfully submits that its Surreply contains information that the Court needs to make an "informed decision" about the significant national security information that Maloney seeks to disclose at trial. *Fitzpatrick*, 2018 WL 3420023, at *2. Accordingly, the Government respectfully requests that the Court exercise its discretion to allow the Government to file its Surreply nunc pro tunc.

RESPECTFULLY SUBMITTED,

BYUNG J. PAK
UNITED STATES ATTORNEY
/S/ J. RUSSELL PHILLIPS
ASSISTANT UNITED STATES ATTORNEY
GEORGIA BAR NO. 576335
/S/ STEPHEN H. MCCLAIN
ASSISTANT UNITED STATES ATTORNEY
GEORGIA BAR NO. 143186

600 U.S. Courthouse
75 Ted Turner Drive, SW
Atlanta, GA 30303
(404) 581-6000

**CERTIFICATE OF SERVICE**

I hereby certify that, on March 11, 2019, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system.

BYUNG J. PAK
*UNITED STATES ATTORNEY*

/S/ J. RUSSELL PHILLIPS
*ASSISTANT UNITED STATES ATTORNEY*
GEORGIA BAR NO. 576335