IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | CRIMINAL CASE NO. |
| **v.** | : | 1:16-cr-00237-AT-JSA |
| **JAMES G. MALONEY,** | : | |
| Defendant. | : | |

## [PROPOSED] CONSENT ORDER

This matter comes before the Court on Defendant James G. Maloney's appeals of orders issued by the United States Magistrate Judge on April 12, 2019. Dkt. # 101. On April 30, 2019, Defendant filed appeals from the United States Magistrate Judge's orders with this Court. Dkt. # 106 & 107. On June 5, 2019, the Government filed a Brief in Response to Defendant Maloney's Appeal of the Magistrate Judge's April 12, 2019 Order as to the Admissibility of Classified Information Under CIPA § 6(a), and a Brief in Response to Defendant Maloney's Appeal of the Magistrate Judge's April 12, 2019 Order Regarding Defendant's Motion to Compel as to James G. Maloney. Dkt. # 113. On June 20, 2019, Defendant filed his Response in Opposition to the Government's Briefs Regarding the Magistrate Judge's Orders Dated April 12, 2019, and Motion to Strike. Dkt. # 116.

1

On June 5, 2020, the Court held a Scheduling Conference via telephone with the United States Magistrate Judge, counsel for the Government, and Defendant and his counsel. Dkt. # 124.

The Court and the parties recognize that this case raises issues and implicates procedures pursuant to the Classified Information Procedures Act (CIPA), 18 U.S.C. app. 3, §§ 1 et seq., which renders review of the relevant evidence and filings by the parties extremely challenging for the Court. The Court and the parties further recognize that, beginning in early 2020, the Coronavirus Disease 2019 (COVID-19) has posed a serious threat to health and safety and has been declared a global pandemic and a national emergency. See In re: Court Operations Under the Exigent Circumstances Created By COVID-19 and Related Coronavirus, General Order 20-01, p. 1 (N.D. Ga., March 16, 2020).

Therefore, in view of the foregoing facts and circumstances, the parties agree that the Court shall, subject to change, have until January 20, 2021, in which to review Defendant's and the Government's objections to the United States Magistrate Judge's orders, and to rule on Defendant's appeals, pursuant to Federal Rule of Criminal Procedure 72(3). The parties agree that this extension of the time is necessary and furthers the ends of justice, considering the challenges in reviewing filings and evidence implicating classified information under CIPA, and the health and safety risks presented by the COVID-19 pandemic and national emergency.

The parties furthermore agree that the Court shall schedule a status conference with the parties in October, 2020, to assess the status of the case and determine whether the Court will be able to review Defendant's objections to the United States Magistrate Judge's orders and rule on Defendant's appeals by the tentative, January 20, 2021, date.

The Court therefore **ORDERS** that:

(1)    The Court shall, subject to change, have until January 20, 2021, in which to review Defendant's and the Government's objections to the United States Magistrate Judge's orders, and to rule on Defendant's appeals.

(2)    The Court shall schedule a status conference with the parties in October, 2020, to assess the status of the case and determine whether the Court will be able to review Defendant's objections to the United States Magistrate Judge's orders and rule on Defendant's appeals by the tentative, January 20, 2021, date.

(3)    The time period of any continuance entered as a result of this Order shall be excluded under the Speedy Trial Act, 18 U.S.C. § 3161(h)(7)(A), as the Court finds that the ends of justice served by taking that action outweigh the interests of the parties and the public in a speedy trial. Absent further Order of the Court, the period of exclusion shall be from June 20, 2019 through and including October 15, 2020. This time is necessary to follow the Classified Information Procedures Act and address the exigent

3

circumstances created by the spread of COVID-19. These concerns outweigh the interests of the public and the defendant in a speedy trial. The Court may extend the period of exclusion as circumstances may warrant. This Order and period of exclusion are incorporated by reference as a specific finding under 18 U.S.C. § 3161(h)(7)(A) in the record of this case. The Court's General Order 20-01 and its three subsequent amendments are likewise incorporated by reference as a specific finding under 18 U.S.C. § 3161(h)(7)(A) in the record of this case.

SO ORDERED, this ____ day of _____, 2020.

_____
**THE HONORABLE AMY TOTENBERG**
**UNITED STATES DISTRICT JUDGE**

Order prepared, agreed, and consented to by:

John Russell Phillips, Esq.
Assistant United States Attorney
Georgia Bar No. 576335
Stephen H. McClain, Esq.
Assistant United States Attorney
Georgia Bar No. 143186
United States Attorney's Office for the Northern District of Georgia
600 Richard Russell Building
75 Ted Turner Drive, S.W.
Atlanta, Georgia 30303
E-mail: russell.phillips@usdoj.gov
stephen.mcclain@usdoj.gov

Craig A. Gillen, Esq.
Georgia Bar No. 294838
Anthony C. Lake
Georgia Bar No. 431149
400 Galleria Parkway
Suite 1920
Atlanta, Georgia 30339
Telephone: (404) 842-9700
Facsimile: (404) 842-9750
E-mail: cgillen@gwllawfirm.com
aclake@gwllawfirm.com