IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | CRIMINAL CASE NO. |
| | § | |
| v. | § | 1:16-cr-00237-RWS-JSA |
| | § | |
| JAMES G. MALONEY, | § | |
| | § | |
| Defendant. | § | |

## DEFENDANT'S MOTION TO DISMISS THE INDICTMENT PURSUANT TO THE SPEEDY TRIAL ACT, 18 U.S.C. §§ 3161 *ET SEQ.*

Defendant James G. Maloney files this Motion to Dismiss the Indictment Pursuant to the Speedy Trial Act, 18 U.S.C. §§ 3161 *et seq.*, and moves to dismiss the Indictment in this action with prejudice on the ground that Defendant has not been tried within the time mandated by the Speedy Trial Act, 18 U.S.C. §§ 3161 *et seq.* Pursuant to the Court's Order issued February 9, 2023, Defendant also hereby notifies the Court of Defendant's intention to raise the issue of a speedy trial violation, and timely raises the issue. *See* Dkt. # 163. [1]

---

[1] "[T]he defendant may move, before the start of trial or the entry of a guilty plea, to dismiss the charges, and if a meritorious and timely motion to dismiss is filed, the district court must dismiss the charges, though it may choose whether to dismiss with or without prejudice." *Zedner v. United States*, 547 U.S. 489, 499 (2006).

1

# I. <u>BACKGROUND</u>

The Indictment in this action was filed on June 28, 2016. *See* Dkt. # 1. Dr. Maloney was arraigned with a plea of not guilty on June 30, 2016. *See* Dkt. # 4.

On September 12, 2016, Dr. Maloney filed a Notice of Intent to Disclose, or to Cause the Disclosure of, Classified Information, Pursuant to the Classified Information Procedures Act (CIPA), 18 U.S.C. app. 3, §§ 1 *et seq.*, *see* Dkt. # 22; a Motion for a Bill of Particulars Pursuant to Fed. R. Crim. P. 7(f) (Motion for a Bill of Particulars), *see* Dkt. # 17; a Motion for Access to Witnesses, *see* Dkt. # 19; a Motion for Identification of Documents Which the Government Expects to Rely Upon In Its Case-In-Chief at Trial (Motion for Identification of Documents), *see* Dkt. # 18; and a Motion for Leave to File Additional Motions (Motion for Leave), *see* Dkt. # 16.

On September 14, 2016, the United States Magistrate Judge granted Dr. Maloney's Motion for Leave. *See* Dkt. # 20. On January 26, 2018, the Magistrate Judge denied Dr. Maloney's Motion for Identification of Documents. *See* Dkt. # 61. The Court denied his Motion for a Bill of Particulars, Motion for Identification of Documents and Motion for Access to Witnesses on April 19, 2019. *See* Dkt. # 101.

On November 5, 2021, the case was reassigned. *See* Dkt. # 139. On October 26, 2022, the government filed a motion pursuant to Section 6(c) of CIPA. *See* Dkt.

# 139. The Court ruled on the government's motion on January 26, 2023. *See* Dkt. # 161. On February 9, 2023, the Court set the trial in the case to commence on May 22, 2023. *See* Dkt. # 163. On February 27, 2023, Dr. Maloney filed a Motion for Guidance Regarding Securing the Presence of Government Witnesses at Trial and Notice of Requests for Employee Testimony Pursuant to *United States ex rel. Touhy v. Regan*, 340 U.S. 462 (1951), which has not been ruled on by the Court. *See* Dkt. # 168.

Throughout these proceedings, the Magistrate Judge and the Court have found that time was excludable under the Speedy Trial Act, 18 U.S.C. §§ 3161 *et seq. See* Dkt. #s 8, 24, 37, 41, 46, 47, 51, 54, 58, 64, 70, 73, 74, 76, 78, 80, 82, 87, 112, 126, 144. The defense was unable to find any exclusion of time pursuant to the Act after August 10, 2022. *See* Dkt. # 144. Even considering excludable time, Dr. Maloney still will not be tried within the time required by the Act, and the Act has been violated. Dr. Maloney shows that 18 U.S.C. § 3162(a)(2) requires that the Indictment in this action be dismissed.

Dr. Maloney is aware of at least two witnesses who have passed away while this action has been pending. *See* Exhibit A, ¶ 4. One passed away on or about November 12, 2019, and another passed away on or about October 5, 2020. *Id.* at ¶¶ 5, 6. Upon information and belief, another witness has suffered a stroke and

may have memory issues, and yet another has cancer. *Id*. at ¶ 7. Additionaly, upon information and belief, the Georgia Institute of Technology and the Georgia Tech Research Institute failed to preserve one of Dr. Maloney's email accounts following his termination. *Id*. at ¶ 8.

## II. <u>ARGUMENT</u>

The Sixth Amendment to the Constitution of the United States provides that an accused shall enjoy the right to a "speedy" trial. *See* U.S. Const. Amend. VI. The right is "one of the most basic rights preserved by [the] Constitution." *Klopfer v. North Carolina*, 386 U.S. 213, 226 (1967).

Congress acted to safeguard a defendant's constitutional right to a speedy trial through the "rigid" requirements of the Speedy Trial Act, 18 U.S.C. §§ 3161 *et seq. See United States v. Ammar*, 842 F.3d 1203, 1212-1213 (11th Cir. 2016). The Act provides that:

> In any case in which a plea of not guilty is entered, the trial of a defendant charged in an information or indictment with the commission of an offense shall commence within seventy days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs.

18 U.S.C. § 3161(c)(1). It also contains various exclusions from the time period, including "delay resulting from any pretrial motion, from the filing of the motion

through the conclusion of the hearing on, or other prompt disposition of, such

motion…" 18 U.S.C. § 3161(h)(1)(D).

The Act states that:

> If a defendant is not brought to trial within the time limit required by
> section 3161(c) as extended by section 3161(h), the information or
> indictment shall be dismissed on motion of the defendant. The
> defendant shall have the burden of proof of supporting such motion
> but the Government shall have the burden of going forward with the
> evidence in connection with any exclusion of time under
> subparagraph 3161(h)(3). In determining whether to dismiss the case
> with or without prejudice, the court shall consider, among others,
> each of the following factors: the seriousness of the offense; the facts
> and circumstances of the case which led to the dismissal; and the
> impact of a reprosecution on the administration of this chapter and
> on the administration of justice.

18 U.S.C. § 3162(a)(2). Pursuant to section 3162(a)(2), where the Act is violated, a

motion to dismiss the indictment must be granted, and dismissal of the indictment

is required. *See Godwin v. United States*, No. 19-14273-E, 2020 WL 6342962, at *1

(11th Cir. July 13, 2020) (observing that the district court had granted the

defendant's motion to dismiss the indictment for violation of the Speedy Trial Act

filed approximately two and a half months after the defendant was indicted for

distribution of cocaine); *United States v. Young*, 674 F. App'x 855, 859 (11th Cir.

2016) (*per curiam*) (vacating the defendant's convictions for possession of drugs

and a firearm and remanding to the district court to dismiss the indictment against

the defendant, finding that the district court erred in denying the defendant's motion to dismiss the indictment where the Acts 70 day limit expired a month before the defendant's trial date) (*per curiam*); *Ammar*, 842 F.3d at 1206 ("If a defendant is not tried within th[e] window of time, then the district court must grant the defendant's motion to dismiss the indictment") (vacating the defendant's conviction for armed robbery and killing a money courier and remanding with instructions to the district court to dismiss the charges, concluding that the defendant's trial which began over a year after his indictment violated the Act) (citing 18 U.S.C. § 3162(a)(2)). "'[T]he proper dismissal sanction to be imposed in each case is a matter left to the exercise of the sound discretion of the trial judge after consideration of the factors enumerated in the statute.'" *United States v. Ochoa*, 941 F.3d 1074, 1100 (11th Cir. 2019) (quoting *United States v. Russo*, 741 F.2d 1264, 1267 (11th Cir. 1984)).

It has been six years, eight months and four days since Dr. Maloney was arraigned in this action. *See* Dkt. # 4. There are approximately 2,367 days in this case which must be demonstrated to be excludable from the speedy trial calculation pursuant to 18 U.S.C. § 3161(h). The last of the initial motions filed in this action were ruled on nearly four years ago. *See* Dkt. # 101. Over two years elapsed between the ruling on the last of Dr. Maloney's intial motions and the

government's filing of its motion pursuant to Section 6(c) of the Classified Information Procedures Act (CIPA), 18 U.S.C. app. 3, §§ 1 *et seq. See* Dkt. #s 101, 139.

More than 70 unexcludable days under the Speedy Trial Act will have elapsed between Dr. Maloney's arraignment on June 30, 2016, and the commencement of his trial on May 22, 2023. The Act and Dr. Maloney's speedy trial rights have accordingly been violated in this case, and section 3162(a)(2) mandates dismissal of the Indictment. Dr. Maloney fully recognizes that this case has been rendered more complex than most by the presence of classified information and the necessity to follow the procedures of CIPA. However, the exclusions from the Speedy Trial Act under section 3161(h) contain no exception for CIPA. *See* 18 U.S.C. § 3161(h). Dr. Maloney furthermore was the one who raised this issue to the Court and the government in 2016. *See* Dkt. # 22. Dr. Maloney also acknowledges that he has not previously asserted his constitutional right to a speedy trial in this action. Yet "[a] defendant cannot waive the Act's timeliness requirements." *Ammar*, 842 F.3d at 1206.

Dr. Maloney requests that the Court dismiss the Indictment in this action with prejudice, pursuant to section 3162(a)(2). The offenses charged in the Indictment are serious, alleging the charging of more than $250,000 worth of

7

personal expenses on a Georgia Tech purchasing card, and approximately $696,000 in alleged fraudulent consulting fees. *See* Dkt. # 1, ¶¶ 11, 25, 29. However, as shown by the Indictment, shares of these alleged fraudulent purchases and consulting fees went to Dr. Maloney's colleagues, James Acree and James Fraley. *Id.* at ¶ 1. Moreover, the fact that this case involves classified information has plainly been the primary source of the delay in this case. Yet, as stated above, section 3161(h) does not exclude time from the speedy trial calculation based upon proceedings pursuant to CIPA.

Dismissal of the Indictment against Dr. Maloney with prejudice will not adversely impact the administration of justice. On the contrary, dismissal with prejudice in this case would be in the interest of justice, and is necessary to vindicate Dr. Maloney's speedy trial rights. It is Dr. Maloney who will be prejudiced by any re-prosecution of these charges. The earliest substantive offenses charged against Dr. Maloney in the Indictment date from early 2012—11 years ago. *See* Dkt. # 1, pp. 10, 13. Two witnesses have died during the more than six years that this action has been pending. See Exhibit A, ¶¶ 4-6. Upon information and belief, another witness may be mentally impaired, and still another may be seriously ill. *Id.* at ¶ 7. And lastly, upon information and belief, important evidence in the form of Dr. Maloney's emails have not been preserved

in this case.  *Id*. at ¶ 8. On the basis of these facts, the Court should exercise its discretion and dismiss the Indictment in this action with prejudice under the Speedy Trial Act.

### III. <u>CONCLUSION</u>

Based upon the facts and authorities set forth herein, Defendant James G. Maloney requests that the Court grant his Motion to Dismiss the Indictment Pursuant to the Speedy Trial Act, 18 U.S.C. §§ 3161 *et seq.*, and dismiss the Indictment in this action with prejudice.

Respectfully submitted, this 3rd day of March, 2023.

GILLEN WITHERS & LAKE, LLC

*/s/ Anthony C. Lake* _____
Anthony C. Lake, Esq.
Georgia Bar No. 431149
Craig A. Gillen, Esq.
Georgia Bar No. 294838
400 Galleria Parkway
Suite 1920
Atlanta, Georgia 30339
Telephone:    (404) 842-9700
Facsimile:    (404) 842-9750
E-mail:     aclake@gwllawfirm.com
               cgillen@gwllawfirm.com

Counsel for Dr. James G. Maloney

**<u>CERTIFICATION</u>**

The undersigned certifies, pursuant to N.D.Ga.L.Civ.R. 7.1D, that the foregoing document has been prepared with one of the font and point selections (Book Antigua, 13 point) approved by the Court in N.D.Ga.L.Civ.R. 5.1B.

GILLEN WITHERS & LAKE, LLC

*/s/ Anthony C. Lake* _____
Anthony C. Lake, Esq.
Georgia Bar No. 431149

Counsel for Dr. James G. Maloney

10

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that, on this 3rd day of March, 2023, the undersigned served the foregoing document by filing the document via the Court's Case Management/Electronic Case Filing (CM/ECF) system, which will automatically serve notice of such filing on the following attorneys of record:

**John Russell Phillips, Esq.**
**Assistant United States Attorney**
**Stephen H. McClain, Esq.**
**Assistant United States Attorney**
**United States Attorney's Office for the Northern District of Georgia**
600 Richard Russell Building
75 Ted Turner Drive, S.W.
Atlanta, Georgia 30303
stephen.mcclain@usdoj.gov
russell.phillips@usdoj.gov

**Emma Dinan Ellenrieder**
**United States Department of Justice**
950 Pennsylvania Avenue, N.W.
Washington, D.C. 20530
emma.ellenrieder@usdoj.gov

11

GILLEN WITHERS & LAKE, LLC

*/s/ Anthony C. Lake* _____
Anthony C. Lake, Esq.
Georgia Bar No. 431149
Craig A. Gillen, Esq.
Georgia Bar No. 294838
400 Galleria Parkway
Suite 1920
Atlanta, Georgia 30339
Telephone:   (404) 842-9700
Facsimile:   (404) 842-9750
E-mail:      cgillen@gwllawfirm.com
             aclake@gwllawfirm.com

Counsel for Dr. James G. Maloney

12