IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>JAMES G. MALONEY | CRIMINAL ACTION NUMBER<br>1:16-cr-237-RWS-JSA |

**GOVERNMENT'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS THE INDICTMENT**

The United States of America files this response in opposition to Defendant Maloney's motion to dismiss the indictment based on an alleged speedy trial violation (Doc. 169).

## Introduction

It is ironic, to say the least, that Maloney is alleging that he was prejudiced by the delay in bringing him to trial. Virtually all of the delay in this case resulted from Maloney's graymail defense, which invoked the Classified Information Procedures Act ("CIPA") causing a lengthy delay in the proceedings. *See United States v. Anderson*, 872 F.2d 1508, 1514 (11th Cir. 1989) (stating that "CIPA was enacted by Congress in an effort to combat the growing problem of greymail, a practice whereby a criminal defendant threatens to reveal classified information during the course of his trial in the hope of forcing the government to drop the criminal charge against him").

"Implementation of the protections under CIPA is time-consuming, but it is necessary before the prosecution can legally comply with its discovery obligations." *United States v. Warsame*, No. CRIM. 04-29 (JRT), 2007 WL 748281, at *3 (D. Minn. Mar. 8, 2007) (approving ends-of-justice continuances necessitated by CIPA litigation); *see also United States v. Noriega*, 746 F. Supp. 1548, 1559 (S.D. Fla. 1990) (granting an ends-of-justice continuance because the discovery was "classified and therefore subject to elaborate security measures as well as the time-consuming procedures set forth in [CIPA]"). As the Magistrate Judge noted in his Order dated May 22, 2019, all of the CIPA proceedings in this case "are simply phases of the same interrelated motion practice begun by the Defendant's notices to introduce classified evidence." (Doc. 112).

Maloney's motion seeks to capitalize on the delay he caused. But his motion should be denied. Seventy days have not yet run under the Speedy Trial Act. The Court ensured that time was properly excluded under the Act as the CIPA issues were litigated. Moreover, although the Court need not reach the issue, even if more than 70 days had run, any dismissal should be without prejudice. The Court should deny the motion and maintain the scheduled trial date.

**Argument**

The Speedy Trial Act provides that a defendant's trial must begin within 70 days from the date his indictment is filed and made public, or from the date he first appears in the court where the charge is pending, whichever date last occurs. 18 U.S.C. § 3161(c)(1). But there are numerous exceptions to the 70-day rule. *See* 18 U.S.C. § 3161(h). For example, the Act excludes the "delay resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion" (18 U.S.C. § 3161(h)(1)(D)); and the "delay reasonably attributable to any period, not to exceed thirty days, during which any proceeding concerning the defendant is actually under advisement by the court" (*id.* § 3161(h)(1)(H)). "In calculating includable time, both the date on which an event occurs or a motion is filed and the date on which the court disposes of a motion are excluded." *United States v. Yunis*, 723 F.2d 795, 797 (11th Cir. 1984). The dates of the indictment and arraignment are also excluded. *United States v. Barragan*, 793 F.2d 1255, 1258 (11th Cir. 1986).

The Act also excludes any period of delay resulting from a continuance granted at the request of either party "if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action

outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)A). In granting an ends-of-justice continuance, the Court must set forth, "either orally or in writing, its reasons for finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial." *Id.*

When, as here, the defendant moves to dismiss the indictment under the Speedy Trial Act, "the district court must review the course of events from the indictment up to the filing of the motion to dismiss, tracking each motion and proceeding which occurred during that period and evaluating the resultant delay under the Act." *United States v. Pringle*, 751 F.2d 419, 429 (1st Cir. 1984).

"[T]he burden is on the defendant to show his right to a speedy trial has been violated." *United States v. Cordova*, 157 F.3d 587, 599 (8th Cir. 1998) (citing 18 U.S.C. § 3162(a)(2)); *accord United States v. Hessman*, 493 F.3d 977, 980 (8th Cir. 2007); *United States v. Neal*, 27 F.3d 1035, 1042 (5th Cir. 1994); *see also United States v. Williams*, No. CR419-089, 2020 WL 762540, at *5 (S.D. Ga. Feb. 14, 2020) (denying defendant's motion to dismiss based on alleged speedy trial violation because defendant failed to carry his burden under 18 U.S.C. § 3162(a)(2)).

**1.     Maloney has not met his burden of showing that the Speedy Trial Act was violated.**

Maloney's motion is based on the assertion that the Court did not exclude any time under the Speedy Trial Act after August 10, 2022. He notes that the Court regularly excluded time before that date, but he states that he "was unable to find any exclusion of time pursuant to the Act after August 10, 2022." (Doc. 169 at 3). Maloney does not appear to argue that a speedy trial violation occurred any time before August 10, 2022.

As shown below, however, Maloney's fundamental claim that no time was excluded after August 10, 2022 is incorrect:

- The August 10, 2022 Order excludes "all time between the date of the Order through at least December 14, 2022." (Doc. 144 at 2).

- The January 9, 2023 Order excludes "the time between the Court's December 14, 2022 hearing and the February 8, 2023 Status Conference." (Doc. 159 at 1).

- And the February 9, 2023 Order excludes "the time between the Court's February 8, 2023 Status Conference and [the trial date,] May 22, 2023." (Doc. 163 at 2).

Thus, contrary to Maloney's assertion, every day after August 10, 2022 is excluded under the Act. Maloney has thus failed to meet his burden of showing a violation, and his motion should be denied.

Moreover, the government's review of the docket reveals that, under the Speedy Trial Act, the Court properly excluded all of the time in this case. Maloney was arraigned June 30, 2016 (Doc. 4), so the speedy trial clock began to run on that day. *See United States v. Vasser*, 916 F.2d 624, 626 (11th Cir. 1990) (citing 18 U.S.C. § 3161(c)(1)). As shown by the following chart, every day from the date of the arraignment through the date of the scheduled trial is excludable for at least one reason, and some days are excludable for more than one:

| Doc. | Date | Description | Reason for exclusion | Days excluded |
|---|---|---|---|---|
| 4 | 06/30/16 | Arraignment | "Any period of delay resulting from other proceedings concerning the defendant" shall be excluded in computing the time within which the trial must commence. 18 U.S.C. § 3161(h)(1). That includes the date of arraignment. *United States v. Severdija*, 723 F.2d 791, 792 (11th Cir. 1984). | 06/30/16 |
| 7 | 07/01/16 | Maloney's motion for extension of time to file pretrial motions | "[D]elay resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion" shall be excluded. 18 U.S.C. § 3161(h)(1)(D). | 07/01/16 through 07/06/16 |

| Doc. | Date | Description | Reason for exclusion | Days excluded |
|---|---|---|---|---|
| 8 | 07/06/16 | Order granting Maloney's motion for extension of time to file pretrial motions | "Any period of delay resulting from a continuance granted . . . at the request of the defendant or his counsel [shall be excluded] if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A).<br><br>The text of Order 8 states as follows: "The period from July 6, 2016 to September 12, 2016 shall be excluded under the District's Speedy Trial Plan and the Speedy Trial Act, pursuant to 18 U.S.C. § 3161(h)(7)(A) and (B)(I) and (iv). The Court finds that the ends of justice served by granting this continuance outweigh the best interest of the public and the defendant in a speedy trial. Specifically, Counsel states that due to health issues and the voluminous discovery, he requires this continuance to adequately prepare. The Court agrees that these reasons justify the extension, and that it is necessary to allow for additional time to meaningfully review the discovery and determine what motions may be warranted." | 07/06/16 through 09/12/16 |

| Doc. | Date | Description | Reason for exclusion | Days excluded |
|---|---|---|---|---|
| 22 | 09/12/16 | Maloney's notice of intent to disclose classified information | Maloney filed a notice of intent to disclose classified information on 09/12/16 (Doc. 22). He supplemented his notice several times. (Doc. 24, 27, 34, 39). This resulted in extensive briefing by both parties, as well as numerous status conferences, motions, Orders, hearings, and appeals to the District Court. (*See, e.g.,* Doc. 35, 37, 40, 41, 44, 45, 46, 47, 54, 57, 58, 59, 68, 69, 70, 72, 73, 78, 82, 100, 102, 103, 104, 105, 106, 107, 110, 111, 112, 113, 114, 115, 116, 146, 155, 158, 161, 164, 166, 167). The Magistrate Judge recognized that this is all part of "the same interrelated motion practice begun by [Maloney's] notices to introduce classified evidence." (Doc. 112). These "notices" are the equivalent of "pretrial motions" for purposes of Subsection (h)(1)(D) of the Speedy Trial Act. *See, e.g., United States v. Woods*, 577 F. App'x 128, 129 (3d Cir. 2014) (holding that "notices of unavailability. . . served to toll the speedy trial clock"); *United States v. Dignam*, 716 F.3d 915, 924 (5th Cir. 2013) ("conclude[ing] that the delay prompted by the parties' notice of intent to file a guilty plea was excludable under § 3161(h)(1)(D)"); *United States v. Williams*, No. 1:21-MJ-00750 KWR, 2021 WL 3860511, at *1 (D.N.M. Aug. 30, 2021) ("[T]he Court sees no reason why [defendant's notice of appeal of magistrate judge's detention order] should not be treated as a pretrial motion which tolls the speedy trial clock under § 3161(h)(1)(D).").<br><br>The Order that finally resolved these related issues was issued by the District Court on 02/08/23. (Doc. 164). Subsection (h)(1)(D) of the Speedy Trial Act "renders automatically excludable 'delay resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion.'" *Bloate v. United States*, 559 U.S. 196, 205 (2010) (quoting 18 U.S.C. § 3161(h)(1)(D)). In addition, as stated in Docket entry 82, "[t]he Court found that all time between the filing of the initial CIPA motions in this case, beginning with document 22 [Maloney's initial notice of intent to disclose classified information] on September 12, 2016, through the hearing, and extending until at least all of the . . . additional submissions are received . . . is excluded from Speedy Trial Act computations. The Court also independently clarified, to the extent not expressly stated in every instance previously, that the continuances that led to the scheduling of the instant hearing were necessary to allow for the effective litigation of the CIPA issues in the case, and that the Court allowed those continuances pursuant to 18 U.S.C. § 3161(h)(7)(A)." | 09/12/16 through 02/08/23 |

| Doc. | Date | Description | Reason for exclusion | Days excluded |
|---|---|---|---|---|
| 54<br><br>*See also* 166 | 10/13/17 | Minute entry for status conference | Docket entry 54 states as follows: "For reasons stated in open court, time is excluded from today through at least November 21, or if longer, any order resolving the admissibility of any classified information to be disclosed in the Section 5 notice. The Court finds that the ends of justice necessitated by this procedure outweighs the Defendant's and the public's rights to a speedy trial."<br><br>Pages 15-16 of the transcript for this Status Conference show that the Magistrate Judge stated in open court as follows: "I do find that the ends of justice that are required by the delay necessitated by this procedure outweighs the defendant's and the public's rights otherwise to a speedy trial because this is all part of the need that we have to assess whether or not and the extent to which any information necessary for the defendant's fair trial rights is subject to classification restrictions and, if so, how that can be dealt with, if at all. And that determination requires these submissions and this briefing schedule and my consideration of the question after the briefing. So the time from here through and the order on the admissibility of the information submitted on the Section 5 notice is to be excluded from the Speedy Trial calculations." | 10/13/17 through 02/08/23 |
| 112 | 05/22/19 | Order granting Govt's unopposed motion to extend time to file CIPA § 6(c) motion | The text of Order 112 states as follows: "The Court finds that the ends of justice served by granting this continuance outweigh the best interests of the public and the Defendant in a speedy trial. Specifically, the Government states that it cannot complete its Section 6(c) motion or prepare proposed substitutions of evidence until the District Court has ruled as to the Defendant's pending appeal on the threshold issues of admissibility. For this reason, the continuance requested by the Government is necessary and prudent. Thus, all time between today and the to-be-determined re-scheduled date for the Section 6(c) hearing is to be excluded from all Speedy Trial Act calculations pursuant to 18 U.S.C. Section 3161(h)(7)(A). Indeed, Speedy Trial also remains independently subject to exclusion under the pending motion provision of 18 U.S.C. Section 3161(h)(1)(D), as all of these proceedings are simply phases of the same interrelated motion practice begun by the Defendant's notices to introduce classified evidence." | 05/22/19 through 12/14/22 |

| Doc. | Date | Description | Reason for exclusion | Days excluded |
|---|---|---|---|---|
| 163 | 02/09/23 | Order setting trial for 05/22/23 | Docket entry 163 states as follows: "The Court further finds that the time between the Court's February 8, 2023 Status Conference and May 22, 2023, is excluded from calculations under the Speedy Trial Act, 18 U.S.C. § 3161, and that the ends of justice outweigh the best interests of the public and the Defendant in a speedy trial, specifically because the time is 'reasonable . . . [and] necessary for effective preparation by counsel, taking into account the exercise of due diligence.' § 3161(h)(7)(A) & (h)(7)(B)(iv)." | 02/08/23 through 05/22/23 |

Together, the time periods listed above cover the entire case, from arraignment through the beginning of trial. Other periods of excludable time are identified on the docket but are not listed in the chart because they would be redundant. (*See, e.g.,* Doc. 16, 17, 18, 19, 20, 24, 28, 30, 36, 37, 39, 40, 41, 46, 47, 51, 58, 62, 64, 70, 73, 74, 76, 78, 80, 87, 93, 99, 106, 107, 112, 116, 126, 144, 145, 149, 150, 156, 157, 159, 160, 165).

**2. Even if Maloney had met his burden of showing that a speedy trial violation occurred, the facts and circumstances of this case would not warrant dismissing the indictment with prejudice.**

The Court must grant a motion to dismiss an indictment when the Speedy Trial Act is violated. 18 U.S.C. § 3162(a)(2). But the dismissal may be with or without prejudice. *Id.* In deciding whether to dismiss with or without prejudice, the Court considers the following factors: "the seriousness of the offense; the facts and circumstances of the case which led to the dismissal; and the impact of

a reprosecution . . . on the administration of justice." *Id.* "The proper dismissal sanction to be imposed in each case is a matter left to the exercise of the sound discretion of the trial judge after consideration of the factors enumerated in the statute." *United States v. Russo*, 741 F.2d 1264, 1267 (11th Cir. 1984).

### (A) The seriousness of the offense would weigh in favor of a dismissal without prejudice.

"Where the crime charged is serious, the court should dismiss only for a correspondingly severe delay." *Id.* Maloney is charged with wire fraud, mail fraud, and conspiracy to commit those offenses in violation of 18 U.S.C. §§ 1343, 1341, and 1349. (Doc. 1). Each of the 15 counts in the Indictment carries a maximum sentence of 20 years in prison. *See* 18 U.S.C. §§ 1343, 1341, 1349. There can be no doubt that these are serious crimes. *See United States v. Carruthers*, 458 F. App'x 811, 817 (11th Cir. 2012) (stating that a potential "sentence of 20 years of imprisonment reflects the seriousness of [the] offense"); *see also United States v. Howard*, 28 F.4th 180 (11th Cir. 2022) (discussing the seriousness of fraud offenses); *United States v. Koerber*, 813 F.3d 1262, 1274 (10th Cir. 2016) (finding that mail fraud, wire fraud, and tax evasion were serious offenses for purposes of the Speedy Trial Act).

### (B) The facts and circumstances of this case would weigh in favor of a dismissal without prejudice.

A dismissal without prejudice is favored if the delay resulted from "negligence and oversight," rather than "intentional delay." *United States v. Miranda*, 835 F.2d 830, 834 (11th Cir. 1988). The delay in this case is primarily attributable to Maloney's alleged need to introduce classified evidence, a baseless defense that will be exposed at trial. Consistent with a graymail defense, Maloney took extraordinary steps to prevent or delay this case from going to trial. He filed numerous pretrial motions and sought continuances and extensions of time. He claims that he needs to call as defense witnesses numerous current and former CIA employees and contractors, yet none of those individuals has anything to say that would be remotely helpful to Maloney's defense. Maloney appealed the Magistrate Judge's Order concerning the admissibility of classified information, quibbling over minor details and further delaying the case unnecessarily. The delay in this case is not attributable to negligence on the part of the government, much less "intentional delay." *See Carruthers*, 458 F. App'x at 817 (dismissing the indictment without prejudice and noting that the defendant "caused part of the delay when he appealed a detention order and filed motions for continuances and extensions of time").

Moreover, after setting the CIPA litigation in motion, Maloney did nothing to press his right to a speedy trial before moving to dismiss the indictment. *See id.* (noting that the defendant "did not object to the government's motion to continue and waited months to file his motion to dismiss for a speedy trial violation"); *United States v. McHugh*, 967 F. Supp. 1279, 1286 (N.D. Ga. 1997) (noting that, after filing a complex motion, the defendant "did nothing to press his right for a speedy trial," which "counsel[ed] for a dismissal without prejudice"); *see also United States v. Johnson*, 29 F.3d 940, 946 (5th Cir. 1994) (approving of a dismissal without prejudice for a defendant who actively did nothing to cause the delay but failed to press his right to a speedy trial); *United States v. Fountain*, 840 F.2d 509, 513 (7th Cir. 1988) ("A defendant who waits passively while the time runs has less claim to dismissal with prejudice than does a defendant who demands, but does not receive, prompt attention.").

**(C)    The impact of a reprosecution on the administration of justice would weigh in favor of a dismissal without prejudice.**

In considering the impact of reprosecution on the administration of justice, courts consider whether the public has an interest in seeing that the defendant is held accountable for his crimes. Here, the public does have such an interest. *See, e.g., United States v. Godoy*, 821 F.2d 1498, 1506 (11th Cir. 1987) ("[I]f a crime is

quite serious, barring reprosecution will have a severe impact on the administration of justice."). The government would have the opportunity to reindict Maloney should the Court dismiss the indictment without prejudice. *See* 18 U.S.C. § 3288.

Courts also consider "whether the defendant suffered actual prejudice as a result of the delay and whether the government engaged in prosecutorial misconduct that must be deterred to ensure compliance with the Act." *United States v. Stevenson*, 832 F.3d 412, 422 (3d Cir. 2016) (quoting *United States v. Howard*, 218 F.3d 556, 562 (6th Cir. 2000)).

Maloney's allegations of prejudice are weak. He alleges that two potential witnesses have died. (Doc. 169-1 ¶¶ 5, 6). He also alleges that two other potential witnesses have serious health problems. (*Id.* ¶ 7). But he fails to state "with particularity" what "exculpatory" testimony any of those individuals would have provided; and because he offers no proof as to how they would have testified, he has failed to show the required "causal relationship" between such any person's death or unavailability and the prejudice he claims he suffered as a result of the alleged speedy trial violation. *See United States v. Tranakos*, 911 F.2d 1422, 1429 (10th Cir. 1990); *see also United States v. Margheim*, 770 F.3d 1312, 1330-31 (10th Cir. 2014) (finding no speedy trial violation because defendant failed to

demonstrate "any cognizable hindrance to his defense, whether through expiration of evidence, loss of witnesses, or unique fading of memory," and stating that courts have "looked with disfavor on defendants' hazy descriptions of prejudice and required criminal defendants to show definite and not speculative prejudice, and in what specific manner missing witnesses would have aided the defense") (citations, brackets, and quotation marks omitted). Where, as here, the defendant relies on "vague assertions of faded memory and lost witnesses" without connecting those assertions to any material fact at issue, "no actual impairment of [his] defense for purposes of a speedy trial challenge is shown." *United States v. Avalos*, 541 F.2d 1100, 1115-16 (5th Cir. 1976); *see also United States v. Schlei*, 122 F.3d 944, 988 (11th Cir. 1997) (finding that defendant, who claimed that his defense was harmed by the death of a potential witness, failed to demonstrate actual prejudice because he produced no evidence that the testimony of that witness would have been "material to his defense").

Finally, the government did not intentionally delay the proceedings and has not engaged in any prosecutorial misconduct.

## Conclusion

For all of these reasons, Maloney's motion to dismiss the indictment should be denied. Alternatively, if the Court were to find that the Speedy Trial Act was violated, the indictment should be dismissed without prejudice.

Respectfully submitted,

Ryan K. Buchanan
*United States Attorney*

/s/ John Russell Phillips
*Assistant United States Attorney*
Georgia Bar No. 576335

/s/ Stephen H. McClain
*Assistant United States Attorney*
Georgia Bar No. 143186

600 U.S. Courthouse
75 Ted Turner Drive, SW
Atlanta, GA 30303
(404) 581-6000

**Certificate of Service**

I hereby certify that, on March 10, 2023, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system.

/s/ John Russell Phillips
*Assistant United States Attorney*
Georgia Bar No. 576335

600 U.S. Courthouse
75 Ted Turner Drive, SW
Atlanta, GA 30303
(404) 581-6000