The following is the PDF of an official transcript. Official transcripts may only be filed in CM/ECF by the Official Court Reporter and will be restricted in CM/ECF for a period of 90 days. You may cite to a portion of the attached transcript by the docket entry number, referencing page and line number, only after the Court Reporter has filed the official transcript; however, you are prohibited from attaching a full or partial transcript to any document filed with the Court.

```
                IN THE UNITED STATES DISTRICT COURT
               FOR THE NORTHERN DISTRICT OF GEORGIA
                          ATLANTA DIVISION

UNITED STATES OF AMERICA,          :
                                   :
vs.                                :  DOCKET NUMBER
                                   :  1:16-CR-0237-AT-JSA-1
JAMES G. MALONEY,                  :
                                   :  ATLANTA, GEORGIA
             DEFENDANT.            :  OCTOBER 13, 2017
```

**TRANSCRIPT OF STATUS CONFERENCE PROCEEDINGS**

**BEFORE THE HONORABLE JUSTIN ANAND**

**UNITED STATES MAGISTRATE JUDGE**

APPEARANCES OF COUNSEL:

    **FOR THE GOVERNMENT:**

    JOHN RUSSELL PHILLIPS
    STEPHEN H. MCCLAIN
    UNITED STATES ATTORNEY'S OFFICE

    **FOR THE DEFENDANT:**

    CRAIG C. GILLEN
    ANTHONY C. LAKE
    GILLEN WITHERS & LAKE LLC

*MECHANICAL STENOGRAPHY OF PROCEEDINGS AND COMPUTER-AIDED TRANSCRIPT PRODUCED BY:*

*OFFICIAL COURT REPORTER:*    *SHANNON R. WELCH, RMR, CRR*
    *2394 UNITED STATES COURTHOUSE*
    *75 TED TURNER DRIVE, SOUTHWEST*
    *ATLANTA, GEORGIA  30303*
    *(404) 215-1383*

1       **P R O C E E D I N G S**

2       **(Atlanta, Fulton County, Georgia; October 13, 2017.)**

3              THE COURT:  Thank you very much.  You may be seated.

4              Good afternoon.

5              MR. GILLEN:  Good afternoon, Your Honor.

6              THE COURT:  All right.  We're here in the case of the

7       United States vs. James Maloney, 1:16-CR-237.

8              Representing the United States is Assistant U.S.

9       Attorney Russell Phillips and Steve McClain.

10             And representing the defendant are Craig Gillen and

11      Anthony Lake.

12             So we're here for a status conference.  The last we

13      met a couple of weeks ago, there was still some material that

14      was outstanding by way of production.  It was anticipated that

15      the Government would have been able to produce that material by

16      this point.

17             So let me first ask Mr. Phillips:  Is that the case?

18      Has the Government now produced all material that it is

19      currently aware of by way of its discovery, including Brady

20      investigations at this juncture?

21             MR. PHILLIPS:  We have, Your Honor.  And I sent

22      Mr. Gillen an e-mail confirming that we had done that.

23             THE COURT:  Okay.  Okay.

24             All right.  So, Mr. Gillen, then a couple of

25      questions for you.  Now that you've received the Government's

1  position as to everything that they are to produce to you, is
2  there among that material that you've received anything that
3  necessitates any amendments or additions to the Section 5
4  notice that you've already filed?
5          In other words, is there any new information and
6  specifically including any documents that you need to add to
7  your suggestion of disclosure?
8          MR. GILLEN:  Yes, Your Honor.  There will be an
9  amendment.  Based upon the information that we have received,
10 there will be an amendment to our Section 5 notice.
11         THE COURT:  And how long do you need to submit that?
12         MR. GILLEN:  Your Honor, if we could have two weeks.
13 When we last met, you indicated to us that you would ask us two
14 things today.  One, whether we would amend our Section 5
15 notice.  The answer to that is yes.  And also whether -- given
16 what they have now given to us, whether we would be filing a
17 motion to compel.  And the answer to that is also yes.
18         In light of that, I would ask for two weeks to do
19 both of those things.
20         THE COURT:  Okay.  That is fine.  I would like to do
21 it simultaneous.  In other words, if I grant your motion to
22 compel, there may be more materials.
23         And -- but what I would look to do is cross that
24 bridge when we get to it.  And then you can file further
25 amendment if you get more later.

```
 1              But let me set this down on a calendar.  Two weeks is
 2    fine.  That would be the 27th -- October 27.
 3              So then what I would like to do is set a deadline for
 4    the Government to file any response both to the discovery
 5    motions and to the Section 5 notice.
 6              And what I envision by that is to tee up by a motion
 7    in limine or otherwise the Government's position as to
 8    relevance of any classified materials, so, in other words, what
 9    the Government's position is as to the information subject to
10    disclosure by the defense that should be ruled upon -- for
11    which the relevance and other admissibility needs to be ruled
12    upon by the Court.
13              Does that make sense?
14              MR. PHILLIPS:  I'm not sure what you're asking me.  I
15    understand the motion.  But I didn't understand the question.
16              THE COURT:  A date to respond to the updated notice
17    to disclose with the Government's position as to what, if any,
18    material is subject to exclusion on evidentiary grounds.
19              MR. PHILLIPS:  So, in other words, how much time do
20    we need?
21              THE COURT:  Yes.
22              MR. PHILLIPS:  The answer is I am dependent upon my
23    colleagues in Washington.  And I don't know what their
24    schedules are, what other cases they have to deal with, you
25    know, in the next two weeks or four weeks.
```

1    Ordinarily I would just say two weeks after
2    Mr. Gillen files his motion to compel and his amended Section 5
3    notice then we would be able to respond.  So if you don't mind,
4    we could start with that.  And if for some reason they have a
5    conflict and we need more time, I could ask for an extension at
6    that point.
7           THE COURT:  Am I right that obviously the folks at
8    the agency you need with regard to assessments of the
9    classification level of any information?  But obviously you-all
10   are in the best position to litigate evidentiary issues like
11   relevance?  So you are talking about the former as what you
12   need their input on?
13          MR. PHILLIPS:  I'm talking about the Government's
14   response to Mr. Gillen's amended Section 5.  That is being
15   handled primarily by the people at the NSD.
16          THE COURT:  Well, the response has two parts. Right?
17   It would be to assess what, if anything, is classified.  But
18   then requesting any court orders that may be warranted based on
19   any arguments that may be made that certain evidence is
20   inadmissible.  Right?
21          You may be arguing that some things are relevant and
22   not relevant and should be -- I mean, that is the next step in
23   this proceeding.
24          Am I right?
25          MR. PHILLIPS:  Ordinarily I think that is correct, it

1  would be.  But if Mr. Gillen is talking about filing a motion
2  to compel additional materials that he believes we should have
3  produced but did not, then that is a separate issue.
4           And then if he files an amended Section 5 notice, I
5  don't know what that means.  Does that mean we start all over
6  and we have to respond to that?  He is making additional
7  discovery requests.
8           I assume there are a number of steps that could be
9  involved in that.  But in each one of those, I'm dependent upon
10 my colleagues at the NSD to lead the charge on that.
11          THE COURT:  All right.  Let me try to be clear as to
12 what my anticipation is.  My anticipation is we'll give him two
13 weeks for an amended statement of the specific information of
14 which Mr. Gillen is currently aware based on what he has been
15 given so far that they would use at trial.
16          And I would then look to you in response to tee up
17 any arguments that the Government may have as to what, if
18 anything, that is classified can be excluded on evidentiary
19 grounds because if it is --
20          MR. PHILLIPS:  Correct.
21          THE COURT:  It is only if it is admissible and would
22 otherwise be allowed to come in do we have to then go down the
23 road of can the evidence be used in a different form or is
24 there any way to go forward at trial without the information.
25          MR. PHILLIPS:  Correct.

1           THE COURT:  That is the question that I'm
2   anticipating I get the Government's position on in whatever
3   deadline we're setting now in response to the Section 5 notice.
4           And if and to the extent additional material is
5   ordered produced pursuant to motions to compel, which at this
6   point I don't know, then we can separately address that as it
7   comes.  But we already have quite a bit of material that has
8   been produced and quite a bit of material that I understand
9   they are intending to take the position they would use at trial
10  or be able to testify to about at trial.
11          And it was my intention to get going on the briefing
12  as to any evidentiary issues raised by their notice of using
13  that material.
14          MR. PHILLIPS:  Would it make more sense to just
15  litigate the issue of the motion to compel first and find out
16  if there is additional material that we're going to have to
17  provide to the defense?
18          Because if there is, then we would have to do yet
19  another Section 4, the motion to exclude, on relevancy grounds
20  and so forth.  It seems like we would have to duplicate the
21  effort.
22          THE COURT:  Well, it was my -- I'm happy to do within
23  reason what everyone thinks is the best way to go.  My
24  inclination was that we could wrap this up more efficiently by
25  working simultaneously.

1               In other words, there is a lot of information we
2    have.  There is a lot of things they have already disclosed
3    they would intend to introduce at trial.  We can start briefing
4    whether and to what extent that material is relevant and
5    admissible.
6               There may be additional details or additional things
7    that we have motions to compel on.  I don't know as of yet
8    whether I will grant those by definition.  I don't know what
9    their requests are.
10              And so to the extent I don't end up granting more of
11   that, then we would have wasted the opportunity to litigate the
12   admissibility of the existing information in the meantime.
13              To the extent I do grant access to more information,
14   more discovery, then we can simply litigate at that time
15   whether that new information will -- whether anything new that
16   is admissible at that time.
17              But that was my inclination.  I'm happy to --
18              MR. PHILLIPS:  I'm not trying to push back on that.
19   That is fine.
20              THE COURT:  I'm truly not wedded to that.  That is
21   just what I thought would be the more efficient way to proceed.
22              But I mean, I'm happy to hear what the parties'
23   positions are on that.  It is really just a question on
24   procedure and timing.
25              MR. PHILLIPS:  We don't have an objection.

1          THE COURT:  Mr. Gillen?
2          MR. GILLEN:  Fine with us, Your Honor.
3          THE COURT:  All right.  Let's go ahead and do that
4  then.  So we'll have motions to compel and an updated Section 5
5  notice on the 27th.
6          And then I think what I heard you saying,
7  Mr. Phillips, is that you were not against me putting down
8  November 17th, which would be two weeks, as your deadline but
9  understanding that may be subject to once you get the Section 5
10 notice and consult with your colleagues that you are relying on
11 for at least the classification side of things that you may
12 need to ask for more time.
13         MR. PHILLIPS:  That is right, Your Honor.  But to be
14 fair, I think the 17th would be three weeks.  I think the 10th,
15 which is a federal holiday, is two weeks.
16         THE COURT:  Okay.  You're right.  All right.  So
17 we'll say the 13th since the 10th is a federal holiday.
18 November 13th.
19         So other than with regard to the protective order,
20 anything else then at this time?
21         That was my goal today, which was simply to answer
22 those two questions.  If we have all the -- at least the
23 Government's position as to the complete universe of discovery
24 information, do we have more Section 5 material to disclose and
25 do we have any motions in limine -- I'm sorry -- motions to

```
 1   compel?
 2              So we have already dealt with that.  Anything further
 3   other than the protective order?
 4              MR. GILLEN:  No, Your Honor.
 5              MR. PHILLIPS:  Not for the Government, Your Honor.
 6              THE COURT:  It occurs to me, Mr. Gillen, I didn't
 7   give you a reply deadline.
 8              Assuming we get the material on the 13th, would you
 9   need -- the next week would be the Thanksgiving week.  But how
10   long would you need for a reply?  The Monday of that week would
11   be a week.
12              MR. GILLEN:  How about the 21st, Tuesday?
13              THE COURT:  That is fine by me.  And then if the 13th
14   ends up getting continued for the reasons that we stated here,
15   then your reply deadline will automatically be continued for a
16   like number of days.
17              MR. GILLEN:  Yes, Your Honor.
18              THE COURT:  All right.  With regard to the protective
19   order, here is where I'm coming down on this.  On the one hand,
20   I think that there is some justification for -- although there
21   is material that -- and it is not classified -- it is of either
22   sensitive law enforcement interest or if it relates to the
23   contract records at issue here, there is something of a nexus
24   to national security that I think justifies the issuance of a
25   fairly limited protective order.
```

1  So I will grant a protective order as requested.  But
2  a few things that I think would need to be changed.  First, as
3  I understand the proposed terms, it would not permit except for
4  ex parte order by the Court to allow the defense to utilize
5  this information with any witness.  And that, I think, is too
6  much of a restriction.
7  The defense does have the right as necessary to
8  investigate the case and interview and discuss the matter with
9  witnesses.  And that may sometimes include, especially in a
10 case of this nature, showing them exhibits or documents or the
11 like.
12 And the need to come and get specific Court
13 permission for that in every instance would or can be
14 burdensome both on the Court but also on the defense,
15 especially as we get closer to trial or other junctures in the
16 case where they are engaged in witness preparation.
17 There may be situations where in the midst of
18 interviewing or meeting with the witness the need to show them
19 a particular document may come up that wasn't anticipated in
20 time to specifically go get Court permission.
21 So I think it is too much of a restriction to require
22 that.  But I think that can be resolved.  And the way I have
23 typically seen it resolved in cases is that the -- first, with
24 regard to paid witnesses who are part of the defense team, so
25 experts, whether consulting or testifying experts, those

1    individuals can be furnished copies of documents otherwise
2    subject to this protective order so long as they agree or
3    certify that they would -- their dissemination of that would
4    not -- would be otherwise consistent with the terms of the
5    order.  In other words, they are only to going to use it and
6    disseminate it for purposes necessary for the case.
7              With regard to lay witnesses, the defense can show
8    and use documents or exhibits with those witnesses.  But lay
9    witnesses cannot be otherwise allowed to retain for themselves
10   any copies of the materials.  So in other words, you can work
11   with them and show it to them.  But when you're done with your
12   interview, you retain it back, unless there is some otherwise
13   need to -- for any exception to this, which I can consider by
14   way of Court order.  And I can do that ex parte if it involves
15   attorney/client privileged information to be explained.  But
16   generally that would seem to satisfy for most purposes your
17   need to show the documents to lay witnesses.
18             That is how I would alter this.  With that
19   alteration, I would be prepared to sign it.  And I think the
20   facts here warrant the additional protection.
21             We're, of course, not talking about classified
22   material.  That is subject to the other protective order that I
23   have already signed.  And that is governed by all these secret
24   procedures that we have been discussing.  This relates to
25   nonclassified information but yet that is deemed to be

1  sensitive.
2            Anything further anyone wants to be heard on?
3            But that is how I would come down on this.  And,
4  frankly, that sort of protective order -- those terms are not
5  uncommon in protective orders I have signed.  Lay witnesses can
6  be shown but not retain copies.  Paid witnesses, meaning
7  basically experts, can be allowed to maintain and keep copies
8  but they have to agree that they would be otherwise subject to
9  the terms therein.
10           Any objections from either side on that?
11           MR. GILLEN:  Well, other than the objections that we
12 filed to the motion in the first place.
13           Now, this applies to the packet of material that we
14 received that the Court ordered an interim protective order on?
15 This isn't everything we have gotten in the case.  This is the
16 packet that we received under that when they moved for the
17 protective order for sensitive information; correct?
18           THE COURT:  Okay.  I don't know what has been stamped
19 as sensitive or not.  But I understand from Mr. Phillips' reply
20 brief, they are not taking the position everything in discovery
21 is subject to this.  It is just what they have stamped as
22 sensitive.
23           Is that right?
24           MR. PHILLIPS:  We're not taking the position that
25 everything we have produced is subject to this.  Only that

1  narrow subset that we have already identified previously.
2         But I'm not sure that what Mr. Gillen said is the way
3  I would describe it.  Because I don't know that we gave him
4  everything in that category all at one time.  I know, for
5  example, that before one of the hearings we had or after one of
6  the hearings we had we gave him Mr. Gebbie's notebook, for
7  example.  That is subject to the protective order, but that
8  wasn't produced in the packet that he was referring to.  That
9  was produced prior to that.
10         THE COURT:  Well, I'll leave it to you-all to
11 memorialize as best as you see fit by Bates number or otherwise
12 what documents the Government is including within this
13 description.
14         If there are disputes as to whether something should
15 or shouldn't be within that, then just like any other disputes
16 on this, I can hear that.  But I'll leave it to you otherwise
17 to identify what is subject to this protective order.
18         But I'll need you, Mr. Phillips, to turn back around
19 a version consistent with what I just described.  In other
20 words, that allows for the witness access that I just
21 described.  You can share that first with Mr. Gillen.
22         And I'm not looking for your agreement, Mr. Gillen,
23 on this but to make sure that you're on the same page that at
24 least accurately embodies what I've said here today and then I
25 will sign that and --

1               MR. PHILLIPS:  Just to be clear that I understand it
2    clearly, that lay witnesses can be shown the documents but may
3    not keep copies and paid experts may be shown the documents and
4    may keep copies but only for use in connection with the case?
5               THE COURT:  Paid experts and investigators.  Those
6    part of the defense team to include testifying and consulting
7    experts, investigators, paralegals, and the like.
8               MR. PHILLIPS:  I'll take care of it.
9               THE COURT:  All right.  That is all I had for
10   purposes of today.
11              So unless there is anything else, we'll be in
12   adjournment.
13              MR. GILLEN:  Thank you, Your Honor.
14              MR. PHILLIPS:  Thank you very much.
15              THE COURT:  I did not for purposes of today set any
16   further hearings.  I don't know that we'll need any.  But let
17   me just clarify that -- we'll get some motions likely in two
18   weeks.  But the -- we're going to get in two weeks' time the
19   new disclosure and then after that the briefing from the
20   parties on issues as to the admissibility of any arguable
21   classified information that is disclosed.
22              I do find that the ends of justice that are required
23   by the delay necessitated by this procedure outweighs the
24   defendant's and the public's rights otherwise to a speedy trial
25   because this is all part of the need that we have to assess

16

1  whether or not and the extent to which any information
2  necessary for the defendant's fair trial rights is subject to
3  classification restrictions and, if so, how that can be dealt
4  with, if at all.
5         And that determination requires these submissions and
6  this briefing schedule and my consideration of the question
7  after the briefing.  So the time from here through and the
8  order on the admissibility of the information submitted on the
9  Section 5 notice is to be excluded from the Speedy Trial
10 calculations.
11         All right.  We will be in recess.
12              **(The proceedings were thereby concluded at 2:22**
13              **P.M.)**

```
1       C E R T I F I C A T E
2
3  UNITED STATES OF AMERICA
4  NORTHERN DISTRICT OF GEORGIA
5
6       I, SHANNON R. WELCH, RMR, CRR, Official Court Reporter of
7  the United States District Court, for the Northern District of
8  Georgia, Atlanta Division, do hereby certify that the foregoing
9  16 pages constitute a true transcript of proceedings had before
10 the said Court, held in the City of Atlanta, Georgia, in the
11 matter therein stated.
12      In testimony whereof, I hereunto set my hand on this, the
13 7th day of March, 2023.
14
15
16
17 _____
   SHANNON R. WELCH, RMR, CRR
18 OFFICIAL COURT REPORTER
   UNITED STATES DISTRICT COURT
19
20
21
22
23
24
25
```