IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | CRIMINAL CASE NO. |
| | § | |
| v. | § | 1:16-cr-00237-RWS-JSA |
| | § | |
| JAMES G. MALONEY, | § | |
| | § | |
| Defendant. | § | |

## DEFENDANT'S REPLY TO GOVERNMENT'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS THE INDICTMENT

Defendant James G. Maloney files this Reply to Government's Response in Opposition to Defendant's Motion to Dismiss the Indictment, and replies to the Government's Response in Opposition to Defendant's Motion to Dismiss the Indictment (Response), Dkt. # 170, as follows:

### I. The Speedy Trial Act Has Been Violated

The Government contends that all the delay in this case has been properly excluded from the time to try Dr. Maloney mandated by the Speedy Trial Act, 18 U.S.C. §§ 3161 *et seq. See* Dkt. # 170, p. 6. The Government's contentions are erroneous. At minimum, the Government cannot show that the following periods are properly excludable from the time requirements of the Act:

1

1.      March 8, 2018, through April 3, 2018;

2.      April 14, 2018, through April 25, 2018;

3.      August 30, 2018, through September 5, 2018;

4.      December 18, 2018, through January 15, 2019;

5.      February 8, 2019, through March 5, 2019;

6.      April 13, 2019, through April 29, 2019; and

7.      February 9, 2023, through March 2, 2023.

Any trial of Dr. Maloney should have begun by January of 2019, or sometime shortly thereafter, at the latest. Furthermore, time cannot be retroactively excluded from the running of the Act's time requirements in the course of granting alleged "ends of justice" continuances. Well over 100 days which were not excludable pursuant to the Speedy Trial Act have expired. Dr. Maloney requests that the Indictment in this action be dismissed with prejudice, pursuant to 18 U.S.C. § 3162(a)(2), as argued in his Motion to Dismiss the Indictment Pursuant to the Speedy Trial Act, 18 U.S.C. §§ 3161 *et seq.* (Motion to Dismiss), Dkt. # 169, and herein.

The Speedy Trial Act contains various exclusions from the time period. *See* 18 U.S.C. § 3161(h). The exclusions cited by the Government in this case are:

2

(1)Any period of delay resulting from other proceedings concerning the defendant, including but not limited to…

> (D)delay resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion…

> (H)delay reasonably attributable to any period, not to exceed thirty days, during which any proceeding concerning the defendant is actually under advisement by the court…

(7)

(A)Any period of delay resulting from a continuance granted by any judge on his own motion or at the request of the defendant or his counsel or at the request of the attorney for the Government, if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial. No such period of delay resulting from a continuance granted by the court in accordance with this paragraph shall be excludable under this subsection unless the court sets forth, in the record of the case, either orally or in writing, its reasons for finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial.

(B)The factors, among others, which a judge shall consider in determining whether to grant a continuance under subparagraph (A) of this paragraph in any case are as follows:

> (i)Whether the failure to grant such a continuance in the proceeding would be likely to make a continuation of such proceeding impossible, or result in a miscarriage of justice.

> (ii)Whether the case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by this section…

*Id. See* Dkt. # 170, pp. 3-4.

Dr. Maloney first appeared before a judicial officer in this action on June 30, 2016. *See* Dkt. # 4. On July 1, 2016, Dr. Maloney filed a Consent Motion for Extension of Time to File Pretrial Motions, Dkt. # 7, which was granted by the United States Magistrate Judge on July 6, 2016, Dkt. # 8. The Magistrate Judge excluded the period from July 6, 2016 to September 12, 2016, pursuant to section 3161 (h)(7). *Id.*

On September 12, 2016, Dr. Maloney filed a Notice of Intent to Disclose, or to Cause the Disclosure of, Classified Information, Pursuant to the Classified Information Procedures Act (CIPA) (CIPA Notice), 18 U.S.C. app. 3, §§ 1 *et seq.*, *see* Dkt. # 22; a Motion for a Bill of Particulars Pursuant to Fed. R. Crim. P. 7(f) (Motion for a Bill of Particulars), *see* Dkt. # 17; a Motion for Access to Witnesses, *see* Dkt. # 19; a Motion for Identification of Documents Which the Government Expects to Rely Upon in Its Case-In-Chief at Trial (Motion for Identification of Documents), *see* Dkt. # 18; and a Motion for Leave to File Additional Motions (Motion for Leave), *see* Dkt. # 16. The Magistrate Judge granted Dr. Maloney's Motion for Leave on September 14, 2016. *See* Dkt. # 20. On November 4, 2016, Dr. Maloney filed a Motion for Early Disclosure of Evidence of Other Crimes, Wrongs, or Acts Pursuant to Federal Rule of Evidence 404(b), and for Leave to File Additional Motions (Motion for Disclosure). *See* Dkt. # 28.

4

On September 25, 2017, the Government filed a Motion for Protective Order. *See* Dkt. # 48. On October 13, 2017, the Magistrate Judge granted the Motion for Protective Order. *See* Dkt. # 54.

On October 27, 2017, Dr. Maloney filed a Motion to Compel Inspection and Copying of Documents and Information (Motion to Compel). *See* Dkt. # 99.

On January 26, 2018, the Magistrate Judge took Dr. Maloney's Motion for a Bill of Particulars, Motion for Access to Witnesses, and a Motion for Miscellaneous Relief under advisement. *See* Dkt. # 61. The Magistrate Judge denied Dr. Maloney's Motion for Identification of Documents and Motion for Disclosure without prejudice. *See* Dkt. # 61. On March 7, 2018, the Magistrate Judge granted in part and denied in part Dr. Maloney's Motion to Compel. *See* Dkt. # 68.

If the period from July 1, 2016, through March 3, 2018, is held to be excludable from the period mandated under the Speedy Trial Act pursuant to section 3161(h)(1)(D) as delay resulting from pretrial motions, then **the period began to run on or about March 8, 2018**, after the Magistrate Judge disposed of the last pending motion. The Court of Appeals has defined a "motion" as "'an application made to a court or judge to obtain a rule or order directing some act to be done in the applicant's favor in a pending case…'" *Ruhlen v. Holiday Haven*

*Homeowners, Inc.*, 28 F.4th 226, 228 (11th Cir. 2022) (quoting 56 Am. Jur. 2d Motions, Rules, and Orders § 1 (2020)).

Dr. Maloney's CIPA Notice was not a "motion" for the purposes of section 3161(h)(1)(D). All Dr. Maloney did in his CIPA Notice was provide notice to the Court and the Government pursuant to CIPA that Dr. Maloney reasonably expected to disclose, or to cause the disclosure of, classified information in connection with any trial or pretrial proceeding in this action. *See* CIPA Notice, p. 1 (citing 18 U.S.C. app. 3, § 5(a)). *See United States v. Brown*, 285 F.3d 959, 961, 962 (11th Cir. 2002) (finding that a "Motion for Determination of Speedy Trial Status and/or Trial Setting" filed by the government was not a "motion" within the meaning of section 3161(h)(1)(F)). A notice under section 5 of CIPA is not a motion for the purposes of the Speedy Trial Act. *See* 18 U.S.C. § app. 3 § 5(a) ("If a defendant reasonably expects to disclose or to cause the disclosure of classified information in any manner in connection with any trial or pretrial proceeding involving the criminal prosecution of such defendant, the defendant shall, within the time specified by the court or, where no time is specified, within thirty days prior to trial, notify the attorney for the United States and the court in writing. Such notice shall include a brief description of the classified information").

On April 4, 2018, the Magistrate Judge issued a Consent Order, granting the Government a continuance to complete its classification review of Dr. Maloney's CIPA Notice from April 4, 2018, through April 13, 2018. *See* Dkt. # 70. Approximately 27 non-excludable days therefore elapsed between the Magistrate Judge's rulings on March 7, 2018, and the continuance granted on April 4, 2018.

On April 26, 2018, the Magistrate Judge issued a second Consent Order in which it granted the Government a second continuance to complete its classification review from April 13, 2018, to May 31, 2018. *See* Dkt. # 73. The Magistrate Judge extended the continuance to August 29, 2018, in an Order issued on May 9, 2018. *See* Dkt. # 74.

The approximately 12 non-excludable days between the expiration of the first continuance on April 13, 2018, and the issuance of the second Consent Order on April 26, 2018, should not be excluded from the speedy trial calculation. "The Speedy Trial Act does not provide for retroactive continuances." *United States v. Suarez-Perez*, 484 F.3d 537, 542 (8th Cir. 2007) (quoting *United States v. Janik*, 723 F.2d 537, 545 (7th Cir. 1983)). The case against Dr. Maloney had been pending for nearly two years at the time. Dr. Maloney also challenges the May 9, 2018, Order as not sufficiently setting forth the required findings pursuant to section 3161(h). *See* Dkt. # 74. "The court must make the requisite findings when it grants the

continuance…" *United States v. Vasser*, 916 F.2d 624, 627 (11th Cir. 1990) (citing *United States v. Elkins*, 795 F.2d 919, 923 (11th Cir. 1986); *United States v. Tunnessen*, 763 F.2d 74, 77 (2nd Cir. 1985)).

The speedy trial time period resumed running on or about August 30, 2018. Approximately seven non-excludable days elapsed until September 6, 2018, when the Magistrate Judge issued an Order excluding the time between September 6 and October 23, 2018. *See* Dkt. # 76. Dr. Maloney maintains that the September 6, 2018, Order also did not sufficiently set forth the required findings under section 3161(h).

On November 23, 2018, Dr. Maloney made an oral motion to continue the hearing pursuant to section 6(a) of CIPA. The hearing was held on December 17, 2018. *See* Dkt. # 82.

On January 16, 2019, the Magistrate Judge issued a Consent Order granting a continuance for the Government to respond to Dr. Maloney's Proffer Regarding Testimony & Evidence until January 25, 2019, and for Dr. Maloney to file a reply until February 7, 2019. *See* Dkt. # 87. Approximately 29 non-excludable days expired between the section 6(a) hearing and the continuance in the January 16, 2019, Consent Order. Even if the various continuance orders were sufficient to toll the time under the Speedy Trial Act pursuant to section 3161(h)(7), **any trial of Dr.**

**Maloney should have commenced by on or about January 11, 2019, or shortly thereafter**. Dr. Maloney's notices and proffers under CIPA did not constitute "motions" for the purposes of the Act.

Furthermore, the time under the Act resumed running after the period of the continuance expired on February 7, 2019, until Dr. Maloney filed his Motion to Strike Government's Surreply Brief in Support of its CIPA § 6 Motion on March 6, 2019. *See* Dkt. # 93. This resulted in approximately 26 non-excludable days expiring.

The Magistrate Judge issued an Order on April 12, 2019, on Dr. Maloney's Motion to Compel, Motion for Bill of Particulars and Motion for Access which it had previously ruled on. *See* Dkt. # 101. However, as the Court of Appeals has noted:

> For pretrial motions that do not require hearings, § 3161(H)(1)(F) excludes the time required for "prompt disposition" of the motion. The length of the exclusion depends upon when the court takes the motion "under advisement" for purposes of § 3161(h)(1)(J). If the court has all the information necessary to rule on the motion at the time the motion is filed, the court immediately has the motion under advisement under § 3161(h)(1)(J) and thirty days may be excluded from the speedy trial clock due to the motion.

*United States v. Davenport*, 935 F.2d 1223, 1228 (11th Cir. 1991). Here, the Court possessed all the information to rule on Dr. Maloney's initial pretrial motions by at least March 8, 2018, when it ruled on the last of the initial motions.

Approximately 17 non-excludable days expired between the Magistrate Judge's April 12, 2019, Order and Dr. Maloney's classified appeals on April 30, 2019. See Dkt. #s 106, 107. Furthermore, even if the time between Dr. Maloney's classified appeals on April 30, 2019, and the Court's Amended Order as to the Government's CIPA Section 6(c) Motion for Substitutions in Lieu of Disclosure of Classified Information, Motion for Protective Order, and Motion for Request for Hearing on February 8, 2023, *see* Dkt. # 164, is excluded from the time requirements of the Speedy Trial Act based upon motions or continuances, the speedy trial time resumed running on February 9, 2023, and more than 20 non-excludable days elapsed until the filing of Dr. Maloney's Motion to Dismiss on March 3, 2023. *See* Dkt. # 169; *see also United States v. Stafford*, 697 F.2d 1368, 1372 (11th Cir. 1983) ("A motion to dismiss—regardless of the grounds upon which it is based—is a motion like any other motion, and thus falls within the express exclusion of (F)") (citing *Furlow v. United States*, 644 F.2d 764, 768 (9th Cir. 1981); *United States v. Hencye*, 505 F.Supp. 968, 972 n. 3 (N.D.Fla. 1981); *United States v. New Buffalo Amusement Corp.*, 600 F.2d 368, 375 (2d Cir. 1979)).

10

The Government accuses Dr. Maloney of being the alleged cause of the delay as a result of his alleged "graymail" defense. *See* Dkt. # 170, pp. 1, 12. "Graymail" refers to "individual lawsuits brought to induce the CIA to settle a case out of fear that litigation would reveal classified information that might undermine covert operations," *Tenet v. Doe*, 544 U.S. 1, 2 (2005), and is a problem which CIPA was enacted to prevent. Dr. Maloney has no alleged "graymail" defense in this action. *See* Dkt. # 170, pp. 1, 12. On the contrary, it is Dr. Maloney who originally invoked CIPA's procedures in this action. *See* Dkt. # 22.

The defense maintains that well over 100 days which were not, and cannot be, excluded from the time period of the Speedy Trial Act have elapsed during the nearly eight years in which this action has been pending. Dr. Maloney has met his burden under the Act. In contrast, the Government has failed to meet its burden of demonstrating that all relevant periods are excludable pursuant to the Act. The prosecution and the courts possess the primary burden to assure that cases are brought to trial. *See Barker v. Wingo*, 407 U.S. 514, 529 (1972). The Indictment must be dismissed as a matter of law, pursuant to section 3162(a)(2). The Court may also dismiss the Indictment for violation of Dr. Maloney's right to a speedy trial pursuant to the Sixth Amendment of the Constitution of the United States.

11

## II. <u>Dismissal of the Indictment With Prejudice Is Warranted</u>

The Government argues in its Response that, if the Indictment is dismissed under section 3162(a)(2), it should be dismissed without prejudice. *See* Dkt. # 170, p. 12. It claims that the delay in this action is attributable to Dr. Maloney. *Id*. Yet, Dr. Maloney was not responsible for implicating classified information in this case—the Government was responsible, through its allegations in the Indictment relating to contract #D6308. *See* Dkt. # 1, ¶¶ 4, 5, 14. The Government also contends that Dr. Maloney filed "numerous" pretrial motions and sought continuances. *See* Dkt. # 170, p. 12. However, the Government filed pretrial motions and requested continuances itself. *See* Dkt. #s 48, 75, 86, 145, 148.

Dr. Maloney has acknowledged that he did not assert his right to a speedy trial prior to the filing of his Motion to Dismiss. *See* Dkt. # 169, p. 7; *compare* Dkt. # 170, p. 13. He furthermore disputes that the alleged offenses are serious enough that the public allegedly possesses an interest in his prosecution. *See* Dkt. # 170, p. 13. As support for its argument, the Government cites the case of *United States v. Godoy*, 821 F.2d 1498 (11th Cir. 1987), in which officers seized 30,000 pounds of marijuana from a vessel owned by the defendants, *id*. at 499. *See* Dkt. # 170, pp. 13-14 (quoting *Godoy*, at 1506). As illustrated by the Government's Indictment, the alleged scheme to defraud the United States and/or the Georgia Institute of

Technology in this case involved not just Dr. Maloney, but allegedly James Acree, James Fraley as well. *See* Dkt. # 1, ¶ 1.

The Government contends that Dr. Maloney's allegations of prejudice are allegedly "weak." *See* Dkt. # 170, p. 13. The Government's contention is erroneous. "To show actual prejudice, the defendant must show (1) oppressive pretrial incarceration, (2) his own anxiety and concern, or (3) the possibility that his defense was impaired because of the delay." *United States v. Machado*, 886 F.3d 1070, 1081–1082 (11th Cir. 2018) (quoting *United States v. Dunn*, 345 F.3d 1285, 1296 (11th Cir. 2003)). "'[P]rejudice may be demonstrated through the death or disappearance of a witness or by a defense witness's inability to 'recall accurately events of the distant past.'" *Id.* at 1082 (quoting *Dunn*, at 1296).

Dr. Maloney has alleged that two witnesses relating to the Government's allegations in its Indictment have died during the time in which this action has been pending. *See* Dkt. # 169, Exhibit A, ¶¶ 4-6. One of these witnesses, John Meadors, was Dr. Maloney's boss and, upon information and belief, would have testified that Dr. Maloney and/or Mr. Fraley were authorized to do consulting by the Georgia Tech Research Institute for Spectra Research, Inc., and others. *See* Dkt. # 1, ¶¶ 28-31, 36, 40. Mr. Meadors' publicly available obituary is attached hereto as Exhibit A.

13

In addition, delays exceeding one year are presumptively prejudicial. *See Doggett v. United States*, 505 U.S. 647, 652 n. 1 (1992). "[T]he presumption that pretrial delay has prejudiced the accused intensifies over time." *Id.* at 652. "At whatever point delay then occurs, the accused can suffer the penalties and disabilities of a prolonged prosecution. His stock of emotional and financial resources continues to be spent. His capacity to defend himself may be undermined." *Dickey v. Florida*, 398 U.S. 30, 37 n. 7 (1970).

The Speedy Trial Act and Dr. Maloney's speedy trial rights have been violated in this case. *See Strunk v. United States*, 412 U.S. 434, 436, 439 (1973) (reversing the petitioner's conviction was denied a speedy trial where there was a 10-month delay before the petitioner's trial); *United States v. Branham*, 285 F. App'x 642, 644 (11th Cir. 2008) (*per curiam*) (concluding that the district court did not err in dismissing the original indictment against the defendant for bank robbery offenses based upon a four-day delay under the Speedy Trial Act). Dr. Maloney has been prejudiced by the nearly eight-year delay, including from loss of witnesses and potential testimony and evidence. The Indictment in this case should accordingly be dismissed with prejudice under section 3162(a)(2).

Based upon the facts and authorities set forth herein, Defendant James G. Maloney requests that the Court grant his Motion to Dismiss the Indictment

14

Pursuant to the Speedy Trial Act, 18 U.S.C. §§ 3161 *et seq.*, and dismiss the

Indictment in this action with prejudice.

Respectfully submitted, this 14th day of March, 2023.

GILLEN WITHERS & LAKE, LLC

*/s/ Anthony C. Lake*_____
Anthony C. Lake, Esq.
Georgia Bar No. 431149
Craig A. Gillen, Esq.
Georgia Bar No. 294838
400 Galleria Parkway
Suite 1920
Atlanta, Georgia 30339
Telephone:   (404) 842-9700
Facsimile:    (404) 842-9750
E-mail:       aclake@gwllawfirm.com
              cgillen@gwllawfirm.com

Counsel for Dr. James G. Maloney

15

## CERTIFICATION

The undersigned certifies, pursuant to N.D.Ga.L.Civ.R. 7.1D, that the foregoing document has been prepared with one of the font and point selections (Book Antigua, 13 point) approved by the Court in N.D.Ga.L.Civ.R. 5.1B.

GILLEN WITHERS & LAKE, LLC

*/s/ Anthony C. Lake* _____
Anthony C. Lake, Esq.
Georgia Bar No. 431149

Counsel for Dr. James G. Maloney

16

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that, on this 14th day of March, 2023, the undersigned served the foregoing document by filing the document via the Court's Case Management/Electronic Case Filing (CM/ECF) system, which will automatically serve notice of such filing on the following attorneys of record:

**John Russell Phillips, Esq.**
**Assistant United States Attorney**
**Stephen H. McClain, Esq.**
**Assistant United States Attorney**
**United States Attorney's Office for the Northern District of Georgia**
600 Richard Russell Building
75 Ted Turner Drive, S.W.
Atlanta, Georgia 30303
stephen.mcclain@usdoj.gov
russell.phillips@usdoj.gov

**Emma Dinan Ellenrieder**
**United States Department of Justice**
950 Pennsylvania Avenue, N.W.
Washington, D.C. 20530
emma.ellenrieder@usdoj.gov

17

GILLEN WITHERS & LAKE, LLC

*/s/ Anthony C. Lake* _____
Anthony C. Lake, Esq.
Georgia Bar No. 431149
Craig A. Gillen, Esq.
Georgia Bar No. 294838
400 Galleria Parkway
Suite 1920
Atlanta, Georgia 30339
Telephone:    (404) 842-9700
Facsimile:    (404) 842-9750
E-mail:       cgillen@gwllawfirm.com
              aclake@gwllawfirm.com

Counsel for Dr. James G. Maloney