IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>JAMES G. MALONEY | CRIMINAL ACTION NUMBER<br>1:16-cr-237-RWS-JSA |

**GOVERNMENT'S SURREPLY IN FURTHER OPPOSITION TO DEFENDANT'S MOTION TO DISMISS ON SPEEDY TRIAL GROUNDS**

As directed by the Court, the Government files this Surreply to address the issues raised in Maloney's Reply Brief (Doc. 173).

**Relevant Facts**

**(a)     Maloney's Notices of Intent to Disclose Classified Information**

Maloney filed three Notices of Intent to Disclose Classified Information: September 12, 2016 (Doc. 21); April 13, 2017 (Doc. 39); and July 14, 2017 (Doc. 45). These required classification reviews and complex, classified briefing, which took considerable time. (*See, e.g.*, Docs. 44, 45, 59, 63, 66, 68, 70, 73, 81, 82 83, 100).

**(b)     Maloney's Motion to Compel**

On October 27, 2017, Maloney filed a Motion to Compel, which also required classified briefing and caused extensive delay. (*See, e.g.*, Docs. 58, 68, 82, 99, 100).

### (c)   Hearings on Maloney's Notices of Intent to Disclose Classified Information and Motion to Compel

The Magistrate Judge conducted hearings on Maloney's Notices of Intent to Disclose Classified Information and Motion to Compel on March 7, 2018 (Doc. 68); December 17, 2018 (Doc. 82); and April 8, 2019 (Doc. 100).

#### (i)   The hearing on March 7, 2018

On March 7, 2018, the Court held a hearing on Maloney's Motion to Compel. (Doc. 68). The Court granted the Motion in part and denied it in part, as explained further in open court. (*Id*.). In addition, the Court ordered the Government to provide a classification review of Maloney's Notice of Intent to Disclose Classified Information. (*Id*.).

#### (ii)   The hearing on December 17, 2018

On October 22, 2018, the Government filed a CIPA § 6(a) Motion, asking the Court to conduct a hearing to make all determinations concerning the use, relevance, and admissibility of classified information. (Doc. 77); *see* 18 U.S.C. app. III § (6)(a). The Court held the CIPA § 6(a) hearing on December 17, 2018. (Doc. 82). The Court ordered the Government to provide a classification review of Maloney's proffer and ordered supplemental briefing. (*Id*.). The Court explained that the CIPA motions practice and related proceedings had excluded from Speedy Trial Act computations the time between the filing of Maloney's initial

Notice of Intent to Disclose Classified Information on September 12, 2016 and the hearing, and that the exclusion extended until at least all of the supplemental briefing was completed. (*Id*.). "The Court also independently clarified, to the extent not expressly stated in every instance previously, that the continuances that led to the scheduling of the instant hearing were necessary to allow for the effective litigation of the CIPA issues in the case, and that the Court allowed those continuances pursuant to 18 U.S.C. § 3161(h)(7)(A)." (*Id*.). The Government filed a Supplemental Brief on January 25, 2019 and a Surreply on March 5, 2019. (*See* Doc. 92). On March 6, 2019, Maloney filed a Motion to Strike the Government's Surreply. (Doc. 93). On March 8, 2019, the Court ordered the Government to respond to Maloney's Motion to Strike. (Doc. 95). The Government did so on March 11, 2019. (Doc. 96).

      **(iii)   The hearing on April 8, 2019**

On April 8, 2019, the Court held a supplemental hearing to hear argument concerning Maloney's requests to be allowed to use classified information at trial, as embodied in, among other filings, motions [22], [25], [44], [45], [59], [77], and Maloney's Motion to Compel and his Second Supplemental Notice of Intent to Disclose Classified Information. (Doc. 100). Following the hearing, the Court took those motions under advisement. (*Id*.).

**(d)     The Magistrate Judge's Orders**

On April 19, 2019, the Magistrate Judge issued two Orders. (Docs. 101, 102). The first Order (Doc. 101) ruled on Maloney's October 27, 2017 Motion to Compel (*see* Doc. 99); his September 12, 2016 Motion for Bill of Particulars (Doc. 17); and his September 12, 2016 Motion for Access to Witnesses (Doc. 19). The second Order (Doc. 102) ruled on the admissibility of classified information. On the docket, the Court stated that it "further excluded" from calculations under the Speedy Trial Act all time from the date of the Order, April 19, 2019, through "at least" August 12, 2019, "as further explained in the [classified] Order." (*Id*.).

## Argument

1.  **The speedy trial clock was tolled from September 12, 2016, the day that Maloney filed his first Notice of Intent to Disclose Classified Information (Doc. 21), through at least April 19, 2019, the day that the Magistrate Judge issued his Order as to the Admissibility of Classified Information (Doc. 102).**

As the Magistrate Judge correctly noted, all of the CIPA proceedings in this case "are simply phases of the same interrelated motion practice begun by the Defendant's notices to introduce classified evidence." (Doc. 112). Virtually all of the delay resulted from those notices.

Maloney filed his first of three Notices of Intent to Disclose Classified Information on September 12, 2016. (Doc. 21). As explained below, each of those Notices was the equivalent of a "pretrial motion" within the meaning of 18 U.S.C. § 3161(h)(1)(D), and the Magistrate Judge treated them as such. (Doc. 89 at 7-8). Maloney asserted no contemporaneous objection to that treatment. The Magistrate Judge held three hearings on Maloney's Notices (Docs. 68, 82, 100) and issued a dispositive Order on April 19, 2019 (Doc. 102), 11 days after the final hearing. Therefore, all of the time from September 12, 2016 through April 19, 2019 was automatically excluded by § 3161(h)(1)(D). *See United States v. Hughes*, 840 F.3d 1368, 1380 (11th Cir. 2016) (stating that the "filing of a pretrial motion triggers automatic pretrial-motion Speedy Trial Act clock stoppage"); *United*

*States v. Davenport*, 935 F.2d 1223, 1228 (11th Cir. 1991) ("For motions that require hearings, § 3161(h)(1)[(D)] excludes all time between the filing of the motion and the conclusion of the hearing at which it is addressed. This entire period is excluded from the speedy trial clock and is not subject to review regarding its reasonableness. Once the hearing is concluded, the motion is treated exactly like a motion for which no hearing is required. If the court has all materials necessary to rule on the motion, the court is deemed to have taken the motion under advisement immediately following the hearing and § 3161(h)(1)[(H)] permits no more than thirty additional days to be excluded."); *see also Henderson v. United States*, 476 U.S. 321, 331 (1986) ("The provisions of the Act are designed to exclude all time that is consumed in placing the trial court in a position to dispose of a motion.")).

Under the Classified Information Procedures Act (CIPA), "a defendant [who] reasonably expects to disclose or to cause the disclosure of classified information [at] trial . . . shall . . . notify the attorney for the United States and the court in writing. Such notice shall include a brief description of the classified information." 18 U.S.C. app. III § (5)(a). There is no requirement that the details be delivered in a document entitled "notice" rather than in one entitled "motion."

Yet, regardless of whether the defendant calls it a "notice" or a "motion," when he files his CIPA § (5)(a) pleading, he is seeking to admit classified evidence at trial. S*ee United States v. Pappas*, 94 F.3d 795, 799 (2d Cir. 1996) (explaining that CIPA "was designed to establish procedures to harmonize a defendant's right to obtain and present exculpatory material upon his trial and the government's right to protect classified material in the national interest").

The initial CIPA pleading under § 5(a) triggers a series of classified motions, briefs, and hearings that can take years to resolve. *See United States v. Brown*, No. 5:14-CR-58-FL, 2014 WL 1572553, at *5 (E.D.N.C. Apr. 18, 2014) ("Generally speaking, CIPA processes are tedious, time consuming . . . , and require significant dedication of resources by all involved. When classified materials are involved, it is difficult for the government to predict when it will be able to complete various discovery disclosures. If the government seeks to declassify the materials, it may have to consult with various intelligence agencies for approval. This can be a lengthy process.").

Hence, this Court should hold that each of Maloney's three Notices was the equivalent of a "pretrial motion" for purposes of tolling the speedy trial clock under § 3161(h)(1)(D). "The focus of the subsection is whether the court's intervention is required or whether a hearing must be held." *United States v.*

*Loughrin*, 710 F.3d 1111, 1120 (10th Cir. 2013), *aff'd*, 573 U.S. 351 (2014). A notice of intent to disclose classified information constitutes a pretrial motion because it "create[s] extra work in the form of briefs to be filed [and] arguments to be made, it unsettles the parties' expectations[,] and [it] consumes time in the same way that a pretrial motion does." *Id.*; *see also United States v. Naseer*, 38 F. Supp. 3d 269, 276 n.9 (E.D.N.Y. 2014) (stating that the court "assumes without deciding" that a CIPA motion "constitutes a 'pretrial motion' for purposes of exclusion under Section 3161(h)(1)(D)"); *United States v. Gavegnano*, No. 3:05CR00017-1, 2012 WL 1884136, at *2 (W.D. Va. May 22, 2012) (noting that the defendant initiated the CIPA proceedings by filing a "motion in limine offering notice of his intent to disclose classified information"). Maloney's CIPA filings qualify as motions regardless of their formal title. A contrary rule would elevate form over substance, as courts have refused to do in this context. *See United States v. Richardson,* 421 F.3d 17, 28-29 (1st Cir. 2005) ("We have read the term 'pretrial motion' broadly to encompass all manner of motions for purposes of tolling the speedy trial clock, ranging from informal requests for laboratory reports to 'implied' requests for a new trial date.") (internal quotations and brackets omitted); *United States v. Gottesfeld*, 18 F.4th 1, 6 (1st Cir. 2021) (stating that the court has "historically adopted a functional rather than formalistic approach to

determining what constitutes a 'pretrial motion'" within the meaning of § 3161(h)(1)(D)), *cert. denied*, 214 L. Ed. 2d 14, 143 S. Ct. 85 (2022); *see also United States v. Harvey*, No. 3:11-CR-00194-BLW, 2012 WL 3686034, at *1, *3 (D. Idaho Aug. 24, 2012) (holding that the time between the filing of defendant's motion for CIPA discovery and entry of the order denying the motion was excludable under 18 U.S.C. § 3161(h)(1)(D)).

The Court here expressly followed this functional as opposed to formalistic approach—that is, treating the CIPA notices as motions—with no objection from Maloney. As the Magistrate Judge explained, Maloney's notices were motions insofar as they requested relief from the Court and required hearings:

> So for Speedy Trial purposes, I have been considering and treating the Section 5 notices that have been filed as motions because—and the Government's responses to those notices because those are requests for action from the Court to make findings as to the admissibility or non-admissibility—is that a word?— to exclude evidence. And many of these also included requests for production or discovery or resistance—opposition to requests that have been made for discovery.
>
> And so as early as—the defense filed its first notice of intent on September 12, and I think the Government responded shortly thereafter, and I'm treating all of those notices and responses thereto as motions. Because for the reasons I have explained, they are requests for action and relief from the Court and contested requests—very contested as this morning has shown.

Page 9 of 20

> So now there have been supplemental requests—I mean, notices and responses, all of which have been perfecting this basic motion of the defense's request to use certain specific classified information and the Government's opposition to that in whole or in part, again all of which is akin to or even if not styled literally as they're evidentiary motions for which we had beg[u]n the hearing this morning but again is not complete.
>
> So on that basis, Speedy Trial is not—has tolled under the pending motion provision during this entire time.

(Doc. 89 at 7-8).

Maloney's argument to the contrary—that his "CIPA Notice was not a 'motion' for the purposes of section 3161(h)(1)(D)" (Doc. 173 at 6)—puts form over substance and ignores the purpose of CIPA § (5)(a). The only case that he cites in support of his position is not on point. *See United States v. Brown*, 285 F.3d 959, 960 (11th Cir. 2002) (holding that "a document reporting on time under the Speedy Trial Act and requesting a trial date is not a pretrial motion").

Nor does the Magistrate Judge's explanation on December 17, 2018 amount to a "retroactive" ends-of-justice continuance to September 12, 2016, as Maloney seems to suggest. (Doc. 173 at 2, 7). Maloney's original Notice (Doc. 21) and the other pretrial motions (Docs. 16, 17, 18, 19) that he filed with it contemporaneously excluded time under § 3161(h)(1)(D) when they were filed on September 12, 2016. Those filings excluded time and did not require a court order to do so. 18 U.S.C. § 3161(h)(1)(D). The Magistrate Judge's December 2018

comments simply explained the law and the effect of those filings; they did not retroactively exclude time. Moreover, to the extent that the Magistrate Judge referred to prior orders he had entered excluding time under § 3161(h)(7), he was permitted to explain further and place reasons for his ends-of-justice continuances on the record after the orders were entered. The Court may place its reasons for an ends-of-justice continuance on the record at any time before it rules on a motion to dismiss under the Speedy Trial Act. *Zedner v. United States*, 547 U.S. 489, 499 (2006). Here, the Government is not relying on orders to retroactively exclude time; rather, it is relying on motions and orders that contemporaneously excluded time, from the date of their filing through future dates, as explained by the Magistrate Judge on December 17, 2018.

Accordingly, as the Magistrate Judge found, the time between Maloney's CIPA filings (Docs. 22, 25, 44, 45, 59, 77) and at least the hearing on April 8, 2019 (and the disposition on April 19, 2019) was excluded by the Speedy Trial Act's motion provision, found in § 3161(h)(1)(D). The time between the April 8, 2019 hearing and the April 19, 2019 Order—while the motion was under advisement—was excluded by a different provision, § 3161(h)(1)(H).

As the Government explained in its speedy trial opposition, the § 3161(h)(1)(D) exclusion was effective beyond April 19, 2019, to February 8,

2023, when the Court reached its ultimate decisions on the CIPA issues, as the Act and prior Court orders excluded the time necessary to finally resolve all the CIPA issues. (Doc. 170 at 8-9). But the exclusion just through April 19, 2019 defeats Maloney's 70-day argument based on the specific time periods set forth in his Reply Brief. Fewer than 70 days are left after excluding time through April 19, 2019.

**2.    Independent of the CIPA notices, the speedy trial clock was tolled from October 27, 2017, the day that Maloney filed his Motion to Compel (*see* Doc. 99), through April 19, 2019, the day that the Magistrate Judge issued his Order disposing of the Motion (Doc. 101).**

Even if Maloney's form-over-substance argument were correct—such that § 3161(h)(1)(D) applies only to pretrial filings that have the word "motion" in the title—Maloney's speedy trial motion would fail.

Subsection (h)(1)(D) excludes all "delay resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion." As the Eleventh Circuit has explained, this provision excludes even lengthy periods of delay:

> For motions that require hearings, § 3161(h)(1)[(D)] excludes all time between the filing of the motion and the conclusion of the hearing at which it is addressed. This entire period is excluded from the speedy trial clock and is not subject to review regarding its reasonableness. Once the hearing is concluded, the motion is treated exactly like a motion for which no hearing is required. If the court has all materials necessary to rule on the motion, the court is deemed to

> have taken the motion under advisement immediately following the hearing and § 3161(h)(1)[(H)] permits no more than thirty additional days to be excluded.

*Davenport*, 935 F.2d at 1228.

On October 27, 2017, Maloney filed a Motion to Compel. (*See* Doc. 99). The Magistrate Judge conducted three hearings on the Motion: March 7, 2018 (Doc. 68); December 17, 2018 (Doc. 82); and April 8, 2019 (Doc. 100). The Magistrate Judge issued an Order disposing of the Motion on April 19, 2019 (Doc. 101), just 11 days after the final hearing. Thus, all of the time between October 27, 2017 and at least April 19, 2019 was automatically excluded under § 3161(h)(1)(D). *See Hughes*, 840 F.3d at 1380; *Davenport*, 935 F.2d at 1228. This period of exclusion independently defeats the 70-day argument raised in Maloney's Reply Brief.

**3.     Maloney fails to identify any delay that is not excludable under the Speedy Trial Act.**

In his Reply Brief, Maloney argues that time is not excludable under the Speedy Trial Act for the seven specific periods. (Doc. 173 at 2-3). The two arguments above independently defeat most of the time periods identified. Some of the time periods are excluded for additional reasons.

**(a)     March 8, 2018 through April 3, 2018**

The time from March 8, 2018 through April 3, 2018 is excludable for the reasons set forth in Argument 1 and Argument 2 above.

**(b)    April 14, 2018 through April 25, 2018**

The time from April 14, 2018 through April 25, 2018 is excludable for the reasons set forth in Argument 1 and Argument 2 above.

**(c)    August 30, 2018 through September 5, 2018**

The time from August 30, 2018 through September 5, 2018 is excludable for the reasons set forth in Argument 1 and Argument 2 above.

The time from August 30, 2018 through September 5, 2018 is also excludable for other reasons. On August 24, 2018, the Government filed a Motion to Continue the CIPA § 6 hearing due to a scheduling conflict in another matter and the unavailability of water and electricity in the Government's SCIF. (Doc. 75). The Court entered an Order granting the Motion on September 6, 2018. (Doc. 76). Thus, the time from the date the Motion was filed—August 24, 2018—to the date that the Court disposed of the Motion—September 6, 2018—is excludable under § 3161(h)(1)(H). *See Davenport*, 935 F.2d at 1228; *see also United States v. Yunis*, 723 F.2d 795, 797 (11th Cir. 1984) (noting that "both the date on which an event occurs or a motion is filed and the date on which the court disposes of a motion are excluded").

**(d)     December 18, 2018 through January 15, 2019**

The time from December 18, 2018 through January 15, 2019 is excludable for the reasons set forth in Argument 1 and Argument 2 above.

In addition, at the December 17, 2018 hearing, the Magistrate Judge made clear that he was excluding time from the date of the hearing through at least January 31, 2019. (Doc. 82; Doc. 89 at 7-8). This hearing is also where the Magistrate Judge explained that the CIPA filings were the equivalent of motions and that he had therefore excluded time beginning on September 12, 2016. (Doc. 89 at 7-8).

**(e)     February 8, 2019 through March 5, 2019**

The time from February 8, 2019 through March 5, 2019 is excludable for the reasons set forth in Argument 1 and Argument 2 above.

In addition, the time from February 8, 2019 through March 5, 2019 was excluded by the filing of the Government's CIPA § 6(a) Motion on October 22, 2018 (Doc. 77), which tolled the speedy trial clock until at least April 19, 2019, when the Magistrate Judge issued his Order as to the Admissibility of Classified Information (Doc. 102). *See* 18 U.S.C. § 3161(h)(1)(D); *Hughes*, 840 F.3d at 1380; *Davenport*, 935 F.2d at 1228.

**(f)     April 13, 2019 through April 29, 2019**

The time from April 13, 2019 through April 19, 2019 is excludable for the reasons set forth in Argument 1 and Argument 2 above.

In addition, the time from April 13, 2019 through at least April 19, 2019 was automatically excluded under § 3161(h)(1)(D) by the filing of the Government's CIPA § 6(a) Motion on October 22, 2018 (Doc. 77), which required three hearings (Docs. 68, 82, 100) and remained pending until the Magistrate Judge issued his Order on April 29, 2019 (Doc. 102). *See Hughes*, 840 F.3d at 1380; *Davenport*, 935 F.2d at 1228.

Furthermore, as explained in the Government's initial brief, the delay occasioned by the CIPA litigation extended beyond April 19, 2019, to February 8, 2023, when the Court finally resolved the CIPA issues. (Doc. 170 at 8-9).

**(g)     February 9, 2023 through March 2, 2023**

Maloney inexplicably includes this time period in his Reply Brief, even though, as the Government pointed out in its opposition, this Court issued an Order on February 9, 2023 that excluded "the time between the Court's February 8, 2023 Status Conference and [the trial date,] May 22, 2023." (Doc. 163 at 2). In ignoring this exclusion, Maloney is apparently reading only the docket entry description and failing to read the text of the Order itself.

**4.     Maloney fails to show that his defense was prejudiced by the death of Dr. John Meadors.**

Maloney argues that his former boss at GTRI, Dr. John Meadors, who is now deceased, would have testified that Maloney was "authorized to do consulting . . . for Spectra Research, Inc., and others." (Doc. 173 at 13). Maloney's argument is speculative and conclusory, at best.

Maloney's argument is also contrary to what Dr. Meadors told the FBI on November 13, 2013. (*See* Ex. 1). Dr. Meadors said that he strictly enforced three rules concerning outside consulting by the employees in his lab: (1) he did not allow any consulting if the work matched the technical activity within the lab; (2) he did not allow consulting for more than $5,000; and (3) he did not allow consulting without prior approval. (*Id*.). Dr. Meadors also told the FBI that Maloney has "no moral or ethical conscience[,] . . . is obsessed with being wealthy[, and] spends a lot of time trying to figure out how to game the system for his own gain." (*Id*.).

Maloney's unsupported contention that Dr. Meadors would have testified that Maloney was authorized to engage in outside consulting activity is also inconsistent with the apology letter that Maloney wrote to Dr. Meadors on February 22, 2007. (*See* Ex. 2). In that letter, Maloney admitted that he had inappropriately engaged in outside consulting activity "without the consent or

prior knowledge of GTRI." (*Id.*). Maloney also acknowledged that his actions were "contrary to policy," and he promised that he would not "let this happen again in the future." (*Id.*).

Therefore, it defies logic and common sense to suggest that calling Dr. Meadors to testify at trial would have been helpful to Maloney's defense. That is simply wishful thinking on Maloney's part. As Justice Clark noted in his dissent in *Machibroda v. United States*, 368 U.S. 487, 497 (1962), "self-interest readily leads to self-deception."

## Conclusion

For the reasons set forth herein and in the Government's previous brief, Maloney's Motion to Dismiss should be denied.

                                              Respectfully submitted,

                                              Ryan K. Buchanan
                                              *United States Attorney*

                                              /s/ John Russell Phillips
                                              *Assistant United States Attorney*
                                              Georgia Bar No. 576335

                                              /s/ Stephen H. McClain
                                              *Assistant United States Attorney*
                                              Georgia Bar No. 143186

600 U.S. Courthouse
75 Ted Turner Drive, SW
Atlanta, GA 30303
(404) 581-6000

                                              /s/ Emma Ellenrieder
                                              *Trial Attorney*
                                              DC Bar No. 1015108

U.S. Department of Justice
Counterintelligence and
Export Control Section
950 Pennsylvania Avenue, NW
Suite 7734
Washington, D.C. 20530
(202) 514-0203

**Certificate of Service**

I hereby certify that, on March 20, 2023, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system.

/s/ John Russell Phillips
*Assistant United States Attorney*
Georgia Bar No. 576335

600 U.S. Courthouse
75 Ted Turner Drive, SW
Atlanta, GA 30303
(404) 581-6000