# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>JAMES G. MALONEY, et al.,<br><br>Defendants. | Criminal Action No.<br><br>1:16-cr-237-RWS-JSA |

## ORDER

This matter is before the Court in anticipation of the May 22, 2023 jury trial and upon the parties' request for guidance on the procedures for *voir dire* as well as identification of deadlines for submitting proposed questions for *voir dire* and proposed jury instructions. Accordingly, the Court enters the following Order.

### I.   Voir Dire

All proposed *voir dire* questions must be submitted to the Court in advance of trial pursuant to the following schedule. Counsel may assume that the Court will utilize the Criminal Qualifying Jury Questions and Criminal Juror Questionnaire included on the Court's webpage as the undersigned's Judge Instructions. Counsel are not required to submit any of those questions.

Proposed questions shall be submitted to the Court not later than **three (3) business days** before the pretrial conference. The opposing party may file objections to proposed questions not later than **one (1) business day** before the pretrial conference.

The Court will supplement its standard Criminal Juror Questionnaire with additional questions that it deems appropriate from the proposed questions submitted by counsel. Criteria for selecting questions for the written questionnaire include considerations of juror privacy and questions, the responses to which, may prejudice other jurors. The questionnaire will be distributed to jurors when they appear for service on the first day of trial. After completion, copies of completed questionnaires will be provided to counsel for use during oral *voir dire*.

The oral *voir dire* process at trial will commence with the Court asking the standard Criminal Qualifying Jury Questions of the entire panel as a group. Then, each individual juror will be asked to state where they live; where they are employed; any places of residence for last 10 years; if they have a significant other, where that person is employed; number and ages of children and places of employment of adult children; past trial jury or grand jury service; past military service.

Following this procedure, counsel for the Government and for Defendant will each be given up to 30 minutes to ask questions from their proposed *voir dire* questions that have not otherwise been covered by the preceding procedures. Counsel will not be permitted to ask questions of the jurors touching on subjects that are covered by the written questionnaire. If follow-up to those questions is required, it will be conducted by the Court following questioning by counsel.

After each side asks its questions, the Court will confer with counsel to determine if follow-up questions are required concerning responses to the written questionnaires or to any of the other previously asked questions. If so, those questions will be asked by the Court in an individual, sequestered *voir dire*. Not all jurors will participate in individual, sequestered *voir dire*; only those determined by the Court to be necessary after consultation with counsel. As individual *voir dire* occurs, should counsel wish to have a juror excused for cause, counsel should make that motion, outside the presence of the juror, after that juror's individual *voir dire* is concluded. The Court will rule on the objections as they are made.

After a sufficient number of potential jurors have cleared individual *voir dire*, counsel shall be allowed time to review their notes, and the jury will then be struck utilizing silent strikes.

## II. Jury Instructions

Proposed jury instructions, including preliminary and/or introductory instructions, shall be submitted to the Court not later than **three (3) business days** before commencement of the trial.

The parties are not required to submit a complete set of proposed jury instructions. Rather, the parties are encouraged to submit individual proposals for each instruction they request.

Each individual instruction proposed should however be a complete instruction. In other words, counsel should submit the full text of requested charges (not simply a reference) even for charges that may be included in the Eleventh Circuit's Pattern Instructions.

## III. Verdict Forms

Proposed verdict forms shall be submitted to the Court not later than **three (3) business days** before commencement of the trial.

**SO ORDERED** this 18th day of April, 2023.

_____
**RICHARD W. STORY**
United States District Judge