IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § | CRIMINAL CASE NO. |
| v. | § § | 1:16-cr-00237-RWS-JSA |
| JAMES G. MALONEY, | § § § | |
| Defendant. | § | |

**DEFENDANT'S MOTION FOR PARTICULARS CONCERNING COUNTS 7 THROUGH 12 OF THE INDICTMENT AND FOR RECONSIDERATION**

Defendant James G. Maloney files this Motion for Particulars Concerning Counts 7 through 12 of the Indictment and for Reconsideration, and hereby moves the Court for certain particulars relating to Counts 7 through 12 of the Indictment. Defendant furthermore moves for reconsideration of his Motion to Dismiss the Indictment Pursuant to the Speedy Trial Act, 18 U.S.C. §§ 3161 *et seq.* (Motion). *See* Dkt. # 169, based upon the passing away of an additional potential witness identified by the defense.

**I. Motion for Particulars Concerning Counts 7 through 12 of the Indictment**

Counts 7 through 12 of the Indictment allege that Dr. Maloney committed mail fraud in violation of 18 U.S.C. § 1341. *See* Dkt. # 1, ¶ 36. The Counts state that,

1

on July 27, 2011; October 27, 2011; January 27, 2012; June 27, 2012; July 27, 2012, and October 27, 20212, Dr. Maloney sent a "PCard account statement with charges incurred for the personal use and benefit of James G. Maloney" to James D. Fraley, III, by United States mail. *Id.*

The Counts refer to six (6) PCard account statements. *See* Dkt. # 1, ¶ 36. The statements in question contain multiple purchase entries. Dr. Maloney requests that the Government be directed to identify the particular charges on the account statements which the Government contends were "for the personal use and benefit of" Dr. Maloney.

"'An indictment must sufficiently apprise[ ] the defendant of what he must be prepared to meet.'" *United States v. Bobo*, 344 F.3d 1076, 1083 (11th Cir. 2003) (quoting *Russell v. United States*, 369 U.S. 749, 763 (1962); citing *United States v. Sanchez*, 269 F.3d 1250, 1314 (11th Cir. 2001)). A bill of particulars "supplements an indictment by providing the defendant with information necessary for trial preparation." *United States v. Anderson*, 799 F.2d 1438, 1142 (11th Cir. 1986). Federal Rule of Criminal Procedure 7 states that "[t]he defendant may move for a bill of particulars before or within 14 days after arraignment or at a later time if the court permits." Fed. R. Crim. P. 7(f).

The defense possesses a need to know which charges on the six statements the Government maintains were for Dr. Maloney's alleged "personal use and benefit" in order to properly defend against the charges in the upcoming trial in this case. The statements are account statements containing records of numerous purchases. The Court may direct the Government to provide the requested particulars. *See United States v. Kahale*, 789 F. Supp. 2d 359, 377 (E.D.N.Y. 2009) (denying the defendant's request for particulars regarding individual transactions in which funds were diverted for personal use, observing that the government had "already identifie[d] with particularity specific personal expenses on which investor money was spent… Further particularization of these expenses is unnecessary to provide fair notice of the crimes charged…"). Dr. Maloney accordingly requests that the Government be directed to identify the particular charges on the six account statements referenced in Counts 7 through 12 of the Indictment which the Government contends were "for the personal use and benefit of" Dr. Maloney.

## II. Motion for Reconsideration of Defendant's Motion to Dismiss the Indictment Pursuant to the Speedy Trial Act, 18 U.S.C. §§ 3161 *et seq*. Docket # 169

On March 3, 2023, Dr. Maloney filed a Motion to Dismiss the Indictment Pursuant to the Speedy Trial Act, 18 U.S.C. §§ 3161 *et seq*. (Motion). *See* Dkt. # 169.

As part of the basis for his Motion, Dr. Maloney cited the fact that two witnesses had passed away while this action had been pending. *Id.* at 3, 8. On March 30, 2023, the Court issued an Order denying Dr. Maloney's Motion. *See* Dkt. # 176, p. 32.

On April 13, 2023, the Government notified Dr. Maloney's counsel that one of the potential witnesses identified by the defense, a Government agent, passed away on November 13, 2019, while this case was pending.

Dr. Maloney submits that the Court may reconsider its Order and Dr. Maloney's Motion based upon the death of this additional potential witness, and requests that the Court reconsider and dismiss the Indictment and this action.

Respectfully submitted, this 1st day of May, 2023.

                              GILLEN WITHERS & LAKE, LLC

                              */s/ Anthony C. Lake* _____
                              Anthony C. Lake, Esq.
                              Georgia Bar No. 431149
                              Craig A. Gillen, Esq.
                              Georgia Bar No. 294838
                              400 Galleria Parkway
                              Suite 1920
                              Atlanta, Georgia 30339
                              Telephone:   (404) 842-9700
                              Facsimile:   (404) 842-9750
                              E-mail:       cgillen@gwllawfirm.com
                                                     aclake@gwllawfirm.com

THE LAW FIRM OF LAWANDA HODGES, LLC

Lawanda Nowlin Hodges
Georgia Bar No. 547413
100 Peachtree Street, Suite 200
Atlanta, Georgia 30309
Phone: (404) 474-0772
Fax: (404) 474-2774
Email: lhodges@lhodgeslaw.com

FINCH MCCRANIE, LLP

David H. Bouchard
Georgia Bar No. 712859
229 Peachtree Street, N.E.
Suite 2500
Atlanta, Georgia 30303
Phone: (404) 658-9070
Fax: (404) 688-0649
Email: david@finchmccranie.com

Counsel for Dr. James G. Maloney

## CERTIFICATION

The undersigned certifies, pursuant to N.D.Ga.L.Civ.R. 7.1D, that the foregoing document has been prepared with one of the font and point selections (Book Antigua, 13 point) approved by the Court in N.D.Ga.L.Civ.R. 5.1B.

        GILLEN WITHERS & LAKE, LLC

        */s/ Anthony C. Lake* _____
        Anthony C. Lake, Esq.
        Georgia Bar No. 431149
        Craig A. Gillen, Esq.
        Georgia Bar No. 294838
        400 Galleria Parkway
        Suite 1920
        Atlanta, Georgia 30339
        Telephone:   (404) 842-9700
        Facsimile:    (404) 842-9750
        E-mail:       cgillen@gwllawfirm.com
                          aclake@gwllawfirm.com

        Counsel for Dr. James G. Maloney

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that, on this 1st day of May, 2023, the undersigned served the foregoing document by filing the document via the Court's Case Management/Electronic Case Filing (CM/ECF) system, which will automatically serve notice of such filing on the following attorneys of record:

**John Russell Phillips, Esq.**
**Assistant United States Attorney**
**Stephen H. McClain, Esq.**
**Assistant United States Attorney**
**United States Attorney's Office for the Northern District of Georgia**
600 Richard Russell Building
75 Ted Turner Drive, S.W.
Atlanta, Georgia 30303
stephen.mcclain@usdoj.gov
russell.phillips@usdoj.gov

**Emma Dinan Ellenrieder**
**United States Department of Justice**
950 Pennsylvania Avenue, N.W.
Washington, D.C. 20530
emma.ellenrieder@usdoj.gov

GILLEN WITHERS & LAKE, LLC

*/s/ Anthony C. Lake* _____
Anthony C. Lake, Esq.
Georgia Bar No. 431149
Craig A. Gillen, Esq.
Georgia Bar No. 294838
400 Galleria Parkway
Suite 1920
Atlanta, Georgia 30339
Telephone:   (404) 842-9700
Facsimile:    (404) 842-9750
E-mail:        cgillen@gwllawfirm.com
                   aclake@gwllawfirm.com

Counsel for Dr. James G. Maloney