IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>JAMES G. MALONEY | CRIMINAL ACTION NUMBER<br>1:16-cr-237-RWS-JSA |

**Government's Second Motion in Limine**

The United States hereby files its Second Motion in Limine to exclude inadmissible and irrelevant evidence at trial, showing the Court as follows:

Defendant Maloney recently served reciprocal discovery, including documents pertaining to the debarment proceedings that the Department of the Air Force initiated against him shortly after Georgia Tech terminated his employment.

Pursuant to Rule 403 of the Federal Rules of Evidence, the United States hereby moves to exclude all evidence concerning the debarment proceedings on the grounds that "its probative value is substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, misleading the jury, undue delay, [and] wasting time." FED. R. EVID. 403; *see also United States v. Cole*, No. 1:20-CR-424, 2022 WL 266615, at *4 (N.D. Ohio Jan. 28, 2022) (granting motion to exclude evidence concerning the "ultimate findings or conclusions in the debarment proceedings" because it would be unfairly prejudicial, confusing, and misleading to the jury, and noting that (1) the debarment proceedings "involve[ed] a different burden of proof than the criminal case[,]" (2) the movant "was not a

party" to the debarment proceedings, and (3) "the administrative decision involved a lower burden of proof than the criminal charges").

Moreover, evidence concerning the debarment proceedings should be excluded because it is not relevant to any issue in the case. *See* FED. R. EVID. 402. "Evidence is relevant [only] if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." FED. R. EVID. 401. Because Maloney is charged with mail fraud, wire fraud, and conspiracy to commit those offenses, the government must prove that he acted with intent to defraud. *See, e.g., United States v. Solomon*, 513 F. App'x 895, 899-900 (11th Cir. 2013). The debarment proceedings took place *after* the conduct charged in the Indictment and, thus, necessarily could not have affected Maloney's intent.

WHEREFORE, the United States requests that its Motion be granted.

Respectfully submitted,

Ryan K. Buchanan
*United States Attorney*

/s/ John Russell Phillips
*Assistant United States Attorney*
Georgia Bar No. 576335

/s/ Stephen H. McClain
*Assistant United States Attorney*
Georgia Bar No. 143186

600 U.S. Courthouse
75 Ted Turner Drive, SW
Atlanta, GA 30303
(404) 581-6000

## Certificate of Service

I hereby certify that, on May 4, 2023, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system.

/s/ John Russell Phillips
*Assistant United States Attorney*
Georgia Bar No. 576335

600 U.S. Courthouse
75 Ted Turner Drive, SW
Atlanta, GA 30303
(404) 581-6000