IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

UNITED STATES OF AMERICA

*v.*

JAMES G. MALONEY

CRIMINAL ACTION NUMBER
1:16-CR-237-RWS-JSA

### Government's Proposed Jury Instructions

The United States of America hereby submits its proposed jury instructions.

Respectfully submitted,

Ryan K. Buchanan
*United States Attorney*

/s/ John Russell Phillips
*Assistant United States Attorney*
Georgia Bar No. 576335

/s/ Stephen H. McClain
*Assistant United States Attorney*
Georgia Bar No. 143186

600 U.S. Courthouse
75 Ted Turner Drive, SW
Atlanta, GA 30303
(404) 581-6000

# TABLE OF CONTENTS

**PRELIMINARY INSTRUCTIONS**

P1 Criminal Cases

**BASIC INSTRUCTIONS**

B1 Introduction

B2.1 Duty to Follow Instructions and the Presumption of Innocence

B2.2 Duty to Follow Instructions and the Presumption of Innocence when a Defendant does not Testify

B3 Definition of Reasonable Doubt

B4 Consideration of Direct and Circumstantial Evidence; Argument of Counsel; Comments by the Court

B5 Credibility of Witnesses

B6.2 Impeachment of Witnesses because of Inconsistent Statements or Felony Conviction

B6.5 Impeachment of Witnesses because of Inconsistent Statements or Felony Conviction (Defendant with no Felony Conviction Testifies)

B8 Introduction to Offense Instructions

B8.1 Conjunctively Charged Counts

**OFFENSE INSTRUCTIONS**

O54 Conspiracy to Commit Mail and Wire fraud Fraud 18 U.S.C. § 1349

O13.2 Multiple Objects of a Conspiracy

O50.1 Mail Fraud 18 U.S.C. § 1341

O51 Wire Fraud 18 U.S.C. § 1343

**SPECIAL INSTRUCTIONS**

S7 Aiding and Abetting (Agency) (18 U.S.C. § 2)

**OFFENSE INSTRUCTIONS**

O13.5 Pinkerton Instruction, [*Pinkerton v. U.S.*, 328 U.S. 640 (1946)]

**SPECIAL INSTRUCTIONS**

S8 Deliberate Ignorance as Proof of Knowledge

**BASIC INSTRUCTIONS**

B9.1A On or About; Knowingly; Willfully - Generally

B10.2 Caution: Punishment (Single Defendant, Multiple Counts)

**SPECIAL INSTRUCTIONS**

S1.2 Testimony of Accomplice or Codefendant with Plea Agreement

S5 Note-taking

**BASIC INSTRUCTIONS**

B11 Duty to Deliberate

B12 Verdict

**TRIAL INSTRUCTIONS**

T3 Explanatory Instruction - Transcript of Tape Recorded Conversation

**P1**
**Preliminary Instructions – Criminal Cases**

Members of the Jury:

Now that you have been sworn, I need to explain some basic principles about a criminal trial and your duty as jurors. These are preliminary instructions. At the end of the trial I will give you more detailed instructions.

Duty of jury:

It will be your duty to decide what happened so you can determine whether the defendant is guilty or not guilty of the crime charged in the indictment. At the end of the trial, I will explain the law that you must follow to reach your verdict. You must follow the law as I explain it to you even if you do not agree with the law.

What is evidence:

You must decide the case solely on the evidence presented here in the courtroom. Evidence can come in many forms. It can be testimony about what someone saw or heard or smelled. It can be an exhibit admitted into evidence. It can be someone's opinion. Some evidence proves a fact indirectly, such as a witness who saw wet grass outside and people walking into the courthouse carrying wet umbrellas. Indirect evidence, sometimes called circumstantial evidence, is simply a chain of circumstances that proves a fact. As far as the law

is concerned, it makes no difference whether evidence is direct or indirect. You

may choose to believe or disbelieve either kind and should give every piece of

evidence whatever weight you think it deserves.

<u>What is not evidence:</u>

Certain things are not evidence and must not be considered. I will list them

for you now:

- Statements and arguments of the lawyers. In their opening statements and closing arguments, the lawyers will discuss the case, but their remarks are not evidence;

- Questions and objections of the lawyers. The lawyers' questions are not evidence. Only the witnesses' answers are evidence. You should not think that something is true just because a lawyer's question suggests that it is. For instance, if a lawyer asks a witness, "you saw the defendant hit his sister, didn't you?" – that question is no evidence whatsoever of what the witness saw or what the defendant did, unless the witness agrees with it.

There are rules of evidence that control what can be received into

evidence. When a lawyer asks a question or offers an exhibit and a lawyer on the

other side thinks that it is not permitted by the rules of evidence, that lawyer

may object. If I overrule the objection, then the question may be answered or the

exhibit received. If I sustain the objection, then the question cannot be answered,

and the exhibit cannot be received. Whenever I sustain an objection to a question,

you must ignore the question and not try to guess what the answer would have been.

Sometimes I may order that evidence be stricken and that you disregard or ignore the evidence. That means that when you are deciding the case, you must not consider that evidence.

Some evidence is admitted only for a limited purpose. When I instruct you that an item of evidence has been admitted for a limited purpose, you must consider it only for that limited purpose and no other.

Credibility of witnesses:

In reaching your verdict, you may have to decide what testimony to believe and what testimony not to believe. You may believe everything a witness says, or part of it, or none of it. In considering the testimony of any witness, you may take into account:

- The opportunity and ability of the witness to see or hear or know the things testified to;

- The witness's memory;

- The witness's manner while testifying;

- The witness's interest in the outcome of the case and any bias or prejudice;

- Whether other evidence contradicted the witness's testimony;

- The reasonableness of the witness's testimony in light of all the evidence; and

- Any other factors that bear on believability.

I will give you additional guidelines for determining credibility of witnesses at the end of the case.

<u>Rules for criminal cases:</u>

As you know, this is a criminal case. There are three basic rules about a criminal case that you must keep in mind.

First, the defendant is presumed innocent until proven guilty. The indictment against the defendant brought by the government is only an accusation, nothing more. It is not proof of guilt or anything else. The defendant therefore starts out with a clean slate.

Second, the burden of proof is on the government until the very end of the case. The defendant has no burden to prove his innocence or to present any evidence, or to testify. Since the defendant has the right to remain silent and may choose whether to testify, you cannot legally put any weight on a defendant's choice not to testify. It is not evidence.

Third, the government must prove the defendant's guilt beyond a reasonable doubt. I will give you further instructions on this point later, but bear in mind that the level of proof required is high.

Conduct of the jury:

Our law requires jurors to follow certain instructions regarding their personal conduct in order to help assure a just and fair trial. I will now give you those instructions:

1. Do not talk, either among yourselves or with anyone else, about anything related to the case. You may tell the people with whom you live and your employer that you are a juror and give them information about when you will be required to be in court, but you may not discuss with them or anyone else anything related to the case.

2. Do not, at any time during the trial, request, accept, agree to accept, or discuss with any person, any type of payment or benefit in return for supplying any information about the trial.

3. You must promptly tell me about any incident you know of involving an attempt by any person to improperly influence you or any member of the jury.

4. Do not visit or view the premises or place where the charged crime was allegedly committed, or any other premises or place involved in the case. And you must not use Internet maps or Google Earth or any other program or device to search for a view of any location discussed in the testimony.

5. Do not read, watch, or listen to any accounts or discussions related to the case which may be reported by newspapers, television, radio, the Internet, or any other news media.

6. Do not attempt to research any fact, issue, or law related to this case, whether by discussions with others, by library or Internet research, or by any other means or source.

In this age of instant electronic communication and research, I want to emphasize that in addition to not talking face to face with anyone about the case,

you must not communicate with anyone about the case by any other means, including by telephone, text messages, email, Internet chat, chat rooms, blogs, or social-networking websites and apps such as Facebook, Instagram, Snapchat, YouTube, or Twitter. You may not use any similar technology of social media, even if I have not specifically mentioned it here.

You must not provide any information about the case to anyone by any means whatsoever, and that includes posting information about the case, or what you are doing in the case, on any device or Internet site, including blogs, chat rooms, social websites, or any other means.

You also must not use Google or otherwise search for any information about the case, or the law that applies to the case, or the people involved in the case, including the defendant, the witnesses, the lawyers, or the judge. It is important that you understand why these rules exist and why they are so important:

Our law does not permit jurors to talk with anyone else about the case, or to permit anyone to talk to them about the case, because only jurors are authorized to render a verdict. Only you have been found to be fair and only you have promised to be fair – no one else is so qualified.

Our law also does not permit jurors to talk among themselves about the case until the court tells them to begin deliberations, because premature discussions can lead to a premature final decision.

Our law also does not permit you to visit a place discussed in the testimony. First, you can't be sure that the place is in the same condition as it was on the day in question. Second, even if it were in the same condition, once you go to a place discussed in the testimony to evaluate the evidence in light of what you see, you become a witness, not a juror. As a witness, you may now have a mistaken view of the scene that neither party may have a chance to correct. That is not fair.

Finally, our law requires that you not read or listen to any news accounts of the case, and that you not attempt to research any fact, issue, or law related to the case. Your decision must be based solely on the testimony and other evidence presented in this courtroom. Also, the law often uses words and phrases in special ways, so it's important that any definitions you hear come only from me, and not from any other source. It wouldn't be fair to the parties for you to base your decision on some reporter's view or opinion, or upon other information you acquire outside the courtroom.

These rules are designed to help guarantee a fair trial, and our law accordingly sets forth serious consequences if the rules are not followed. I trust that you understand and appreciate the importance of following these rules, and in accord with your oath and promise, I know you will do so.

<u>Taking notes</u>:

Moving on now, if you wish, you may take notes to help you remember what witnesses said. If you do take notes, please keep them to yourself until you and your fellow jurors go to the jury room to decide the case. Do not let note-taking distract you so that you do not hear other answers by witnesses. When you leave the courtroom, your notes should be left in the jury room. Whether or not you take notes, you should rely on your own memory of what was said. Notes are to assist your memory only. They are not entitled to any greater weight than your memory or impression about the testimony.

<u>Course of the trial</u>:

The trial will now begin. First, the government will make an opening statement, which is simply an outline to help you understand the evidence as it comes in. Next, the defendant's attorney may, but does not have to, make an opening statement. Opening statements are neither evidence nor argument.

The government will then present its witnesses, and counsel for the defendant may cross-examine them. Following the government's case, the defendant may, if he wishes, present witnesses whom the government may cross-examine. After all the evidence is in, the attorneys will present their closing arguments to summarize and interpret the evidence for you, and I will instruct you on the law. After that, you will go to the jury room to decide your verdict.

**B1**
**Introduction**

<u>COURT'S INSTRUCTIONS TO THE JURY</u>

Members of the Jury:

It's my duty to instruct you on the rules of law that you must use in deciding this case. After I've completed these instructions, you will go to the jury room and begin your discussions – what we call your deliberations.

You must decide whether the Government has proved the specific facts necessary to find the Defendant guilty beyond a reasonable doubt.

**B2.1**
**The Duty to Follow Instructions And the Presumption of Innocence**

Your decision must be based only on the evidence presented here. You must not be influenced in any way by either sympathy for or prejudice against the Defendant or the Government.

You must follow the law as I explain it – even if you do not agree with the law – and you must follow all of my instructions as a whole. You must not single out or disregard any of the Court's instructions on the law.

The indictment or formal charge against a defendant isn't evidence of guilt. The law presumes every defendant is innocent. The Defendant does not have to prove his innocence or produce any evidence at all. The Government must prove guilt beyond a reasonable doubt. If it fails to do so, you must find the Defendant not guilty.

**B2.2**
**The Duty to Follow Instructions and the Presumption Of Innocence**
**When a Defendant Does Not Testify**

Your decision must be based only on the evidence presented during the trial. You must not be influenced in any way by either sympathy for or prejudice against the Defendant or the Government.

You must follow the law as I explain it – even if you do not agree with the law – and you must follow all of my instructions as a whole. You must not single out or disregard any of the Court's instructions on the law.

The indictment or formal charge against a Defendant isn't evidence of guilt. The law presumes every Defendant is innocent. The Defendant does not have to prove his innocence or produce any evidence at all. A Defendant does not have to testify, and if the Defendant chose not to testify, you cannot consider that in any way while making your decision. The Government must prove guilt beyond a reasonable doubt. If it fails to do so, you must find the Defendant not guilty.

**B3**
**Definition of "Reasonable Doubt"**

The Government's burden of proof is heavy, but it doesn't have to prove a Defendant's guilt beyond all <u>possible</u> doubt. The Government's proof only has to exclude any "reasonable doubt" concerning the Defendant's guilt.

A "reasonable doubt" is a real doubt, based on your reason and common sense after you've carefully and impartially considered all the evidence in the case.

"Proof beyond a reasonable doubt" is proof so convincing that you would be willing to rely and act on it without hesitation in the most important of your own affairs. If you are convinced that the Defendant has been proved guilty beyond a reasonable doubt, say so. If you are not convinced, say so.

**B4**
**Consideration of Direct and Circumstantial Evidence;**
**Argument of Counsel; Comments by the Court**

As I said before, you must consider only the evidence that I have admitted in the case. Evidence includes the testimony of witnesses and the exhibits admitted. But, anything the lawyers say is not evidence and isn't binding on you.

You shouldn't assume from anything I've said that I have any opinion about any factual issue in this case. Except for my instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your own decision about the facts.

Your own recollection and interpretation of the evidence is what matters.

In considering the evidence you may use reasoning and common sense to make deductions and reach conclusions. You shouldn't be concerned about whether the evidence is direct or circumstantial.

"Direct evidence" is the testimony of a person who asserts that he or she has actual knowledge of a fact, such as an eyewitness.

"Circumstantial evidence" is proof of a chain of facts and circumstances that tend to prove or disprove a fact. There's no legal difference in the weight you may give to either direct or circumstantial evidence.

**B5**
**Credibility of Witnesses**

When I say you must consider all the evidence, I don't mean that you must

accept all the evidence as true or accurate. You should decide whether you

believe what each witness had to say, and how important that testimony was. In

making that decision you may believe or disbelieve any witness, in whole or in

part. The number of witnesses testifying concerning a particular point doesn't

necessarily matter.

To decide whether you believe any witness I suggest that you ask yourself

a few questions:

- Did the witness impress you as one who was telling the truth?

- Did the witness have any particular reason not to tell the truth?

- Did the witness have a personal interest in the outcome of the case?

- Did the witness seem to have a good memory?

- Did the witness have the opportunity and ability to accurately observe the things he or she testified about?

- Did the witness appear to understand the questions clearly and answer them directly?

- Did the witness's testimony differ from other testimony or other evidence?

**B6.2**
**Impeachment of Witnesses Because of**
**Inconsistent Statements or Felony Conviction**

You should also ask yourself whether there was evidence that a witness testified falsely about an important fact. And ask whether there was evidence that at some other time a witness said or did something, or didn't say or do something, that was different from the testimony the witness gave during this trial.

To decide whether you believe a witness, you may consider the fact that the witness has been convicted of a felony or a crime involving dishonesty or a false statement.

But keep in mind that a simple mistake doesn't mean a witness wasn't telling the truth as he or she remembers it. People naturally tend to forget some things or remember them inaccurately. So, if a witness misstated something, you must decide whether it was because of an innocent lapse in memory or an intentional deception. The significance of your decision may depend on whether the misstatement is about an important fact or about an unimportant detail.

**B6.5**
**Impeachment of Witnesses Because of Inconsistent Statements**
**or Felony Conviction**
**(Defendant with no Felony Conviction Testifies)**

You should also ask yourself whether there was evidence that a witness testified falsely about an important fact. And ask whether there was evidence that at some other time a witness said or did something, or didn't say or do something, that was different from the testimony the witness gave during this trial.

To decide whether you believe a witness, you may consider the fact that the witness has been convicted of a felony or a crime involving dishonesty or a false statement.

But keep in mind that a simple mistake doesn't mean a witness wasn't telling the truth as he or she remembers it. People naturally tend to forget some things or remember them inaccurately. So, if a witness misstated something, you must decide whether it was because of an innocent lapse in memory or an intentional deception. The significance of your decision may depend on whether the misstatement is about an important fact or about an unimportant detail.

A defendant has a right not to testify. But since the Defendant did testify, you should decide whether you believe the Defendant's testimony in the same way as that of any other witness.

**B8**
**Introduction to Offense Instructions**

The indictment charges 15 separate crimes, called "counts," against the Defendant. Each count has a number. You'll be given a copy of the indictment to refer to during your deliberations.

Count 1 charges that the Defendant knowingly and willfully conspired with James J. Acree and James D. Fraley, III to commit mail fraud and wire fraud.

Counts 2 through 15 charge that the Defendant committed what are called "substantive offenses." Specifically, Counts 2 through 12 charge the Defendant with mail fraud, and Counts 13 through 15 charge the Defendant with wire fraud. I will explain the law governing the substantive offenses of mail fraud and wire fraud in a moment.

But first note that the Defendant is not charged in Count 1 with committing a substantive offense – he is charged with <u>conspiring</u> to commit those offenses.

I will also give you specific instructions on conspiracy.

**B8.1**

**Conjunctively Charged Counts**

Where a statute specifies multiple alternative ways in which an offense may be committed, the <u>indictment</u> may allege the multiple ways in the conjunctive, that is, by using the word "and." If only <u>one</u> of the alternatives is proved beyond a reasonable doubt, that is sufficient for conviction, so long as you agree unanimously as to that alternative.

**O54**
**Conspiracy to Commit Mail and Wire Fraud**
**18 U.S.C. § 1349**

It's a Federal crime to knowingly and willfully conspire or agree with someone to do something that, if actually carried out, would result in the crime of mail fraud or the crime of wire fraud.

A "conspiracy" is an agreement by two or more persons to commit an unlawful act. In other words, it is a kind of partnership for criminal purposes. Every member of the conspiracy becomes the agent or partner of every other member.

The Government does not have to prove that all the people named in the indictment were members of the plan, <u>or</u> that those who <u>were</u> members made any kind of formal agreement. The heart of a conspiracy is the making of the unlawful plan itself, so the Government does not have to prove that the conspirators succeeded in carrying out the plan.

The Defendant can be found guilty of this conspiracy offense only if all the following facts are proved beyond a reasonable doubt:

(1) two or more persons, in some way or manner, agreed to try to accomplish a common and unlawful plan to commit mail fraud or wire fraud, as charged in the indictment; and

(2) the Defendant knew the unlawful purpose of the plan and
willfully joined in it.

A person may be a conspirator even without knowing all the details of the

unlawful plan or the names and identities all of the other alleged conspirators.

If the Defendant played only a minor part in the plan but had a general

understanding of the unlawful purpose of the plan – and willfully joined in the

plan on at least one occasion – that's sufficient for you to find the Defendant

guilty.

But simply being present at the scene of an event or merely associating

with certain people and discussing common goals and interests doesn't establish

proof of a conspiracy. Also, a person who doesn't know about a conspiracy but

happens to act in a way that advances some purpose of one doesn't

automatically become a conspirator.

**O13.2**
**Multiple Objects of a Conspiracy**

In this case, regarding the alleged conspiracy, the indictment charges that the Defendant conspired to commit mail fraud and to commit wire fraud. In other words, the Defendant is charged with conspiring to commit <u>two</u> separate substantive crimes.

The Government does not have to prove that the Defendant willfully conspired to commit <u>both</u> crimes. It is sufficient if the Government proves beyond a reasonable doubt that the Defendant willfully conspired to commit <u>one</u> of those crimes. But to return a verdict of guilty, you must all agree on <u>which</u> of the two crimes the Defendant conspired to commit.

**O50.1**
**Mail Fraud**
**18 U.S.C. § 1341**

It's a Federal crime to use the United States mail or transmit something by private or commercial interstate carrier in carrying out a scheme to defraud someone.

The Defendant can be found guilty of this crime only if all the following facts are proved beyond a reasonable doubt:

(1) the Defendant knowingly devised or participated in a scheme to defraud someone by using false or fraudulent pretenses, representations, or promises;

(2) the false or fraudulent pretenses, representations, or promises were about a material fact;

(3) the Defendant intended to defraud someone; and

(4) the Defendant used the United States Postal Service by mailing or by causing to be mailed, or used a private or commercial interstate carrier by depositing or causing to be deposited with the carrier something meant to help carry out the scheme to defraud.

A "private or commercial interstate carrier" includes any business that transmits, carries, or delivers items from one state to another. It doesn't matter whether the message or item actually moves from one state to another as long as the message or item is delivered to the carrier.

A "scheme to defraud" means any plan or course of action intended to deceive or cheat someone out of money or property using false or fraudulent pretenses, representations, or promises.

A statement or representation is "false" or "fraudulent" if it is about a material fact, it is made with intent to defraud, and the speaker either knows it is untrue or makes it with reckless indifference to the truth. It may be false or fraudulent if it is made with the intent to defraud and is a half-truth or effectively conceals a material fact.

A "material fact" is an important fact that a reasonable person would use to decide whether to do or not do something. A fact is "material" if it has the capacity or natural tendency to influence a person's decision. It doesn't matter whether the decision-maker actually relied on the statement or knew or should have known that the statement was false.

To act with "intent to defraud" means to act knowingly and with the specific intent use false or fraudulent pretenses, representations, or promises to cause loss or injury. Proving intent to deceive alone, without the intent to cause loss or injury, is not sufficient to prove intent to defraud.

The Government does not have to prove all the details about the precise nature and purpose of the scheme or that the material mailed or deposited with

an interstate carrier was itself false or fraudulent. It also does not have to prove
that the use of the mail or the interstate carrier was intended as the specific or
exclusive means carrying out the fraud, or that the Defendant did the actual
mailing or depositing. It doesn't even have to prove that anyone was actually
defrauded.

To "cause" the mail or an interstate carrier to be used is to do an act
knowing that the use of the mail or the carrier will usually follow in the ordinary
course of business or where that use can reasonably be foreseen.

Each separate use of the mail or an interstate carrier as part of the scheme
to defraud is a separate crime.

**O51**
**Wire Fraud**
**18 U.S.C. § 1343**

It's a Federal crime to use interstate wire communications to carry out a

scheme to defraud someone else.

The Defendant can be found guilty of this crime only if all the following

facts are proved beyond a reasonable doubt:

(1) the Defendant knowingly devised or participated in a scheme to
    defraud someone by using false or fraudulent pretenses,
    representations, or promises;

(2) the false pretenses, representations, or promises were about a
    material fact;

(3) the Defendant acted with the intent to defraud; and

(4) the Defendant transmitted or caused to be transmitted by wire
    some communication in interstate commerce to help carry out the
    scheme to defraud.

A "scheme to defraud" means any plan or course of action intended to

deceive or cheat someone out of money or property by using false or fraudulent

pretenses, representations, or promises.

A statement or representation is "false" or "fraudulent" if it is about a

material fact that the speaker knows is untrue or makes with reckless

indifference to the truth, and makes with the intent to defraud. A statement or

representation may be "false" or "fraudulent" when it is a half-truth, or effectively conceals a material fact, and is made with the intent to defraud.

A "material fact" is an important fact that a reasonable person would use to decide whether to do or not do something. A fact is "material" if it has the capacity or natural tendency to influence a person's decision. It doesn't matter whether the decision-maker actually relied on the statement or knew or should have known that the statement was false.

To act with "intent to defraud" means to act knowingly and with the specific intent to use false or fraudulent pretenses, representations, or promises to cause loss or injury. Proving intent to deceive alone, without the intent to cause loss or injury, is not sufficient to prove intent to defraud.

The Government does not have to prove all the details alleged in the indictment about the precise nature and purpose of the scheme. It also doesn't have to prove that the material transmitted by interstate wire was itself false or fraudulent; or that using the wire was intended as the specific or exclusive means of carrying out the alleged fraud; or that the Defendant personally made the transmission over the wire. And it doesn't have to prove that the alleged scheme actually succeeded in defrauding anyone.

To "use" interstate wire communications is to act so that something would normally be sent through wire communications in the normal course of business.

Each separate use of the interstate wire communications as part of the scheme to defraud is a separate crime.

**S7**
**Aiding and Abetting; Agency**
**18 U.S.C. § 2**

It's possible to prove the Defendant guilty of a crime even without evidence that the Defendant personally performed every act charged.

Ordinarily, any act a person can do may be done by directing another person, or "agent." Or it may be done by acting with or under the direction of others.

A Defendant "aids and abets" a person if the Defendant intentionally joins with the person to commit a crime.

A Defendant is criminally responsible for the acts of another person if the Defendant aids and abets the other person. A Defendant is also responsible if the Defendant willfully directs or authorizes the acts of an agent, employee, or other associate.

But finding that a Defendant is criminally responsible for the acts of another person requires proof that the Defendant intentionally associated with or participated in the crime – not just proof that the Defendant was simply present at the scene of a crime or knew about it.

In other words, you must find beyond a reasonable doubt that the Defendant was a willful participant and not merely a knowing spectator.

**O13.5**
**Pinkerton Instruction**
**[*Pinkerton v. U.S.*, 328 U.S. 640 (1946)]**

During a conspiracy, if a conspirator commits a crime to advance the conspiracy toward its goals, then in some cases a coconspirator may be guilty of the crime even though the coconspirator did not participate directly in the crime.

So regarding counts 2 through 15, if you have first found the Defendant guilty of the crime of conspiracy as charged in Count 1, you may also find the Defendant guilty of any of the crimes charged in Counts 2 through 15 even if you find that the Defendant did not personally participate in that crime. To do so, you must find beyond a reasonable doubt:

(1) during the conspiracy a conspirator committed the additional crime charged to further the conspiracy's purpose;

(2) the Defendant was a knowing and willful member of the conspiracy when the crime was committed; and

(3) it was reasonably foreseeable that a coconspirator would commit the crime as a consequence of the conspiracy.

**S8**
**Deliberate Ignorance as Proof of Knowledge**

Now, I want to charge you on something called deliberate ignorance. If a defendant's knowledge of a fact is an essential part of a crime, it's enough that the defendant was aware of a high probability that the fact existed, unless the defendant actually believed the fact did not exist.

So, with respect to the issue of the Defendant's knowledge in this case, if you find beyond a reasonable doubt that the Defendant was presented with facts that put him on notice that criminal activity was occurring, but he deliberately and consciously tried to avoid learning the facts in order to be able to say, if arrested, that he did not know of the fraud, you may treat such deliberate avoidance of positive knowledge as the equivalent of knowledge. I must emphasize, however, that the requisite proof of knowledge on the part of the Defendant cannot be established by merely demonstrating that he was negligent, careless, or foolish.[1]

---

1 *United States v. Hardwick*, 1:16-cr-00065-ELR (Doc. 311 at 3443-3444) (J. Ross), *aff'd sub nom. United States v. Maurya*, 25 F.4th 829, 842 (11th Cir. 2022) ("District courts should not instruct the jury on deliberate ignorance when the relevant evidence points only to actual knowledge, rather than deliberate avoidance. But instructing the jury on deliberate ignorance is harmless error where the jury was also instructed and could have convicted on an alternative, sufficiently supported theory of actual knowledge.") (citations and quotation marks omitted); *see also United States v. Jensen*, 573 F. App'x 863, 874-75 (11th Cir. 2014) ("A district court should only instruct a jury on deliberate ignorance when the facts support the inference that the defendant was aware of a high probability of the existence of the fact in question and purposely contrived to avoid learning all of the facts in order to have a defense in the event of a subsequent prosecution.") (citations, quotation marks, and brackets omitted).

**B9.1A**
**On or About; Knowingly; Willfully – Generally**

You'll see that the indictment charges that a crime was committed "on or about" a certain date. The Government doesn't have to prove that the crime occurred on an exact date. The Government only has to prove beyond a reasonable doubt that the crime was committed on a date reasonably close to the date alleged.

The word "knowingly" means that an act was done voluntarily and intentionally and not because of a mistake or by accident.

The word "willfully" means that the act was committed voluntarily and purposely, with the intent to do something the law forbids; that is, with the bad purpose to disobey or disregard the law. While a person must have acted with the intent to do something the law forbids before you can find that the person acted "willfully," the person need not be aware of the specific law or rule that his conduct may be violating.

**B10.2**
**Caution: Punishment**
**(Single Defendant, Multiple Counts)**

Each count of the indictment charges a separate crime. You must consider each crime and the evidence relating to it separately. If you find the Defendant guilty or not guilty of one crime, that must not affect your verdict for any other crime.

I caution you that the Defendant is on trial <u>only</u> for the specific crimes charged in the indictment. You're here to determine from the evidence in this case whether the Defendant is guilty or not guilty of those specific crimes.

You must never consider punishment in any way to decide whether the Defendant is guilty. If you find the Defendant guilty, the punishment is for the Judge alone to decide later.

**S1.2**
## Testimony of Accomplice or Codefendant with Plea Agreement

You must consider some witnesses' testimony with more caution than others.

In this case, the Government has made a plea agreement with a coconspirator in exchange for his testimony. Such "plea bargaining," as it's called, provides for the possibility of a lesser sentence than the coconspirator would normally face. Plea bargaining is lawful and proper, and the rules of this court expressly provide for it.

But a witness who hopes to gain more favorable treatment may have a reason to make a false statement in order to strike a good bargain with the Government.

So while a witness of that kind may be entirely truthful when testifying, you should consider that testimony with more caution than the testimony of other witnesses.

And the fact that a witness has pleaded guilty to an offense isn't evidence of the guilt of any other person.

**S5**
**Note-taking**

You've been permitted to take notes during the trial. Most of you –
perhaps all of you – have taken advantage of that opportunity.

You must use your notes only as a memory aid during deliberations. You
must not give your notes priority over your independent recollection of the
evidence. And you must not allow yourself to be unduly influenced by the notes
of other jurors.

I emphasize that notes are not entitled to any greater weight than your
memories or impressions about the testimony.

**B11**
**Duty to Deliberate**

Your verdict, whether guilty or not guilty, must be unanimous – in other words, you must all agree. Your deliberations are secret, and you'll never have to explain your verdict to anyone.

Each of you must decide the case for yourself, but only after fully considering the evidence with the other jurors. So you must discuss the case with one another and try to reach an agreement. While you're discussing the case, don't hesitate to reexamine your own opinion and change your mind if you become convinced that you were wrong. But don't give up your honest beliefs just because others think differently or because you simply want to get the case over with.

Remember that, in a very real way, you're judges – judges of the facts. Your only interest is to seek the truth from the evidence in the case.

**B12**
**Verdict**

When you get to the jury room, choose one of your members to act as foreperson. The foreperson will direct your deliberations and will speak for you in court.

A verdict form has been prepared for your convenience.

[Explain verdict]

Take the verdict form with you to the jury room. When you've all agreed on the verdict, your foreperson must fill in the form, sign it, date it, and carry it. Then you'll return it to the courtroom.

If you wish to communicate with me at any time, please write down your message or question and give it to the marshal. The marshal will bring it to me and I'll respond as promptly as possible – either in writing or by talking to you in the courtroom. But I caution you not to tell me how many jurors have voted one way or the other at that time.

**T3**
**Explanatory Instruction**
**Transcript of Tape Recorded Conversation**

Members of the Jury: Government Exhibit 1-A has been identified as a typewritten transcript of the oral conversation heard on the tape recording received in evidence as Government Exhibit 1. The transcript also purports to identify the speakers engaged in the conversation.

I've admitted the transcript for the limited and secondary purpose of helping you follow the content of the conversation as you listen to the tape recording, and also to help you identify the speakers.

But you are specifically instructed that whether the transcript correctly reflects the content of the conversation or the identity of the speakers is entirely for you to decide based on your own examination of the transcript in relation to hearing the tape recording itself as the primary evidence of its own contents.

If you determine that the transcript is in any respect incorrect or unreliable, you should disregard it to that extent.

## CERTIFICATE OF SERVICE

I hereby certify that, on May 8, 2023, I electronically filed the foregoing

document with the Clerk of Court using the CM/ECF system.

/s/ John Russell Phillips
*Assistant United States Attorney*
Georgia Bar No. 576335

600 U.S. Courthouse
75 Ted Turner Drive, SW
Atlanta, GA 30303
(404) 581-6000