IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | CRIMINAL CASE NO. |
| | § | |
| v. | § | 1:16-cr-00237-RWS-JSA |
| | § | |
| JAMES G. MALONEY, | § | |
| | § | |
| Defendant. | § | |

**DEFENDANT'S MOTION *IN LIMINE* TO EXCLUDE
AUDIO RECORDINGS AND TRANSCRIPTS**

Defendant James G. Maloney files this Motion *In Limine* to Exclude Audio Recordings and Transcripts and moves to exclude the alleged audio recordings taken by James Fraley on or about July 7, 2013, and the alleged transcripts of the recordings from the trial in this case based upon the grounds and authorities set forth herein.

**I. BACKGROUND AND GROUNDS FOR EXCLUSION OF
ALLEGED AUDIO RECORDINGS AND TRANSCRIPTS**

In June of 2016, the government obtained an Indictment against Dr. Maloney, alleging that, from February of 2007 through about November of 2013, Dr. Maloney allegedly knowingly conspired with James Acree and James Fraley to devise a scheme to defraud and obtain money by means of false and fraudulent

1

pretenses, representations and promises, and executed the scheme by causing certain things to be delivered by mail and commercial interstate carrier, in violation of 18 U.S.C. § 1849 and 18 U.S.C. § 2. *See* Dkt. # 1, ¶¶ 1, 32. The government alleges that Dr. Maloney, Acree and Fraley, who were employed by the Georgia Tech Research Institute of the Georgia Institute of Technology (Georgia Tech), allegedly sought to enrich themselves at the expense of the United States and Georgia Tech by using a Georgia Tech corporate purchasing card and by engaging in fraudulent consulting activity. *Id.* at ¶¶ 2, 6, 7.

Included in the government's evidence relating to the case are three alleged audio recordings on three MPEG-4 audio files (m4a) entitled "evidence produced by James Fraley" and "MeAndMaloney" or "MeAcreeMaloney," as well as transcripts of the recordings. As described on a Federal Bureau of Investigation (FBI) Form FD-302 dated November 20, 2013, Fraley provided the files to Special Agents for the FBI and an Assistant United States Attorney (AUSA) with the United States Attorney's Office for the Northern District of Georgia during interviews on November 8, 13 and 20, 2013. Fraley told the Special Agents and the AUSA that he had made the recordings on July 7, 2013, using the "voice memo" on his cellular telephone (cellphone).

The first alleged recording is approximately an hour and four minutes in length, the second approximately seven minutes in length, and the third approximately 30 minutes in length. There is no evidence concerning the length of time which elapsed between Fraley's alleged recordings. In addition, the alleged recordings contain numerous inaudible and/or unintelligible portions. The government's own alleged transcripts of the recordings acknowledge that the alleged recordings are "unintelligible" in approximately 80 places.

The government cannot put forward clear and convincing evidence that Fraley competently made the alleged recordings on a quality recording device, but rather using an app on a decade-old cellphone which is, upon information and belief, no longer in his or the government's possession, along with the original audio files. There are unexplained gaps in Fraley's recording of his alleged meetings with Acree and Dr. Maloney. Fraley was moreover the subject of an audit by Georgia Tech at the time of the alleged recordings, and clearly possessed a motive to cause the recordings to portray him in the best, and Acree and Dr. Maloney in the worst, possible light and to conceal his fraudulent activities. Furthermore, there is no evidence that the government examined Fraley's cellphone or the original files when Fraley provided the alleged recordings to it approximately four months later. No evidence, still less clear and convincing

3

evidence, exists to permit a finding that the authentication requirements for the alleged recordings and transcripts have been met, and the alleged evidence is properly excluded. Lastly, exclusion of the alleged recordings is urged on grounds of the dangers of unfair prejudice, misleading the jury and confusion of the issues at trial.

## II. ARGUMENT

"In order to introduce a recording at trial, the government must establish that it 'is an accurate reproduction of relevant sounds previously audited by a witness.'" *United States v. Reeves*, 742 F.3d 487, 501 (11th Cir. 2014) (citing *United States v. Biggins*, 551 F.2d 64, 66 (5th Cir. 1977)). The prosecution possesses the burden of proving "(1) the competency of the operator; (2) the fidelity of the recording equipment; (3) the absence of material deletions, additions, or alterations in the relevant portions of the recording; and (4) the identification of the relevant speakers." *Id.* (citing *Biggins*, at 66). A trial court's determination of authenticity of a recording will not be disturbed unless there is no competent evidence in the record to support it. *Id.* (quoting *United States v. Munoz*, 16 F.3d 1116, 1120–1121 (11th Cir. 1994); quoting *United States v. Caldwell*, 776 F.2d 989, 1001 (11th Cir. 1985)).

However, "because 'recorded evidence is likely to have a strong impression on a jury and is susceptible to alteration,' the evidence of its authenticity and accuracy must be 'clear and convincing.'" *United States v. Wardlaw*, 977 F. Supp. 11481, 1483 (N.D. Ga. 1997) (quoting *United States v. Ruggiero*, 928 F.2d 1289, 1303 (2nd Cir. 1991); citing *United States v. Blakey*, 607 F.2d 779, 787 (7th Cir. 1979)). Therefore, in order to establish the authenticity of a recording, "'the possibility of [material] alterations to the tape' must be eliminated 'as a reasonable possibility.'" *Id*. (quoting *United States v. Bright*, 630 F.2d 804, 819 (5th Cir. 1980)).

The government cannot provide clear and convincing evidence of the authenticity of the alleged recordings to establish that it is entitled to admit the alleged recordings in the trial of this case. There is no evidence that Fraley was a competent operator of the recording equipment—a voice memo application (app) on his cellphone. On the contrary, Fraley's lack of competence is indicated by the gaps of unknown length between the three alleged recordings on July 7, 2013, and the numerous inaudible and unintelligible portions of the recordings.

Second, no evidence exists concerning the alleged quality or fidelity of the recording equipment. The cellphone Fraley used in 2013 was a telephone, not a recording instrument designed to capture and record non-electronic communications between persons. There is no evidence concerning the alleged

5

app Fraley used to make the alleged recordings other than what Fraley told the AUSA and the Special Agents. Critically, the cellphone used by Fraley in 2013 is presumably no longer in his or the government's possession, nor are the original files of the alleged recordings. The government indicates that Fraley gave the alleged recordings to it on a USB flash drive, however there is no evidence that the government had professionals attempt to extract the original files of the recordings from Fraley's cellphone.

Third, the government cannot establish that there are no material deletions, additions, or alterations in the relevant portions of the recording. The three alleged recordings have gaps of unknown length in between them. There is no evidence regarding what Fraley, Acree or Dr. Maloney might have said in between the times that Fraley chose to record. There is furthermore no evidence concerning what the status of Fraley's alleged recordings was in the approximately four months between the date he made the recordings and the dates of his interviews by the AUSA and the Special Agents. Fraley was the subject of an audit by Georgia Tech at the time of the alleged July 7, 2013. Fraley plainly possesses a motive to conceal his unlawful conduct and to preserve his employment at Georgia Tech and therefore a possible motive to present what he believed were the most favorable portions of his conversations with Acree and Dr. Maloney.

The lack of evidence, much less clear and convincing evidence, as to several of the requirements for admission of the alleged audio recordings and their transcripts requires exclusion of the alleged recordings and transcripts. Alleged recordings and transcripts have been held to have been erroneously admitted and/or properly excluded in similar circumstances. The Court of Appeals found that an audio and video recording of the defendant by a confidential informant which captured fragments of a conversation between the defendant and the informant should not have been admitted at trial based upon the fact that "there was no testimony about the fidelity of the audio equipment, [cit.], and no independent evidence of the accuracy of the audio recordings…"[1] *See United States v. Capers*, 708 F.3d 1286, 1308 (11th Cir. 2013) (internal citation omitted) (citing *United States v. Sarro*, 742 F.2d 1286, 1292 (11th Cir. 1984); *Biggins*, 551 F.2d at 66; *United States v. Brown*, 587 F.3d 1082, 1093 (11th Cir. 2009)). *See also United States v. Wells*, 525 F.2d 974, 976 (5th Cir. 1976) (concluding that the trial court properly sustained the government's objection to the introduction of a tape recording and transcript of the defendants' attorney and the purchaser of vehicles allegedly stolen by the defendants, finding that the tape and transcript were never identified

---

[1] The Court, however, stated that it did not believe that the admission of the recording had a substantial influence on the outcome of the defendant's case. *Id*.

7

or authenticated by a witness, that the proper foundation for the introduction was not laid, that the circumstances surrounding the procurement of the recording were questionable, and that the transcription was imperfect); *United States v. Nivica*, 887 F.2d 1110, 1124 (1st Cir. 1989) (concluding that there was no error in trial court's exclusion of an audio recording of a meeting by a witness, finding that no suitable foundation had been laid for admitting the tape or transcript, that the evidence was irrelevant and confusing, and that its prejudicial impact outweighed its probative value). The government cannot establish the alleged authenticity of the alleged recordings and transcripts with clear and convincing evidence for the purposes of Federal Rule of Evidence 901(a), and the alleged recordings and transcripts should be excluded from the trial of this case.

In addition, the alleged recordings and transcripts should be excluded under Federal Rule of Evidence 403, which provides that "[a]lthough relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Fed.R.Evid. 403. Rule 403 serves to exclude "matter of scant or cumulative probative force, dragged in by the heels for the sake of its prejudicial

effect." *United States v. Utter*, 97 F.3d 509, 513 (11th Cir. 1996) (citing *United States v. Veltmann*, 6 F.3d 1483, 1491 (11th Cir. 1993)).

"Admitting sound recordings into evidence at a criminal trial presents discrete dangers to which courts have been justly sensitive" *Biggins*, 551 F.2d at 66. The alleged recordings at issue were made approximately four months before the end of the more than six-year long alleged conspiracy charged in the Indictment. However nothing in the alleged recordings is probative of the fact that the government's charged conspiracy actually existed. The portions of the alleged conversations between Fraley, Acree and Dr. Maloney relate to an audit by Georgia Tech. Allowing admission of the alleged recordings and transcripts would result in unfair prejudice to Dr. Maloney, and would mislead the jury and confuse the issues at trial. The Court should properly exclude the alleged recordings and transcripts.

### III. CONCLUSION

Based upon the grounds and authorities set forth herein, Defendant James G. Maloney respectfully requests that the Court grant Defendant's Motion *In Limine* to Exclude Audio Recordings and Transcripts and exclude the alleged audio recordings taken by James Fraley on or about July 7, 2013, and the alleged transcripts of the recordings from the trial in this case.

Respectfully submitted, this 8th day of May, 2023.

        GILLEN WITHERS & LAKE, LLC

        */s/ Craig A. Gillen* _____
        Craig A. Gillen, Esq.
        Georgia Bar No. 294838
        Anthony C. Lake, Esq.
        Georgia Bar No. 431149
        400 Galleria Parkway
        Suite 1920
        Atlanta, Georgia 30339
        Telephone:   (404) 842-9700
        Facsimile:    (404) 842-9750
        E-mail:       cgillen@gwllawfirm.com
                        aclake@gwllawfirm.com

        THE LAW FIRM OF LAWANDA HODGES, LLC

        Lawanda Nowlin Hodges
        Georgia Bar No. 547413
        100 Peachtree Street, Suite 200
        Atlanta, Georgia 30309
        Phone:         (404) 474-0772
        Fax:             (404) 474-2774
        Email:         lhodges@lhodgeslaw.com

        FINCH MCCRANIE, LLP

        David H. Bouchard
        Georgia Bar No. 712859
        229 Peachtree Street, N.E.
        Suite 2500
        Atlanta, Georgia 30303
        Phone:         (404) 658-9070
        Fax:             (404) 688-0649
        Email:         david@finchmccranie.com

Counsel for Dr. James G. Maloney

## CERTIFICATION

The undersigned certifies, pursuant to N.D.Ga.L.Civ.R. 7.1D, that the foregoing document has been prepared with one of the font and point selections (Book Antigua, 13 point) approved by the Court in N.D.Ga.L.Civ.R. 5.1B.

> GILLEN WITHERS & LAKE, LLC
>
> */s/ Craig A. Gillen* _____
> Craig A. Gillen, Esq.
> Georgia Bar No. 294838
> Anthony C. Lake, Esq.
> Georgia Bar No. 431149
> 400 Galleria Parkway
> Suite 1920
> Atlanta, Georgia 30339
> Telephone:   (404) 842-9700
> Facsimile:    (404) 842-9750
> E-mail:        cgillen@gwllawfirm.com
>                    aclake@gwllawfirm.com
>
> Counsel for Dr. James G. Maloney

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that, on this 8th day of May, 2023, the undersigned served the foregoing document by filing the document via the Court's Case Management/Electronic Case Filing (CM/ECF) system, which will automatically serve notice of such filing on the following attorneys of record:

**John Russell Phillips, Esq.**
**Assistant United States Attorney**
**Stephen H. McClain, Esq.**
**Assistant United States Attorney**
**United States Attorney's Office for the Northern District of Georgia**
600 Richard Russell Building
75 Ted Turner Drive, S.W.
Atlanta, Georgia 30303
stephen.mcclain@usdoj.gov
russell.phillips@usdoj.gov

**Emma Dinan Ellenrieder**
**United States Department of Justice**
950 Pennsylvania Avenue, N.W.
Washington, D.C. 20530
emma.ellenrieder@usdoj.gov

GILLEN WITHERS & LAKE, LLC

*/s/ Craig A. Gillen*_____
Craig A. Gillen, Esq.
Georgia Bar No. 294838
Anthony C. Lake, Esq.
Georgia Bar No. 431149
400 Galleria Parkway
Suite 1920
Atlanta, Georgia 30339
Telephone:   (404) 842-9700
Facsimile:    (404) 842-9750
E-mail:        cgillen@gwllawfirm.com
                   aclake@gwllawfirm.com

Counsel for Dr. James G. Maloney