IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | CRIMINAL CASE NO. |
| | § | |
| v. | § | 1:16-cr-00237-RWS-JSA |
| | § | |
| JAMES G. MALONEY, | § | |
| | § | |
| Defendant. | § | |

**DEFENDANT'S RESPONSE IN OPPOSITION TO
GOVERNMENT'S MOTIONS *IN LIMINE***

Defendant James G. Maloney files this Response in Opposition to Government's Motions *In Limine*, hereby responding to, and opposing, the government's Motion In Limine, Dkt. # 192, and the government's Second Motion in Limine, Dkt. # 193, based upon the grounds and authorities set forth herein.

As an initial matter, Dr. Maloney shows that he has no intention of introducing evidence, testimony or argument concerning potential penalties or collateral consequences associated with a conviction for the charged offenses in trial in this matter, and does not oppose that portion of the relief sought by the government. *See* Dkt. # 192, p. 6.

**I. The Prosecution's Request to Prohibit the Defense From Introducing Testimony and Evidence Concerning, or Arguing, Fraud by the Prosecution's Witnesses or the Fact That The Witnesses Were Not Prosecuted Should Be Denied**

The prosecution moves to prohibit Dr. Maloney from offering evidence, eliciting testimony and/or making arguments "that the prosecution's witnesses committed fraud but were not criminally charged." Dkt. # 192, p. 3. The request is in contravention of Dr. Maloney's right to confront and cross-examine the witnesses against him, and consequently his right to a fair trial, pursuant to the Sixth Amendment of the Constitution of the United States. The Court of Appeals has recognized that a defendant's Fifth and Sixth Amendment rights may be violated where a trial court excludes "evidence that could have a substantial impact on the credibility of an important government witness…" *United States v. Machado*, 886 F.3d 1070, 1085 (11th Cir. 2018) (citing *United States v. Hurn*, 368 F.3d 1359, 1363 & n.2 (11th Cir. 2004); *Taylor v. Illinois*, 484 U.S. 400, 410 (1988)). "[T]he jury should, within reason, be informed of all matters affecting a witness's credibility to aid in their determination of the truth." *United States v. Partin*, 493 F.2d 750, 762 (5th Cir. 1974)[1] (quoting *Walley v. State*, 240 Miss. 136, 126 So.2d 534

---

[1] In *Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*), the Eleventh Circuit adopted as binding precedent decisions of the Fifth Circuit, including Unit A panel decisions of that circuit, handed down prior to October 1, 1981.

(1961)). "[A]nything having a legitimate tendency to throw light on the accuracy, truthfulness and sincerity of a witness may be shown and considered in determining the credit to be accorded this testimony." *United States v. Yaughn*, 493 F.2d 441, 443 (5th Cir. 1974) (citing *United States v. Lefner*, 422 F.2d 1021, 1023 (9 Cir. 1970)). Pursuant to these rules, the defense must be permitted to introduce evidence and testimony, and to argue, concerning any fraud by the prosecution's witnesses and any and all reasons or circumstances why the witnesses have avoided prosecution, or any and all benefits or promises which the government has extended to any of its witnesses.

The prosecution argues that evidence, testimony and argument concerning fraud by its witnesses and the fact that the witnesses were not charged should be excluded "to the extent that such testimony or evidence is aimed at improper jury nullification…" Dkt. # 192, p. 3 (quoting *United States v. Vasilakos*, 508 F.3d 401, 409 (6th Cir. 2007); *United States v. Jones*, 52 F.3d 924, 927 (11th Cir. 1995); *United States v. Hill*, 643 F.3d 807, 863 (11th Cir. 2011)). Jury nullification refers the power of a jury "'to bring in a verdict in the teeth of both law and facts.'" *United States v. Funches*, 135 F.3d 1405, 1408 (11th Cir. 1998) (quoting *Horning v. District of Columbia*, 254 U.S. 135, 137-140 (1920)). Attacking the credibility of the prosecution's witnesses does not constitute alleged jury nullification. The

prosecution's Motion invokes the concept of jury nullification in an effort to have the Court limit the ability of the defense to challenge the credibility of the prosecution's witnesses. Any such request should be rejected.

The prosecution proceeds to request that the Court "carefully limit" testimony, cross-examination and statements and arguments of counsel to exclude any suggestion that Dr. Maloney's prosecution is selective, or that Dr. Maloney should be acquitted because "others did it too." *See* Dkt. # 192, pp. 4-5. "[T]he full cross-examination of [a] witness is a right…" *United States v. Ramirez*, 533 F.2d 138, 141 (5th Cir. 1976) (citing *Grant v. United States*, 368 F.2d 658, 661 (5th Cir. 1966); *United States v. Bass*, 490 F.2d 846, 857-858, n. 12 (5th Cir. 1974)). The Court should decline to "strictly limit" the defense's impeachment or cross-examination of the prosecution's witnesses. In the highly unlikely event that the defense argues that the jury should disregard the facts or the law and acquit Dr. Maloney on the grounds that Dr. Maloney was selectively prosecuted, or "others did it too," the prosecution is free to lodge its objections at that point.

**II. The Prosecution's Request to Prohibit the Defense From Introducing Evidence of Good Character or Specific Instances of Good Conduct Should Be Denied**

The prosecution moves to exclude all evidence of Dr. Maloney's "general good character" and evidence of "specific instances of good conduct." *See* Dkt. #

192, p. 8. The defense does not anticipate presenting evidence regarding Dr. Maloney's general good character, or evidence of specific instances of good conduct, during trial. However, granting the prosecution a blanket exclusion of evidence is unnecessary and excessive.

Given the fact that the government has charged Dr. Maloney with fraud, he possesses a right to present evidence concerning pertinent character traits, such as honesty or law-abidingness, pursuant to Federal Rule of Evidence 404(a)(2)(A) and Federal Rule of Evidence 405(a). *See* Fed. R. Evid. 404(a)(2)(A); Fed. R. Evid. 405(a).

> Evidence of a criminal defendant's "pertinent" character trait—such as honesty and truthfulness in a fraud case—is admissible. Fed. R. Evid. 404(a)(2)(A). To elicit such evidence, defense counsel may ask a witness who has heard of the defendant about the defendant's reputation for the pertinent character trait. Defense counsel may also ask a witness who knows the defendant to give his opinion of the defendant's character as it relates to the pertinent trait. Fed. R. Evid. 405(a).

*United States v. Hough*, 803 F.3d 1181, 1190–1191 (11th Cir. 2015).

The government's contention that a defendant may not offer specific instances of good conduct is also erroneous. *See* Dkt. # 192, p. 9 (quoting *United States v. Ellisor*, 522 F.3d 1255, 1270–1271 (11th Cir. 2008); citing *United States v. Marrero*, 904 F.2d 251, 259-60 (5th Cir. 1990); *United States v. Barry*, 814 F.2d 1400, 1403 (9th Cir. 1987); *Government of Virgin Islands v. Grant*, 775 F.2d 508, 512 (3d Cir.

1985); *United States v. Morgan*, 2000 WL 1622748, at *10 (E.D. Pa. Oct. 20, 2000). The majority of Federal courts of appeals have approved of the use of so-called "reverse 404(b)" evidence by defendants. *See United States v. Stevens*, 935 F.2d 1380, 1404 (3d Cir. 1991) ("'[A] defendant may use similar 'other crimes' evidence defensively if in reason it tends, alone or with other evidence, to negate his guilt of the crime charged against him'") (quoting *State v. Williams*, 214 N.J.Super. 12, 20, 518 A.2d 234 (1986)); *United States v. Myers*, 589 F.3d 117 (4th Cir. 2009); *United States v. Hamilton*, 48 F.3d 149 (5th Cir. 1995); *United States v. Lucas*, 357 F.3d 599 (6th Cir. 2004); *United States v. Murray*, 474 F.3d 938 (7th Cir. 2007); *United States v. Montelongo*, 420 F.3d 1169 (10th Cir. 2005)). "In contrast to ordinary 'other crimes' evidence, which is used to incriminate criminal defendants, 'reverse 404(b)' evidence is utilized to exonerate defendants." *United States v. Stevens*, 935 F.2d 1380, 1402 (3d Cir. 1991). "'[A] defendant may use similar 'other crimes' evidence defensively if in reason it tends, alone or with other evidence, to negate his guilt of the crime charged against him.'" *Id.*, at 1404 (quoting *State v. Williams*, 214 N.J.Super. 12, 20, 518 A.2d 234 (1986)).

In *United States v. Cohen*, 888 F.2d 770 (1989), the Court of Appeals reversed the defendants' convictions for wire fraud, conspiracy, and tax evasion where the trial court excluded the defendants' attempts to show that a witness for the

government possessed the opportunity and ability to concoct and conduct the fraudulent scheme without the aid or participation of the defendants, holding that the trial court prevented the defendants from presenting an adequate defense and thus deprived them of a fair trial, *id.*, at 777. As one commentator has noted:

> Though the government makes prodigious use of Rule 404(b) evidence to prove the defendant's state of mind, nothing in the Rule suggests that it is only available to the prosecution or only applicable to prior conduct of the defendant. The Eleventh Circuit made this clear in *United States v. Cohen*, 888 F.2d 770 (11th Cir. 1989).

Donald F. Samuel, *Eleventh Circuit Criminal Handbook*, § 293(d)(4) (2014 Ed.). The government should accordingly not preemptively be granted preclusion of the defense's ability to present evidence of other acts at trial.

### III. The Prosecution's Request to Prohibit the Defense From Introducing Evidence or Making Arguments Regarding Whether The Prosecution's Witnesses Could Have Been Criminally Charged Should Be Denied

The prosecution requests that the defense be precluded from introducing evidence or making arguments regarding the government's charging decisions, arguing that it is irrelevant that other individuals have not been charged for related conduct. *See* Dkt. # 192, p. 14. The defense does not intend to argue at trial that the fact that Dr. Maloney was charged while other persons who engaged in similar conduct were not charged is "unfair." *Id*. However, the defense objects to the prosecution's request to the extent that granting the request would in any way

limit Dr. Maloney's right to fully confront, impeach or cross-examine the prosecution's witnesses regarding whether or not they could have been criminally charged.

"'[W]here a prosecution witness has been threatened with a criminal charge or actually charged with a criminal offense, the defendant is entitled to explore those circumstances on cross-examination in order to bring to the jury's attention the witness' possible motive or self-interest with respect to the testimony given.'" *United States v. Christian*, 614 F. App'x. 1001, 1006 (11th Cir. 2015) (*per curiam*) (quoting *United States v. Garrett*, 727 F.2d 1003, 1011 (11th Cir. 1984), *superseded by statute on other grounds*, *United States v. Elgersma*, 929 F.2d 1538, 1544–1545 (11th Cir. 1991)). *See also United States v. Denham*, 437 F. App'x. 772, 777 (11th Cir. 2011) (*per curiam*) ("Denham had a full and fair opportunity to impeach Heffner as to her bias and motive for testifying. The district court permitted Denham to cross-examine Heffner about the fact that she could be prosecuted for the offenses for which Denham was being tried"). Whether or not any witnesses for the prosecution could have been criminally charged is relevant to the witnesses' motives in testifying, and Dr. Maloney possesses a right to impeach and cross-examine any prosecution witnesses on this issue. The prosecution's request should be denied.

## IV. The Prosecution's Request to Raise "Discovery-Related Issues" Outside the Presence of the Jury Should Not Extend to Destruction, Loss or Failure to Preserve Evidence

The prosecution requests that any "discovery-related issues" which arise at trial be addressed outside the presence of the jury. *See* Dkt. # 192, p. 14. It states that "discovery-related comments" are irrelevant and may create an impress that one party has suppressed information. *Id*. at 15 (quoting *United States v. Dochee*, 08-CR-108–4, 2009 WL 102986, at *1 (N.D. Ill. Jan. 15, 2009)).

To the extent that the prosecution's request could be construed as prohibiting the defense from raising any points concerning destruction, loss or failure to preserve evidence, to the extent that any such evidence might have been favorable to the defense or in any way undermined the prosecution's case, the request should be denied. *See United States v. Price*, 298 F. App'x 931, 937 (11th Cir. 2008) (finding no error in district court's decision to permit testimony related to evidence unavailable at trial, including two audiotape statements which disappeared prior to trial); *United States v. Martinez-Montilla*, 82 F. App'x 53, 55 (2d Cir. 2003) (observing that the defendant's counsel at trial had used "the government's destruction of a tape, which arguably might have shown that the defendant was not a participant in the drug deal, … to impeach the case against

him"). Otherwise, Dr. Maloney does not oppose the government's requests that any discovery-related issues be raised outside the presence of the jury.

## V. The Prosecution's Request to Prohibit Evidence of Alleged "Blaming the Victims" Should Be Denied

The prosecution seeks to prevent the defense from adopting a "blame the victim" theme in opposing the prosecution's case. *See* Dkt. # 192, p. 16 (citing *United States v. June*, No. 10-CR-30021-MAP, 2012 WL 245243, at *2 (D. Mass. Jan. 25, 2012)). To the extent that the prosecution's request for exclusion of alleged "blaming the victim" evidence could be construed as preventing Dr. Maloney from defending and presenting evidence, testimony or argument that the Central Intelligence Agency or other agencies authorized or encouraged the purchasing alleged in the Indictment, or that the Georgia Institute of Technology or the Georgia Tech Research Institute authorized or permitted Dr. Maloney's consulting as alleged in the Indictment, the prosecution's request must be denied as contravening of Dr. Maloney's Sixth Amendment right to present a complete defense. Conversely, the prosecution's request should not be construed as preventing Dr. Maloney from presenting evidence, testimony or argument that persons other than Dr. Maloney approved, reviewed, or were responsible for approving or reviewing, purchase card purchases.

"'Whether rooted directly in the Due Process Clause of the Fourteenth Amendment or in the Compulsory Process or Confrontation Clauses of the Sixth Amendment, the Constitution guarantees criminal defendants 'a meaningful opportunity to present a complete defense.'" *Holmes v. South Carolina*, 547 U.S. 319, 324 (2006) (quoting *Crane v. Kentucky*, 476 U.S. 683, 690 (1986); quoting *California v. Trombetta*, 467 U.S. 479, 485 (1984)). "[T]he right to present witnesses in one's own defense in a criminal trial lies at the core of the Fifth and Fourteenth Amendments' guarantee of due process of law." *Boykins v. Wainwright*, 737 F.2d 1539, 1544 (11th Cir. 1984) (reversing the trial court's denial of the petition of the defendant, who had been convicted for robbery, for *habeas corpus*, holding that the trial court's exclusion of defense witness who would have testified to the defendant's history of mental illness to constitute a violation of the defendant's right to present witnesses in his own defense under the due process clause of the Fourteenth Amendment) (citing *Faretta v. California*, 422 U.S. 806, 818, 95 S.Ct. 2525 (1975); *Santobello v. New York*, 404 U.S. 257, 264, 92 S.Ct. 495 (1971) (Douglas, J., concurring); *Washington v. Texas*, 388 U.S. 14, 19, 87 S.Ct. 1920 (1967)). Exclusion of evidence relevant to a defendant's defense has been held to constitute reversible error in many cases. *See United State v. Stephens*, 365 F.3d 967, 976 (11th Cir. 2004) (reversing the defendant's convictions, holding that the district court "the district

court abused its discretion in excluding potentially exculpatory evidence" in excluding several witnesses called by the defense to establish that the informant had access to drugs from sources other than the defendant); *United States v. Todd*, 108 F.3d 1329, 1333 (11th Cir. 1997) (reversing the conviction of the defendant, the owner of a medical equipment company, charged with taking money from the company's employee benefit plan, where the trial court excluded witness testimony tending to show that the company's employees were well treated and compensated and concerned about the survival of the company, and implicitly authorized him to use the plan's funds in his attempts to save the company, which was crucial to the defendant's defense that he lacked specific criminal intent to deprive the plan of funds); *United States v. Sheffield*, 992 F.2d 1164, 1170 (11th Cir. 1993) (reversing the defendant's conviction for embezzling from the United States Air Force for using government time and materials to manufacture fishing lure molds based upon the district court's exclusion of witnesses for the defendant who would have testified that the use of Air Force facilities to produce retirement gifts for high-ranking employees was authorized, holding that the evidence was relevant to the defendant's state of mind, "had a tendency to make more probable [the defendant's] claim that his request for fishing lure molds was part of a legitimate base project… [and] should have been admitted to put the charges

against [the defendant] in context, 'to complete the story of the crime on trial'") (citing Fed. R. Evid. 401); *United States v. Calle*, 822 F.2d 1016, 1021 (11th Cir. 1987) (reversing the defendant's convictions for distribution and possession with intent to distribute cocaine where, at trial, the district court excluded the testimony of a defense witness who would have testified that a key witness for the government led a lifestyle consistent with that of a major drug trafficker); *United States v. McClure*, 546 F.2d 670, 673 (5th Cir. 1977) ("[I]n the case before us it was the defendant who sought to introduce evidence of the informant's scheme. His right to present a vigorous defense required the admission of the proffered testimony") (reversing the defendant's drug conviction where the district court excluded evidence relating to the defendant's defense of entrapment, arguing that he had been coerced into selling heroin). Any attempt by the prosecution to limit Dr. Maloney's right to present a complete defense pursuant to a broad assertion that the defense is engaging in alleged "victim blaming" should be squarely rejected by the Court.

## VI. The Prosecution's Request to Prohibit Impeachment of Witnesses With Investigative Reports Should Be Denied

The prosecution moves to preclude the defense from cross-examining or seeking to impeach a witness with an investigative report that the witness has not

signed or adopted. *See* Dkt. # 192, p. 17. Other proceedings in this Court have found impeachment of a witness with an investigative report, such as a Federal Bureau of Investigation form FD-302, to be proper. *See Slaughter v. United States*, No. 1:06-CR-507-TCB, 2010 WL 11643490, at *5 (N.D. Ga. Aug. 10, 2010) (finding that the government's use of an FBI 302 report to impeach a witness was not improper, and that the court did not err in allowing it). The Court should deny the prosecution's request to preclude impeachment or cross-examination of witnesses using investigative reports. *See United States v. Lewis*, 954 F.2d 1386, 1393-95 (7th Cir. 1992) (holding that district court properly admitted contents of FBI 302 report where witness could not recall at trial what he had told the FBI agent "[b]ecause there were no indications that the report was inaccurate, and because the substance was corroborated by other evidence"); *United States v. Nacrelli*, 468 F. Supp. 241, 253 (E.D. Pa. 1979) (holding that FBI 302 reports could be used as a basis for impeachment pursuant to Federal Rule of Evidence 613, even though the reports had not been signed by the witnesses, provided that a proper foundation was established); *see also United States v. Cochran*, No. 4:14-CR-22-01-HLM, 2014 WL 12695800, at *5 (N.D. Ga. Nov. 17, 2014) (denying the government's motion in limine in part, and permitting "Defendant's counsel to ask witnesses if they had prior interviews with law enforcement on a given date, and, if necessary, to ask

the witness about the substance of any statements given. If the witness's statement is inconsistent with the investigative reports, then the Court may allow counsel to call the agent who conducted the interview as a witness and inquire about the statement").

## VII. The Prosecution's Request to Exclude All Evidence Concerning the Debarment Proceedings Should Be Denied

In its Second Motion in Limine, the government moves to exclude all evidence concerning the debarment proceedings brought by the Department of the Air Force against Dr. Maloney. *See* Dkt. # 193, p. 1. Dr. Maloney does not intend to introduce the "findings or conclusions" of the debarment proceedings in the trial of this matter. *Id.* (quoting United States v. Cole, No. 1:20-CR-424, 2022 WL 266615, at *4 (N.D. Ohio Jan. 28, 2022)). However, the defense may seek to introduce at trial materials submitted in conjunction with the proceedings. The prosecution's request for categorical exclusion of "all evidence" relating to the debarment proceedings should be denied.

Based upon the grounds and authorities set forth herein, Defendant James G. Maloney respectfully requests that the government's Motion In Limine, Dkt. # 192, and the government's Second Motion in Limine, Dkt. # 193, be denied as argued herein.

Respectfully submitted, this 9th day of May, 2023.

          GILLEN WITHERS & LAKE, LLC

          */s/ Craig A. Gillen*  
          Craig A. Gillen, Esq.  
          Georgia Bar No. 294838  
          Anthony C. Lake, Esq.  
          Georgia Bar No. 431149  
          400 Galleria Parkway  
          Suite 1920  
          Atlanta, Georgia 30339  
          Telephone:   (404) 842-9700  
          Facsimile:    (404) 842-9750  
          E-mail:        cgillen@gwllawfirm.com  
                          aclake@gwllawfirm.com

          THE LAW FIRM OF LAWANDA HODGES, LLC

          Lawanda Nowlin Hodges, Esq.  
          Georgia Bar No. 547413  
          100 Peachtree Street, Suite 200  
          Atlanta, Georgia 30309  
          Phone:         (404) 474-0772  
          Fax:             (404) 474-2774  
          Email:          lhodges@lhodgeslaw.com

FINCH MCCRANIE, LLP

David H. Bouchard, Esq.
Georgia Bar No. 712859
229 Peachtree Street, N.E.
Suite 2500
Atlanta, Georgia 30303
Phone:    (404) 658-9070
Fax:    (404) 688-0649
Email:    david@finchmccranie.com

Counsel for Dr. James G. Maloney

**CERTIFICATION**

The undersigned certifies, pursuant to N.D.Ga.L.Civ.R. 7.1D, that the foregoing document has been prepared with one of the font and point selections (Book Antigua, 13 point) approved by the Court in N.D.Ga.L.Civ.R. 5.1B.

GILLEN WITHERS & LAKE, LLC

*/s/ Craig A. Gillen* _____
Craig A. Gillen, Esq.
Georgia Bar No. 294838
Anthony C. Lake, Esq.
Georgia Bar No. 431149
400 Galleria Parkway
Suite 1920
Atlanta, Georgia 30339
Telephone:   (404) 842-9700
Facsimile:   (404) 842-9750
E-mail:   cgillen@gwllawfirm.com
       aclake@gwllawfirm.com

Counsel for Dr. James G. Maloney

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that, on this 9th day of May, 2023, the undersigned served the foregoing document by filing the document via the Court's Case Management/Electronic Case Filing (CM/ECF) system, which will automatically serve notice of such filing on the following attorneys of record:

**John Russell Phillips, Esq.**
**Assistant United States Attorney**
**Stephen H. McClain, Esq.**
**Assistant United States Attorney**
**United States Attorney's Office for the Northern District of Georgia**
600 Richard Russell Building
75 Ted Turner Drive, S.W.
Atlanta, Georgia 30303
stephen.mcclain@usdoj.gov
russell.phillips@usdoj.gov

**Emma Dinan Ellenrieder**
**United States Department of Justice**
950 Pennsylvania Avenue, N.W.
Washington, D.C. 20530
emma.ellenrieder@usdoj.gov

GILLEN WITHERS & LAKE, LLC

*/s/ Craig A. Gillen*  _____
Craig A. Gillen, Esq.
Georgia Bar No. 294838
Anthony C. Lake, Esq.
Georgia Bar No. 431149
400 Galleria Parkway
Suite 1920
Atlanta, Georgia 30339
Telephone:   (404) 842-9700
Facsimile:    (404) 842-9750
E-mail:         cgillen@gwllawfirm.com
                    aclake@gwllawfirm.com

Counsel for Dr. James G. Maloney