IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>JAMES G. MALONEY, et al.,<br><br>Defendants. | Criminal Action No.<br><br>1:16-cr-237-RWS-JSA |

## ORDER

This case comes before the Court on Defendant James G. Maloney's Motion for Particulars Concerning Counts 7 Through 12 of the Indictment and for Reconsideration [Dkt. 190]. After reviewing the parties' briefs and conducting a pretrial hearing attended by counsel for the parties, the Court enters the following Order.

### BACKGROUND

On March 3, 2023, Dr. Maloney filed his Motion to Dismiss the Indictment Pursuant to the Speedy Trial Act, asking the Court to dismiss his Indictment with prejudice on the ground that he had not been tried within the time mandated by the Sixth Amendment or the Speedy Trial Act [Dkt. 169]. The Government opposed Dr. Maloney's Motion, arguing that Dr. Maloney had not met his burden of

showing that his Sixth Amendment rights or the Speedy Trial Act were violated, but even if he had, the facts and circumstances of the case would not warrant dismissing the indictment with prejudice [Dkt. 170]. Dr. Maloney filed a reply in support of his Motion [Dkt. 173], and upon the Court's request, the Government filed a surreply addressing specific arguments raised by Dr. Maloney in his reply [Dkt. 174]. On March 30, 2023, the Court denied Maloney's Motion [Dkt. 176].

Then, on May 1, 2023, Dr. Maloney filed the instant Motion for Particulars Concerning Counts 7 Through 12 of the Indictment and for Reconsideration [Dkt. 190]. In the first part of his Motion, Dr. Maloney asks that the Government be required to identify the particular purchases on the PCard account statements which the Government contends were "for the personal use and benefit of" Dr. Maloney. In the second part, Dr. Maloney briefly asks the Court to reconsider its denial of his Motion to Dismiss, noting that after the Court issued its Order, he learned that another potential witness passed away several years ago while this case was pending. The Government opposes Dr. Maloney's Motion for Particulars and for Reconsideration.

# DISCUSSION

Dr. Maloney moves for particulars concerning Counts 7 through 12 of his Indictment and for Reconsideration of the Court's Order denying his Motion to Dismiss. The Court first addresses his Motion for Particulars and then turns to his Motion for Reconsideration.

## I.  Motion for Particulars

### A.  Legal Standard

"The standards for evaluating motions for a bill of particulars are well known." United States v. Thomas, 2021 WL 3674123, at *16 (N.D. Ga. May 17, 2021). Federal Rule of Criminal Procedure 7(c)(1) provides that an indictment shall be a plain, concise and definite written statement of the essential facts constituting the offense charged. Rule 7(f) authorizes the Court to direct the Government to file a bill of particulars. Id. "The grant or denial of a bill of particulars rests within the sound discretion of the trial court." Id. (citation omitted). "A defendant bears the burden of showing that the information requested is necessary and that he or she will be prejudiced without it so as to justify granting a bill of particulars." Id. (citation omitted).

"The purpose of a true bill of particulars is threefold: to inform the defendant of the charge against him with sufficient precision to allow him to prepare his

3

defense, to minimize surprise at trial, and to enable him to plead double jeopardy in the event of a later prosecution for the same offense." Id. (citation and quotations omitted). "A bill of particulars, properly viewed, supplements an indictment by providing the defendant with information *necessary* for trial preparation." Id. (citation omitted) (emphasis in original).

However, "a defendant is not entitled to a bill of particulars with respect to information which is already available through other sources." Id. (citation and quotations omitted). "A bill of particulars may be obtained to clarify an indictment, as long as it does not seek to determine in advance the Government's proof." Id. (citations omitted). And finally, "it is proper for a defendant to be furnished with further information regarding the charge when it is necessary for preparation of his defense and even though the granting of the motion requires the supplying of information which in other circumstances would not be required because evidentiary in nature." Id. (citation and quotations omitted).

**B.   Analysis**

Dr. Maloney moves for particulars concerning Counts 7 through 12 of the Indictment. The Counts in question allege that Dr. Maloney committed mail fraud in violation of 18 U.S.C. § 1341 [Dkt. 1 – Indictment, at ¶ 36]. They further state that, on six specific dates, Dr. Maloney sent a "PCard account statement with

charges incurred for the personal use and benefit of James G. Maloney" to James D. Fraley, III, by United States mail.  [Id.].  However, the Counts do not list the amount of the allegedly fraudulent charges, and the account statements for the six dates in question apparently contain multiple purchase entries.  Accordingly, Dr. Maloney asks that the Government be directed to identify the particular charges on the account statements which the Government contends were "for the personal use and benefit of" him.  [Dkt. 190 – Mot. for Particulars, at 1-3].

At the outset, the Court notes that Dr. Maloney's Motion is untimely.  Under Federal Rule of Criminal Procedure 7(f), "[t]he defendant may move for a bill of particulars before or within 14 days after arraignment or at a later time if the court permits."  Dr. Maloney was arraigned on June 30, 2016 [Dkt. 4].  He first filed a Motion for Bill of Particulars on September 12, 2016 [Dkt. 17], which the Magistrate Judge denied on April 19, 2019 [Dkt. 101].  He then filed this Motion on May 1, 2023, nearly seven years after his arraignment, four years after the Magistrate Judge's denial of his original Motion, and just weeks before the start of his scheduled trial.  And in this Motion, he neither explains the long delay nor attempts to show good cause for his failure to file the Motion sooner.  As such, Dr. Maloney's Motion is clearly untimely.  See, e.g., United States v. Belalcazar Estacio, 2019 WL 480550, at *2 (S.D. Fla. Feb. 7, 2019) ("Because Defendant's

5

motion is untimely and violates Rule 7(f), Defendant's motion for a bill of particulars is denied."); United States v. Maxwell, 2017 WL 6055786, at *1 (M.D. Ga. Mar. 3, 2017) (same).

Nevertheless, at the pretrial hearing for this case, the Government confirmed that it will provide to Dr. Maloney and his counsel all of the exhibits that it intends to use in its case-in-chief three (3) business days before the start of trial. These exhibits will provide all of the information that Dr. Maloney needs to understand which charges the Government contends he made "for [his] personal use and benefit" and enable him to prepare his defense accordingly.

Accordingly, Dr. Maloney's Motion for Particulars Concerning Counts 7 through 12 of the Indictment is **DENIED**.

## II.     Motion for Reconsideration

### A.     Legal Standard

"Motions for reconsideration shall not be filed as a matter of routine practice." LR 7.2(E), N.D. Ga. "Reconsideration of a prior order 'is an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources.'" Buffkin v. Reliance Standard Life Ins. Co., 2017 WL 3000031, at *1 (N.D. Fla. May 30, 2017) (citation omitted). As a general rule, a court will only grant a motion to reconsider based on the availability

of "newly-discovered evidence or manifest errors of law or fact."  Arthur v. King, 500 F.3d 1335, 1343 (11th Cir. 2007) (citation and internal quotation marks omitted); and see Michael Linet, Inc. v. Village of Wellington, Florida, 408 F.3d 757, 763 (11th Cir. 2005) (reconsideration is not a means "to relitigate old matters, raise argument[,] or present evidence that could have been raised prior to the entry of judgment").  "Parties may not use a motion for reconsideration to show the court how it could have done it better, to present the court with arguments already heard and dismissed, to repackage familiar arguments to test whether the court will change its mind, or to offer new legal theories or evidence that could have been presented in the original briefs."  TPN Props., LLC v. Home-Owners Ins. Co., 2022 WL 17908562, at *1 (N.D. Ga. Nov. 29, 2022) (citations and quotations omitted).  "If a party presents a motion for reconsideration under any of these circumstances, the motion must be denied."  Id. (citations omitted).

    **B.**    **Analysis**

Dr. Maloney also moves for reconsideration of the Court's March 30, 2023 Order [Dkt. 176] denying his Motion to Dismiss the Indictment Pursuant to the Speedy Trial Act, 18 U.S.C. §§ 3161, et seq. [Dkt. 190 – Mot. for Reconsideration, at 3-4].  He argues that the Court should reconsider its Order and dismiss the Indictment against him because, just weeks after the Court issued its

Order, the Government notified his counsel and the Court [Dkt. 169] that it had just learned that one of his potential witnesses passed away in November 2019. [Id.].

The fact that the parties just learned about the death of a potential witness certainly qualifies as "newly-discovered evidence" sufficient to at least evaluate a motion for reconsideration. But, of course, that is not where the analysis ends—Dr. Maloney must also show how the absence of this witness prejudices his defense and impairs his ability to defend himself. As with the witnesses first mentioned in his Motion to Dismiss, Dr. Maloney has failed to make such a showing here. Indeed, he does not explain what testimony the witness in question would have provided at trial or how the witness's absence impairs his defense. He simply "submits that the Court may reconsider its Order and Dr. Maloney's Motion based upon the death of this additional potential witness, and requests that the Court reconsider and dismiss the Indictment and this action." [Id. at 4]. That is not nearly enough to warrant reconsideration of the Court's earlier denial of Dr. Maloney's Motion to Dismiss. See United States v. Harris, 566 F.3d 422, 433 (5th Cir. 2009) ("This blanket statement gives no indication as to the content and relevance of the lost testimony, and how its absence impaired [Defendant's] defense.") (citation omitted).

Accordingly, Dr. Maloney's Motion for Reconsideration is **DENIED**.

## CONCLUSION

For the foregoing reasons, Defendant James G. Maloney's Motions for Particulars Concerning Counts 7 Through 12 of the Indictment and for Reconsideration [Dkt. 190] of the Court's Order denying his Motion to Dismiss are **DENIED**.

**SO ORDERED** this 10th day of May, 2023.

_____
**RICHARD W. STORY**
United States District Judge