IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>JAMES G. MALONEY, et al.,<br><br>Defendants. | Criminal Action No.<br><br>1:16-cr-237-RWS-JSA |

## ORDER

This case comes before the Court on the United States of America's Motions in Limine [Dkt. 192, 193]. After reviewing the parties' briefs and conducting a pretrial hearing attended by counsel for the parties, the Court enters the following Order.

**I.      Legal Standard**

"A motion in limine is 'any motion, whether made before or during trial, to exclude anticipated prejudicial evidence before the evidence is actually offered.'" Gold Cross EMS, Inc. v. Children's Hosp. of Ala., 309 F.R.D. 699, 700 (S.D. Ga. 2015) (quoting Luce v. United States, 469 U.S. 38, 40 n.2, 105 S.Ct. 460 (1984)); see also United States v. Roland, 2016 WL 11628077, at *1 (N.D. Ga. June 1, 2016) ("A motion in limine is a pretrial motion by which a litigant seeks to exclude

inadmissible or prejudicial evidence before it is actually offered at trial.") (citation omitted). It is "an important tool available to the trial judge to ensure the expeditious and evenhanded management of the trial proceedings." Roland, 2016 WL 11628077, at *1 (citation and quotations omitted). "The district court has wide discretion in determining the relevance of evidence produced at trial." Id. (citations and quotations omitted).

## II. The Government's Motions in Limine [Dkt. 192, 193]

The Government's motions in limine seek to exclude eight categories of evidence or argument, contending that they are not admissible under a specific rule of evidence, not relevant, and/or unfairly prejudicial. The Court addresses each of them below. As to any motion that is granted, if a party believes that the door to the admission of the evidence is opened during trial, the party may raise the issue with the Court outside the presence of the jury.

| | |
|---|---|
| **Motion in Limine #1 [Dkt. 192]:** | **Exclude argument, testimony, evidence, and accusations that some of the Government's witnesses committed fraud but were not criminally charged, or the "other people did it too defense."** |

This motion is denied. While Dr. Maloney is not permitted to argue or urge jury nullification, he does have the right to conduct a thorough cross-examination of the Government's witnesses that would expose any incentives that a witness may have to offer evidence more favorable to the Government. Accordingly, the Government will have to object to any

2

argument, testimony, evidence, or accusations it believes constitutes jury nullification during trial, and the Court will rule on the objection in context.

**Motion in Limine #2 [Dkt. 192]:**   **Exclude arguments and evidence about the potential penalties or collateral consequences associated with a conviction for the charged offenses.**

Dr. Maloney does not oppose this motion, as he does not plan to make this argument or present evidence in support of it. Accordingly, this motion is granted.

**Motion in Limine #3 [Dkt. 192]:**   **Exclude evidence of Dr. Maloney's general good character and evidence of specific instances of good conduct.**

This motion is granted as to general good character but denied as to evidence of specific instances of good conduct when the evidence tends to negate an element of the crime charged. However, as discussed during the pretrial conference, if Dr. Maloney wants to offer any such evidence at trial, he must advise the Court in advance. The issue will then be taken up outside the presence of the jury.

**Motion in Limine #4 [Dkt. 192]:**   **Exclude arguments and evidence regarding the Government's charging decisions.**

This motion is denied. While it is true that Dr. Maloney cannot solicit questions or offer argument about the fairness of the Government's charging decisions, he may explore whether a witness could have been charged but was not, as this goes to the witness's credibility. Accordingly, the Government will have to object to any arguments or evidence it believes improperly addresses its charging decisions during trial, and the Court will rule on the objection in context.

| | |
|---|---|
| **Motion in Limine #5 [Dkt. 192]:** | **Require any discovery-related issues to be addressed outside the presence of the jury.** |

Dr. Maloney does not generally oppose this motion, as he does not plan to make this argument or present evidence in support of it. Accordingly, this motion is granted. However, Dr. Maloney is not precluded from raising issues about any alleged destruction, loss, or failure to preserve evidence that may have been useful to him. In addition, the Court reserves ruling until the charge conference on the issue of whether the Government can say in its rebuttal closing argument that Dr. Maloney has subpoena power but failed to use it.

| | |
|---|---|
| **Motion in Limine #6 [Dkt. 192]:** | **Preclude Dr. Maloney from adopting the "blame the victim" theme in attacking the Government's case.** |

This motion is denied. While Dr. Maloney is not authorized to argue that his actions are excused because of any actions or inactions on the part of Georgia Tech, the Court will have to rule on the permissibility of any such argument when it is made. Accordingly, the Government will have to object to any argument or testimony it believes impermissibly blames the victim during trial, and the Court will rule on the objection in context.

| | |
|---|---|
| **Motion in Limine #7 [Dkt. 192]:** | **Preclude Dr. Maloney from cross-examining or seeking to impeach a witness with an investigative report that the witness has not signed or otherwise adopted.** |

This motion is denied. As discussed in the pretrial conference, there are certain situations in which the use of an investigative report that a witness has not signed or adopted would be permissible, and certain situations in which it would not be permissible. Accordingly, the Government will have to object to any examination that it believes impermissibly utilizes such an investigative report during trial, and the Court will rule on the objection in context.

4

**Motion in Limine #8 [Dkt. 193]:**   Exclude evidence concerning the debarment proceedings that the Department of the Air Force initiated against Dr. Maloney.

Dr. Maloney does not generally oppose this motion, as he does not plan to make this argument or present evidence in support of it. In addition, the debarment proceeding has no relevance to the present case. Accordingly, this motion is granted. However, Dr. Maloney is not precluded from using any material from the proceeding for impeachment purposes. Any reference to evidence from the proceeding should say that the material came from another government proceeding, not a debarment proceeding.

## Conclusion

For the foregoing reasons, the United States of America's Motions in Limine [Dkt. 192, 193] are **GRANTED in part** and **DENIED in part**.

SO ORDERED this 12th day of May, 2023.

_____
RICHARD W. STORY
United States District Judge

5