IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>*v.*<br><br>JAMES G. MALONEY | CRIMINAL ACTION NUMBER<br>1:16-cr-237-RWS-JSA |

**Government's Motion for Reconsideration**

The United States respectfully moves for partial reconsideration of the Court's Order dated May 16, 2023. Specifically, the United States asks the Court to reconsider its ruling that the transcript of the audio recordings described in the Order "will not go to the jury room along with the jury during deliberations, as the transcript itself is not substantive evidence." (Doc. 204 at 11).

The Eleventh Circuit has held that "[t]ranscripts may be used as substantive evidence to aid the jury in determining the real issue presented, the content and meaning of the tape recording." *United States v. Montor-Torres*, 449 F. App'x 820, 822 (11th Cir. 2011); *accord United States v. Cruz*, 765 F.2d 1020, 1023 (11th Cir. 1985); *see also United States v. Nixon*, 918 F.2d 895, 902 (11th Cir. 1990) (calling jury access to transcripts during deliberations a "settled question"). One reason for this is that, "without the aid of a transcript, it may be difficult to identify the speakers." *United States v. Onori*, 535 F.2d 938, 947 (5th Cir. 1976).

In its Proposed Jury Instructions, the Government submitted Eleventh Circuit pattern instruction T3, a limiting instruction designed to be read to the jury when the recordings and the transcript are tendered into evidence. (Doc. 195 at 41). That instruction states as follows:

**T3**
**Explanatory Instruction**
**Transcript of Tape Recorded Conversation**

> Members of the Jury: Government Exhibit 1-A has been identified as a typewritten transcript of the oral conversation heard on the tape recording received in evidence as Government Exhibit 1. The transcript also purports to identify the speakers engaged in the conversation.
>
> I've admitted the transcript for the limited and secondary purpose of helping you follow the content of the conversation as you listen to the tape recording, and also to help you identify the speakers.
>
> But you are specifically instructed that whether the transcript correctly reflects the content of the conversation or the identity of the speakers is entirely for you to decide based on your own examination of the transcript in relation to hearing the tape recording itself as the primary evidence of its own contents.
>
> If you determine that the transcript is in any respect incorrect or unreliable, you should disregard it to that extent.

(*Id.*; *see also* Annotation and Comments to T3 (stating that *Nixon*, 918 F.2d 985, "specifically approved the text of this instruction as given at the time the transcripts were offered and received")).

The pattern instruction assumes that the transcript will be admitted as substantive evidence and will go out with the jury. This limiting instruction should alleviate any concerns that the Court may have about how the jury will use the transcript during deliberations.

For these reasons, the United States respectfully requests that its Motion for Reconsideration be granted.

Respectfully submitted,

Ryan K. Buchanan
*United States Attorney*

/s/ John Russell Phillips
*Assistant United States Attorney*
Georgia Bar No. 576335

/s/ Stephen H. McClain
*Assistant United States Attorney*
Georgia Bar No. 143186

600 U.S. Courthouse
75 Ted Turner Drive, SW
Atlanta, GA 30303
(404) 581-6000

## Certificate of Service

I hereby certify that, on May 16, 2023, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system.

/s/ John Russell Phillips
*Assistant United States Attorney*
Georgia Bar No. 576335

600 U.S. Courthouse
75 Ted Turner Drive, SW
Atlanta, GA 30303
(404) 581-6000