IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | Criminal Action No. |
| v. | 1:16-cr-237-RWS-JSA |
| JAMES G. MALONEY, et al., | |
| Defendants. | |

## ORDER

This matter comes before the Court on its own motion following the May 10, 2023 Pretrial Conference to clarify the law of the case concerning potential use at trial of certain documentary exhibits and summaries that resulted from the CIPA Section 6(c) phase of the case. Specifically, during the pretrial conference, counsel expressed opposing views as to whether the Court has already ruled on the admissibility of these materials at trial.

I.

The Classified Information Procedures Act (or "CIPA"), 18 U.S.C. App. III, §§ 1 *et seq*., prescribes sequential steps and procedures for pretrial rulings on the disclosure and admissibility at trial of classified information. See United States v. Libby, 453 F. Supp. 2d 35, 37 (D.D.C. 2006) (citation omitted).

Section 5(a) of the CIPA requires a defendant to file a notice describing the classified information he "reasonably expects to disclose or to cause the disclosures of" at trial. 18 U.S.C. App. III, § 5(a). Once a defendant places the disclosure of classified information in issue, Section 6 of CIPA provides the government "an opportunity . . . to try to minimize the cost" of prosecuting its case. United States v. Collins, 720 F.2d 1195, 1197 (11th Cir. 1983). Under Section 6(a), the primary consideration is whether classified information is relevant or material to the defense. Id. (explaining that the government "may seek a ruling that some or all of the proffered classified information is not material" under CIPA § 6(a)) (citation omitted). Section 6(c) considers whether relevant or material information that is classified can be disclosed in an alternative form. Id. (citation omitted).

Pursuant to Section 6(c), if the Court finds that certain classified information is relevant or material (and potentially admissible at trial), the government may move (1) to replace the classified sections of the information at issue with "a statement admitting relevant facts that the specific classified information would tend to prove," or (2) to substitute "a summary of the specific classified information." Id. at § 6(c)(1)(A)-(B); Collins, 720 F.2d at 1197 (government "may move that a non-sensitive summary of the classified information be substituted for

it, or it may admit a fact or facts sought to be proved by classified information, thus obviating the need for it") (citation omitted).  The Court must determine whether "the statement or summary will provide the defendant with substantially the same ability to make his defense as would disclosure of the specific classified information."  Id. at § 6(c)(1).  In doing so, the trial court is not permitted "to consider the classified nature of the evidence."  United States v. Juan, 776 F.2d 256, 258 (11th Cir. 1985) (citation omitted).

As a point of emphasis, "CIPA does not create new law governing the admissibility of evidence."  Collins, 720 F.2d at 1199; accord United States v. Baptista-Rodriguez, 17 F.3d 1354, 1363–64 (11th Cir. 1994) (citations omitted).  What CIPA does do is "ensure[ ] that questions of admissibility will be resolved under controlled circumstances calculated to protect against premature and unnecessary disclosure of classified information."  Baptista-Rodriguez, 17 F.3d at 1363–64 (citations omitted).  "If the classified information is admissible *under ordinary evidentiary analysis* it becomes the government's task to propose an alternative way of conveying the information to the jury that is less damaging to national security."  Id. at 1364 (emphasis added).

The Court's CIPA 6(c) rulings are found in its February 9, 2023 Amended Order. [Dkt. 164].[1] Consistent with the Court's rulings, unclassified summaries or substitutions and redacted documentary exhibits have been prepared by the Government for use at trial. Even so, the Court has made clear throughout the CIPA process that admissibility at trial depends upon the proper evidentiary foundation.

Dr. Maloney asserts that the documentary exhibits and summaries are essentially stipulations and that the Court has already deemed the documents and summaries admissible for purposes of trial. While it is true that one option under CIPA 6(c) is to agree on stipulations of fact as an alternative to the disclosure of classified information, that is not what occurred in this case. Stipulations of fact were never part of the discussion or briefing and were not contemplated by the Court. Rather, any stipulations were limited to the form and/or manner which classified information could be presented while affording Dr. Maloney a defense. Put simply, by engaging in the CIPA process, classified information Dr. Maloney

---

[1] On January 26, 2023, the Court issued an Order resolving most of the CIPA 6(c) disputes and ordering the parties to confer on the outstanding issues [Dkt. 161]. After the February 8, 2023 hearing, the Court issued an Amended Order fully resolving the Government's CIPA 6(c) Motion [Dkt. 164].

4

indicated was necessary to his defense of the case is capable of being disclosed at trial in an alternative form.

## II.

Notwithstanding the CIPA § 6(c) proceedings, before being admitted and published to the jury at trial, a proper evidentiary foundation must be laid. In hopes of avoiding confusion, the Court addresses each category or CIPA § 6(c) items separately.

### A. Documentary Exhibits

The first category of information is the group of documents (i.e., proposed documentary exhibits) that have been redacted to protect classified information. Certain of the documents also contain substitutions for classified information. The redactions and substitutions were either agreed to by the parties or approved by the Court. With respect to documentary evidence containing redactions and/or substitutions, once a foundation is laid, the unclassified documents may be admitted in their current form.

### B. Summaries & Substitutions for Classified Information

Next, concerning the potential use of the approved summaries of (or substitutions for) classified information, it is important to note that the summaries are derived from Dr. Maloney's Second Supplemental Notice of Intent to Disclose

Classified Information ("Second Supplemental Notice"), filed October 27, 2017 pursuant to CIPA § 5 [Dkt. 99 (Defendant's Notice of Miscellaneous Filings)].  In other words, the court-approved substitutions (five in total) came from Dr. Maloney's descriptions or summaries of evidence as opposed to actual evidence or witness testimony.  As highlighted by the Government during the pretrial conference, during the CIPA § 6(c) process, the information within the Second Supplemental Notice identified as necessary to the presentation of Dr. Maloney's defense has been sanitized or sufficiently cabined for the sole purpose of presenting the information in a way that protects national security interests.  In other words, even though the summaries have been deemed innocuous enough by the pertinent intelligence agency to be presented during a criminal prosecution open to the public, the CIPA § 6(c) process did not render these summaries automatically admissible.  (The end-product is simply the classified information identified as essential to presentation of a defense by Dr. Maloney summarized in a manner or form that is unclassified and, therefore, capable of being presented by Dr. Maloney during trial.)[2]  Like the documentary exhibits containing the approved substitutions and/or redactions, the information contained in the summaries can

---

[2] The Court's February 9, 2023 Amended CIPA Section 6(c) Order [Dkt. 164] made clear that these are the substitutions and/or summaries that *Dr. Maloney may seek to introduce at trial.*

6

only be admitted into evidence upon the laying of the proper evidentiary foundation (i.e., live witness testimony).  And the attorneys on both sides of the case are equally restricted in their use of this information.

C. **Witness Preparation**

Regardless of the form of evidence, the Government and defense counsel alike are responsible for adequately preparing their witnesses in advance of trial such that any testimony elicited on these topics comports with the Court's previous rulings.  To be clear, this means that live witness testimony concerning subject matter that is classified must be confined to these summaries, including the descriptions of specific projects, specific duties or responsibilities, goals or objectives, etc., as well as the adopted pseudonyms for individuals.  The same holds true for documentary evidence containing redactions or substitutions.

**III.**

In conclusion, the proponent of evidence during the upcoming trial will bear the burden of laying a proper evidentiary foundation for each item of evidence.  With respect to documentary evidence containing redactions and/or substitutions, once a foundation is laid, the unclassified documents may be admitted in their current form.  With respect to the summaries of or substitutions for classified information, all trial witnesses must be adequately prepared by counsel and be

diligent in keeping the scope of their testimony within the bounds of the Court's CIPA § 6(c) Order [Dkt. 164].

Counsel may seek clarification from the Court outside of the jury's presence if questions arise during trial.

**SO ORDERED** this 16th day of May, 2023.

_____
**RICHARD W. STORY**
United States District Judge