IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>*v.*<br><br>JAMES G. MALONEY | Criminal Action No.<br><br>1:16-cr-00237-RWS-JSA |

## **MOTION FOR FINAL ORDER OF FORFEITURE**

COMES NOW the United States of America, pursuant to Rule 32.2(c) of the Federal Rules of Criminal Procedure and moves the Court for a final order of forfeiture. In support thereof, the United States shows the following:

Defendant James G. Maloney pleaded guilty to Count One of the Criminal Indictment, pursuant to a written plea agreement, in which he agreed to, among other things, forfeit certain property to the United States. On October 30, 2023, this Court entered the Consent Preliminary Order of Forfeiture, forfeiting the Defendant's interest in the following property to the United States pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c):

I. **REAL PROPERTY**

A. Real Property known as 126 Artie Lane, Rossville, GA 30741, Parcel Tax Identification Number 0125-051, together with all appurtenances thereto, improvements thereon, furnishings and fixtures:

All that tract or parcel of land lying and being in Original Land Lot Number 186 in the 9th District and 4th Section of Walker County, State of Georgia, being known and designated as Lot Number Nine (9) of Rolling Green

Ridge Subdivision, as shown by plat recorded in Plat Book 5, Page 16, in the Office of the Clerk of the Superior Court of Walker County, Georgia.  Parcel Tax ID No.: 0125-051.

B. Real property known as 2271 Johnson Road, Chickamauga, Georgia 30707, together with all appurtenances thereto, improvements thereon, furnishings and fixtures, more particularly described as:

All that tract or parcel of land lying and being in Land Lot 224 in the 9th District and 4th Section of Walker County, Georgia and being more particularly described as follows, to wit:

Begin at the point of intersection of the easterly right-of-way of Johnson Road and the southerly right-or-way of Vettetoe Road and from said point traveling southwesterly along and with the easterly right-of-way of Johnson Road a distance of 190.0 feet to a point, said point being designated as point of beginning; thence north 73 degrees 36 minutes 32 seconds east a distance of 209.96 feet to a point located on the easterly right-of-way of Johnson Road; thence north 21 degrees 58 minutes 00 seconds west along and with the easterly right-of-way of Johnson Road a distance of 125.0 feet to a point, said point being the point of beginning.  Parcel Tax ID No.: 0-163-017A.

C. Real Property known as 640 Mission Ridge Road, Rossville, GA 30741, together with all appurtenances thereto, improvements thereon, furnishings and fixtures:

ALL THAT TRACT OR PARCEL OF LAND lying and being in original Land Lot No. 138 In The 9th District 4th Section of Walker County, Georgia, being more particularly described as follows:

Beginning at a point on the east line of Mission Ridge Road, a distance of 235.71 feet north as measured along the east line of Mission Ridge Road from its intersection with the north line of Meecham Road; Thence north 37 Degrees 03 Minutes 45 Seconds east, along the east line of Mission Ridge Road, a distance of 205.4 Feet to a point; thence south 17 Degrees 19 Minutes

east, a distance of 126.76 feet to a point; thence south 25 Degrees 43 Minutes west, a distance of 111.39 feet to a point; Thence north 63 Degrees 04 Minutes West, a distance of 126.9 Feet to the east line of Mission Ridge Road, the point of beginning.

D. Real Property located in Walker County, Georgia, together with all appurtenances thereto, improvements thereon, furnishings and fixtures, more particularly described as follows:

All that tract or parcel of land lying and being in Original Land Lot Nos. 136 and 137, in the 9th District and 4th Section of Walker County, Georgia, being known and designated as Lot No. 7, WARREN TERRACE SUBDIVISION, as shown on plat of said subdivision of record in Plat Book 5, Page 75, in the Office of the Clerk of the Superior Court of Walker County, Georgia. Being the same property described in Deed Book 1735, Page 480, in the Office of the Clerk of the Superior Court of Walker County, Georgia;

E. Real Property located in Walker County, Georgia, together with all appurtenances thereto, improvements thereon, furnishings and fixtures, more particularly described as follows:

TRACT I: ALL THAT TRACT OR PARCEL of land lying and being in Original Land Lot No. 246, in the 9th District and 4th Section of Walker County, Georgia, and being more particularly described as follows: BEGINNING at a point on the Old Road, which beginning point is 100 feet measured along the Old Road from the Northeast corner of the Mamie Buckland Tract; thence with and along the Old Road in a Northeasterly direction a distance of 100 feet; thence in a Southerly direction a distance of 105 feet to a point; thence in a Westerly direction a distance of 100 feet to the Southeast corner of other property deeded to Romaince Ellison and wife, Carrie Dozier Ellison, and Tony Higgin, as described in Deed Book 319, Page 46, in the Office of the Clerk of the Superior Court of Walker County, Georgia; thence with and along the East line of the aforementioned Ellison and Higgin property, in a Northerly direction, a distance of 105 feet to the

POINT OF BEGINNING. And being a lot of land 100 feet wide by 105 feet deep fronting on the Old Road.

TRACT II: ALL THAT TRACT OR PARCEL of land lying and being in Original Land Lot No. 246, in the 9th District and 4th Section of Walker County, Georgia, and being more particularly described as follows: BEGINNING at a point on the Old Road, which beginning point is the Northeast corner of the Mamie Buckland tract; thence continuing with and along the Old Road as it meanders in a Northeasterly direction a distance of 100 feet to a point; thence in a Southerly direction and running parallel with the East line of the Buckland tract a distance of 105 feet to a point; thence in a Westerly direction a distance of 100 feet to the East line of the Buckland tract; thence with and along the West line of the Buckland tract in a Northerly direction a distance of 105 feet to the POINT OF BEGINNING. And being a lot of land 100 feet wide by 105 feet deep fronting on the Old Road.

Tracts I and II being further described as 0.48 acres in a Survey for David Clark prepared by Max Randal Compton (GRLS No. 2584) dated November 5, 2009 (Job No 9—140) and, according to said survey, being more particularly described as follows: BEGINNING at a point of the Southeastern right of way line of Lail Sawmill Road at a point which is a distance of 179.2 feet Northeast of the intersection of the Southeastern right of way line of Lail Sawmill Road and the Northern right of way line of GA Hwy. No. 341; thence along and with the Southeastern right of way line of Lail Sawmill Road, North 31 degrees 02 minutes 33 seconds East, a distance of 200 feet to a one inch pipe; thence leaving said right of way line, South 63 degrees 13 minutes 52 seconds East, a distance of 105 feet to a point; thence South 31 degrees 02 minutes 33 seconds West, a distance of 200 feet to a point; thence North 63 degrees 13 minutes 52 seconds West, a distance of 105 feet to a point on the Southeastern right of way line of Lail Sawmill Road, the POINT OF BEGINNING. A copy of said survey is attached as Exhibit "A" to that certain Quitclaim Deed Recorded in Deed Book recorded in Deed Book 1644, Page 414, in the Office of the Clerk of the Superior Court of Walker County, Georgia and is hereby incorporated herein by specific reference thereto. BEING the same real estate described in Deed Book 1644,

    Page 414, in the Office of the Clerk of Superior Court of Walker County, Georgia, Parcel Tax Identification Number 0-146 058;

F. Real Property located in Chattanooga, Tennessee, together with all appurtenances thereto, improvements thereon, furnishings and fixtures, more particularly described as follows:

LOCATED IN THE CITY OF CHATTANOOGA, HAMILTON COUNTY, TENNESSEE BEING the South one-half of Lot 28, BLOCK 16, D.F. SHAUF'S ADDITION, fronting 48 feet, more or less, on the West line of St. Elmo Avenue, and running between parallel lines, a distance of 175 feet to the East line of the Shauf Place. BEING the same real estate described Deed Book 3884, Page 579, in the Register's Office of Hamilton County, Tennessee, Parcel Tax Identification Number 167"O"-B-015.

(Doc. 218.)

Once a preliminary order of forfeiture has been entered, the United States is required to publish notice of the preliminary order of forfeiture, and of its intent to dispose of the property, and "may also, to the extent practicable, provide direct written notice to any person known to have alleged an interest in the" subject property "as a substitute for published notice as to those persons so notified." *See* 21 U.S.C. § 853(n)(1) and 28 U.S.C. § 2461(c). Unless excused, anyone, other than a defendant, claiming an interest in the property must file a petition with the Court requesting a hearing to adjudicate that interest. *See* 21 U.S.C. § 853(n)(2) and 28 U.S.C. § 2461(c). Such petition must be filed "within thirty days of the final publication of notice or his receipt of notice…whichever is earlier." *Id.*

Here, the United States published notice of the preliminary order of forfeiture, and of its intent to dispose of the property, on the official government internet site

forfeiture.gov for at least thirty consecutive days beginning on November 1, 2023 and ending on November 30, 2023. (Doc. 221.) The United States did not provide direct written notice to any other person because it was not aware of any other person who has alleged an ownership interest in the property to whom direct written notice may have been provided.

No one has filed a petition in this criminal ancillary proceeding, and the time to do so has expired. Pursuant to 21 U.S.C. § 853(n)(7), once all third-party petitions have been disposed of or if no timely petitions have been filed, "the United States shall have clear title to property that is the subject of the order of forfeiture and may warrant good title to any subsequent purchaser or transferee." Accordingly, the property should be forfeited to the United States pursuant to Fed. R. Crim. P. 32.2(c)(2), 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c).

WHEREFORE, the United States respectfully requests that this Court enter a final order of forfeiture allowing the United States to dispose of the property according to law.

Respectfully submitted,

RYAN K. BUCHANAN
   *United States Attorney*

/s/ KELLY K. CONNORS
   *Assistant United States Attorney*
Georgia Bar No. 504787
600 U.S. Courthouse
75 Ted Turner Drive, S.W.
Atlanta, Georgia 30303
(404) 581-6000
Kelly.Connors@usdoj.gov